NIMA GHARAVI
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Plaintiff, *Pro Se*

FILED
OCT 16 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NIMA GHARAVI, <br><br> Plaintiff, <br><br> vs. <br><br> ANUJ KUMAR, <br><br> Defendant | Case No.: CV 25-8873 TSH <br><br> **COMPLAINT FOR:** <br><br> 1. Misrepresentation Under the Digital Millennium Copyright Act, 17 U.S.C. § 512(f) <br> 2. Declaratory Judgment, 28 U.S.C. § 2201 <br> 3. False Copyright Management Information, 17 U.S.C. § 1202(a) <br> 4. Removal of Copyright Management Information, 17 U.S.C. § 1202(b) <br><br> **JURY TRIAL DEMANDED** |

COMPLAINT
CASE NO.:

Plaintiff Nima Gharavi, appearing *pro se*, brings this Complaint against Defendant Anuj Kumar and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq., and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512 et seq. Plaintiff seeks declaratory relief, statutory damages, actual damages, disgorgement of profits, injunctive relief, and costs pursuant to 17 U.S.C. §§ 512(f), 1202, 1203, and 28 U.S.C. § 2201.

2. Plaintiff is the creator and copyright owner of original audiovisual works depicting women's wrestling matches, which Plaintiff filmed, produced, and published on YouTube. Defendant operates two YouTube channels under the names "Rocky Fun TV" and "Grappling Fight Zone," through which Defendant has systematically copied Plaintiff's copyrighted works, removed Plaintiff's copyright management information, added false copyright management information, and made material misrepresentations under the DMCA. Defendant has monetized these infringing works through Google's AdSense program, earning revenue from advertisements displayed on the stolen content.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the Copyright Act, 17 U.S.C. § 101 et seq.

4. This Court has personal jurisdiction over Defendant pursuant to 17 U.S.C. § 512(k)(2)(A). By submitting a DMCA counter-notification on or about October 9, 2025, Defendant consented to the jurisdiction of this Court. Specifically, Defendant stated in the counter-notification: "I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant."

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), and 17 U.S.C. § 512(k)(2)(A). YouTube LLC, the online service provider through which Defendant uploaded and distributed the infringing works, is located in San Bruno, California, within this District. Additionally, Defendant expressly consented to venue in this District through the DMCA

counter-notification. Moreover, Google LLC, which operates the Google AdSense program through which Defendant has monetized the infringing works and which holds Defendant's ill-gotten proceeds, is headquartered in Mountain View, California, within this District.

## PARTIES

6. Plaintiff Nima Gharavi is an individual residing in Chicago, Illinois. Plaintiff's address for service and correspondence is 4610 North Clark St. #1098, Chicago, Illinois 60640. Plaintiff is the creator, author, and copyright owner of original audiovisual works depicting women's wrestling content.

7. Upon information and belief, Defendant Anuj Kumar is an individual residing at Parshupur Gopal, Mahraunda, Allahabad, Uttar Pradesh, 212507, India. Defendant also operates under the aliases "Anuj Patel," "Anuj AP," "Anuj KP," and "Anuj Motivational Story," as evidenced by the email addresses and communications described in Paragraph 9. Defendant may be served at the following address and contact information provided by Defendant in the DMCA counter-notification: Parshupur Gopal, Mahraunda, Allahabad, Uttar Pradesh, 212507, India; telephone: 8780250666; email: kumaranuj85141@gmail.com.

8. Upon information and belief, Defendant operates and controls two YouTube channels:

   (a) "Rocky Fun TV" (handle: @RockyFunTV), available at https://www.youtube.com/channel/UCgHa1hpZOyp7eHWaWg06Icg, which has approximately 764,000 subscribers; and

   (b) "Grappling Fight Zone" (handle: @GrapplingFightZone), available at https://www.youtube.com/channel/UC6vtpzOg5OCCHt0VuwpcQrg, which has approximately 6,940 subscribers.

9. Upon information and belief, Defendant is the same individual who has communicated with Plaintiff through multiple email addresses, including: ap4619323@gmail.com; kumaranuj85141@gmail.com; apanuj664@gmail.com; anujmotivationalstory@gmail.com; rockycartoontv@gmail.com; and kpanuj34@gmail.com.

10. Upon information and belief, Defendant has monetized both YouTube channels through the YouTube Partner Program and Google AdSense, earning revenue from advertisements

---

2

COMPLAINT
CASE NO.:

displayed on videos, including the Infringing Works defined below.

# FACTUAL ALLEGATIONS

### A. Plaintiff's Original Copyrighted Works

11. Plaintiff is a videographer and producer who creates, films, and produces original audiovisual content featuring women's wrestling matches.

12. Plaintiff has created and published the following six original audiovisual works (collectively, the "Copyrighted Works") on Plaintiff's YouTube channel:

    a. Video 1: https://www.youtube.com/watch?v=Jla2k3T6HlA
    b. Video 2: https://www.youtube.com/watch?v=rhnXfPnmqqE
    c. Video 3: https://www.youtube.com/watch?v=TYalw6DSnts
    d. Video 4: https://www.youtube.com/watch?v=it1I9sy2eLY
    e. Video 5: https://www.youtube.com/watch?v=iOK_ZNzM6_M
    f. Video 6: https://www.youtube.com/watch?v=Gd1s4uisg9w

13. Each of the Copyrighted Works is an original work of authorship fixed in a tangible medium of expression.

14. Plaintiff is the sole author and copyright owner of each of the Copyrighted Works.

15. On August 30, 2025, Plaintiff filed applications with the United States Copyright Office to register the Copyrighted Works. The registrations are currently pending.

16. Each of the Copyrighted Works contains prominent copyright management information in the form of a visible watermark displaying either "© Women.MidwestWrestle.com" or "© MidwestWrestle.com" at the bottom of the video frame throughout the duration of each video.

### B. Defendant's Infringing Conduct

17. Upon information and belief, Defendant has copied, reproduced, and distributed Plaintiff's Copyrighted Works without authorization on Defendant's two YouTube channels.

18. Defendant has uploaded at least seventeen (17) videos and video thumbnails (collectively, the "Infringing Works") that copy and reproduce Plaintiff's Copyrighted Works:

From @GrapplingFightZone Channel (1 video):

    a. https://www.youtube.com/shorts/8Qc1s4RQsjY (infringes Video 1)

**From @RockyFunTV Channel (16 videos):**

    b. https://www.youtube.com/watch?v=4-wQ95IFgTw (infringes Video 2)

    c. https://www.youtube.com/watch?v=Qm3rttZxFPU (thumbnail infringes Video 5)

    d. https://www.youtube.com/watch?v=nkru0BVLPZM (infringes Video 4)

    e. https://www.youtube.com/watch?v=pMNvEliQmlI (infringes Video 3)

    f. https://www.youtube.com/watch?v=cSy1lmeHgEk (infringes Video 5)

    g. https://www.youtube.com/watch?v=bYTqGlyYinA (infringes Video 6)

    h. https://www.youtube.com/shorts/paTvKhpHFNs (infringes Video 2)

    i. https://www.youtube.com/shorts/vVP-knqIhh4 (infringes Video 4)

    j. https://www.youtube.com/shorts/TClT0YnkJB0 (infringes Video 4)

    k. https://www.youtube.com/shorts/atcT8ujBauo (infringes Video 5)

    l. https://www.youtube.com/shorts/nD7emyYZ88I (infringes Video 4)

    m. https://www.youtube.com/shorts/ZJKO6FZZ2LU (infringes Video 4)

    n. https://www.youtube.com/shorts/pbHzMMbbhjE (infringes Video 4)

    o. https://www.youtube.com/shorts/YeRoZ8mhL38 (infringes Video 1)

    p. https://www.youtube.com/shorts/SPkajrPT7hc (infringes Video 6)

    q. https://www.youtube.com/shorts/TZJ2dTev3hI (infringes Video 3)

19. Upon information and belief, Defendant operates both the @RockyFunTV and @GrapplingFightZone channels because: (a) the nature and pattern of infringement is virtually identical across both channels; (b) both channels infringe the same Copyrighted Works; (c) Defendant has sent communications to Plaintiff from email addresses associated with both channels; and (d) the DMCA counter-notification identifies Defendant as the operator of the @RockyFunTV channel.

**C. Removal of Copyright Management Information**

20. In each of the seventeen (17) Infringing Works identified in Paragraph 18, Defendant intentionally removed Plaintiff's copyright management information.

21. Specifically, Defendant cropped out the visible watermark (either "© Women.MidwestWrestle.com" or "© MidwestWrestle.com") that appeared at the bottom of

each of Plaintiff's Copyrighted Works.

22. This copyright management information: (a) identifies Plaintiff as the copyright owner; (b) identifies the work itself through the domain name associated with Plaintiff's business; and (c) is conveyed in connection with copies and phonorecords of the Copyrighted Works or performances or displays thereof, as defined in 17 U.S.C. § 1202(c).

23. Defendant removed this copyright management information with actual knowledge that it would induce, enable, facilitate, or conceal infringement of Plaintiff's copyrights.

24. Upon information and belief, Defendant removed the copyright management information willfully and for purposes of commercial advantage or private financial gain, as evidenced by: (a) Defendant's operation of YouTube channels with 764,000 and 6,940 subscribers, respectively; (b) the systematic nature of Defendant's infringement across seventeen separate works; (c) Defendant's monetization of the infringing videos through YouTube's Partner Program and Google AdSense; and (d) Defendant's receipt of advertising revenue from the display of advertisements on the Infringing Works.

**D. False Copyright Management Information**

25. In three (3) of the Infringing Works from the @RockyFunTV channel, Defendant added false copyright management information.

26. Specifically, Defendant added a "Rocky!" logo to the upper right corner of the following videos:
    a. https://www.youtube.com/watch?v=4-wQ95IFgTw
    b. https://www.youtube.com/watch?v=pMNvEliQmlI
    c. https://www.youtube.com/watch?v=cSy1lmeHgEk

27. This "Rocky!" logo constitutes false copyright management information because it falsely suggests that Defendant or an entity associated with "Rocky" is the copyright owner or has rights in the work.

28. Defendant knowingly provided and distributed this false copyright management information with the intent to induce, enable, facilitate, or conceal infringement.

29. Upon information and belief, Defendant provided this false copyright management information

willfully and for purposes of commercial advantage or private financial gain for the reasons stated in Paragraph 24.

**E. Defendant's Monetization Through Google AdSense**

30. Upon information and belief, Defendant has enrolled both the @RockyFunTV and @GrapplingFightZone YouTube channels in the YouTube Partner Program.

31. Through the YouTube Partner Program, Defendant has linked the channels to one or more Google AdSense accounts.

32. Google AdSense is an advertising program operated by Google LLC that allows content creators to earn revenue by displaying advertisements on their content.

33. When users view the Infringing Works, advertisements are displayed before, during, or alongside the videos.

34. Upon information and belief, Defendant earns revenue each time an advertisement is displayed or clicked by a viewer watching the Infringing Works.

35. Upon information and belief, Google holds these advertising revenues in Defendant's AdSense account(s) and periodically disburses payments to Defendant.

36. The @RockyFunTV channel, with approximately 764,000 subscribers, has generated substantial views and advertising revenue. Upon information and belief, a channel of this size typically generates thousands to tens of thousands of dollars per month in AdSense revenue, depending on viewership and engagement metrics.

37. Upon information and belief, Defendant's Infringing Works have collectively generated thousands of views, resulting in substantial advertising revenue paid by Google to Defendant through the AdSense program.

38. The advertising revenues earned from the Infringing Works constitute ill-gotten proceeds directly traceable to Defendant's violations of 17 U.S.C. §§ 1202(a) and (b).

39. Upon information and belief, Google LLC holds and controls Defendant's AdSense account(s) and the funds contained therein at Google's headquarters in Mountain View, California, within this District.

40. Upon information and belief, the AdSense account(s) associated with Defendant's YouTube

channels are registered to Defendant using one or more of the email addresses identified in Paragraph 9, including kumaranuj85141@gmail.com.

**F. Plaintiff's DMCA Takedown Notices**

41. On October 3, 2025, Plaintiff submitted a DMCA takedown notice to YouTube regarding the infringing video at https://www.youtube.com/shorts/8Qc1s4RQsjY on the @GrapplingFightZone channel.

42. Between October 3, 2025 and October 4, 2025, Plaintiff submitted sixteen (16) DMCA takedown notices to YouTube regarding the infringing videos on the @RockyFunTV channel identified in Paragraph 18(b)-(q).

43. Each DMCA takedown notice was submitted in good faith and contained all information required under 17 U.S.C. § 512(c)(3).

44. Following Plaintiff's DMCA takedown notices, Defendant sent Plaintiff seventeen (17) emails from the various email addresses identified in Paragraph 9. The emails were substantially similar in content and disputed Plaintiff's claims.

**G. Defendant's DMCA Counter-Notification and Misrepresentation**

45. On or about October 9, 2025, YouTube notified Plaintiff that it had received a DMCA counter-notification from Defendant regarding the video at https://www.youtube.com/shorts/atcT8ujBauo.

46. In the counter-notification, Defendant represented, under penalty of perjury, that Defendant has "a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled."

47. In the counter-notification, Defendant stated: "The video is my original edited content, created by me for educational, analytical, and entertainment purposes under the principles of Fair Use. The grappling and wrestling clips used were only to explain, review, and entertain the audience. I have not copied or re-uploaded anyone's full copyrighted material, nor was it my intention to violate any copyright."

48. Defendant's representations in the counter-notification are false and constitute material misrepresentations under 17 U.S.C. § 512(f).

49. The video at https://www.youtube.com/shorts/atcT8ujBauo is not protected by fair use under 17 U.S.C. § 107.

50. Defendant's use of Plaintiff's copyrighted work fails each factor of the fair use analysis:

   a. **Purpose and character of use**: Defendant's use is purely commercial and exploitative, not transformative. Defendant removed Plaintiff's copyright management information and republished the work on a monetized YouTube channel for commercial gain through AdSense advertising revenue. Defendant added no meaningful commentary, criticism, or new expression.

   b. **Nature of the copyrighted work**: Plaintiff's work is highly creative, original audiovisual content.

   c. **Amount and substantiality**: Defendant copied a substantial portion of Plaintiff's work.

   d. **Effect on the market**: Defendant's unauthorized copying directly competes with and substitutes for Plaintiff's original work, usurping Plaintiff's market for the work and harming the potential market value.

51. Defendant knowingly made material misrepresentations in the counter-notification that the material was removed by mistake and that the use qualified as fair use.

52. As a result of Defendant's misrepresentation under 17 U.S.C. § 512(f), Plaintiff has been injured and is entitled to damages, including costs and attorneys' fees. Specifically, Plaintiff has been forced to incur the time and expense of bringing this lawsuit to prevent reinstatement of the infringing video to YouTube.

53. YouTube has informed Plaintiff that unless Plaintiff provides evidence of legal action against Defendant within ten (10) business days (by October 24, 2025), the video at https://www.youtube.com/shorts/atcT8ujBauo may be reinstated to YouTube.

**H. Defendant's Actions Were Willful and for Commercial Gain**

54. Defendant's violations were committed willfully and knowingly.

55. Defendant's violations were committed for purposes of commercial advantage or private financial gain, as evidenced by:

   a. Defendant operates YouTube channels with a combined total of over 770,000 subscribers;

   b. Defendant monetizes these channels through YouTube's Partner Program and Google

AdSense, generating revenue from advertisements displayed on the infringing videos;

c. Defendant systematically copied and distributed seventeen (17) of Plaintiff's copyrighted works across two channels;

d. Defendant deliberately removed Plaintiff's copyright management information from all seventeen works to conceal the infringement and pass off the works as Defendant's own;

e. Defendant added false copyright management information to three works to falsely claim ownership and reinforce the deception;

f. Defendant made false representations under penalty of perjury in a DMCA counter-notification to continue profiting from the infringing content; and

g. Defendant has earned substantial advertising revenue from Google AdSense based on views of the Infringing Works.

**I. Risk of Dissipation of Proceeds**

56. Defendant resides in India, outside the territorial jurisdiction of the United States.

57. Upon information and belief, Defendant's only assets within the United States consist of funds held in Defendant's Google AdSense account(s) located in California.

58. Upon information and belief, Google periodically disburses AdSense earnings to account holders, typically on a monthly basis once a minimum payment threshold is reached.

59. There is a substantial risk that Defendant will withdraw or dissipate the AdSense proceeds before Plaintiff can obtain a final judgment and enforce collection.

60. Once disbursed to Defendant in India, the proceeds would be beyond the practical reach of this Court's enforcement mechanisms.

61. The AdSense proceeds constitute the primary, if not sole, means by which Plaintiff can satisfy any judgment obtained against Defendant.

# COUNT I

## Misrepresentation Under the DMCA

### 17 U.S.C. § 512(f)

62. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 61 as if fully set forth herein.

63. Under 17 U.S.C. § 512(f), any person who knowingly materially misrepresents under Section 512(c)(3) that material or activity was removed or disabled by mistake or misidentification shall be liable for damages, including costs and attorneys' fees, incurred by the copyright owner who was injured by such misrepresentation.

64. On or about October 9, 2025, Defendant submitted a DMCA counter-notification under 17 U.S.C. § 512(g) regarding the video at https://www.youtube.com/shorts/atcT8ujBauo.

65. In the counter-notification, Defendant represented under penalty of perjury that Defendant has "a good faith belief the material was removed due to a mistake or misidentification."

66. Defendant further represented that the video was "original edited content" protected by fair use and that Defendant had "not copied or re-uploaded anyone's full copyrighted material."

67. These representations are knowingly and materially false.

68. The video at https://www.youtube.com/shorts/atcT8ujBauo was not removed by mistake or misidentification. It was properly removed because it copied and reproduced Plaintiff's copyrighted work at https://www.youtube.com/watch?v=iOK_ZNzM6_M without authorization.

69. The video is not protected by fair use under 17 U.S.C. § 107 for the reasons stated in Paragraph 50.

70. Defendant knowingly made these material misrepresentations for the purpose of having the infringing content reinstated to YouTube and continuing to profit from the infringement through AdSense advertising revenue.

71. As a direct and proximate result of Defendant's misrepresentation, Plaintiff has been injured. Specifically, Plaintiff has been forced to file this lawsuit to prevent reinstatement of the infringing video and has incurred costs and expenses in doing so.

72. Plaintiff is entitled to recover damages, including costs and any attorneys' fees that may be applicable, pursuant to 17 U.S.C. § 512(f).

## COUNT II

### Declaratory Judgment

### 28 U.S.C. § 2201

73. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 72 as if fully set forth herein.

74. An actual controversy exists between Plaintiff and Defendant regarding whether Defendant's use of Plaintiff's copyrighted work at https://www.youtube.com/watch?v=iOK_ZNzM6_M in Defendant's video at https://www.youtube.com/shorts/atcT8ujBauo constitutes fair use under 17 U.S.C. § 107.

75. Defendant has asserted in the DMCA counter-notification that the video is protected by fair use.

76. Plaintiff disputes this assertion.

77. The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. YouTube has informed Plaintiff that unless Plaintiff provides evidence of legal action, the disputed video may be reinstated to YouTube by October 24, 2025.

78. Plaintiff seeks a declaration from this Court that Defendant's use of Plaintiff's copyrighted work in the video at https://www.youtube.com/shorts/atcT8ujBauo does not constitute fair use under 17 U.S.C. § 107.

79. Plaintiff is entitled to declaratory relief pursuant to 28 U.S.C. § 2201.

## COUNT III

### False Copyright Management Information

### 17 U.S.C. § 1202(a)

80. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 79 as if fully set forth herein.

81. Under 17 U.S.C. § 1202(a), no person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement provide copyright management information that is false.

82. In the following three videos, Defendant knowingly provided false copyright management information by adding a "Rocky!" logo:

    a. https://www.youtube.com/watch?v=4-wQ95IFgTw
    b. https://www.youtube.com/watch?v=pMNvEliQmlI
    c. https://www.youtube.com/watch?v=cSy1lmeHgEk

83. The "Rocky!" logo constitutes copyright management information because it conveys or appears

to convey information about the copyright owner and the terms and conditions of use.

84. The "Rocky!" logo is false because it falsely suggests that Defendant or an entity associated with "Rocky" is the copyright owner or has rights in these works, when in fact Plaintiff is the sole copyright owner.

85. Defendant knowingly provided this false copyright management information.

86. Defendant provided this false copyright management information with the intent to induce, enable, facilitate, or conceal infringement of Plaintiff's copyrights.

87. Defendant's conduct violated 17 U.S.C. § 1202(a).

88. Defendant committed these violations willfully and for purposes of commercial advantage or private financial gain.

89. As a result of Defendant's violations, Plaintiff has suffered injury.

90. The advertising revenues earned by Defendant from the three videos containing false copyright management information constitute Defendant's profits directly attributable to these violations.

91. Pursuant to 17 U.S.C. § 1203(c)(3)(B), Plaintiff is entitled to recover statutory damages of not less than $5,000 nor more than $25,000 per violation, for a total of three violations.

92. Plaintiff is also entitled to recover actual damages and Defendant's profits pursuant to 17 U.S.C. § 1203(c)(2), including all advertising revenues earned from Google AdSense attributable to these three videos, costs of suit, and such other relief as the Court deems just.

## COUNT IV

### Removal of Copyright Management Information

### 17 U.S.C. § 1202(b)

93. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 92 as if fully set forth herein.

94. Under 17 U.S.C. § 1202(b), no person shall, without the authority of the copyright owner or the law, intentionally remove or alter any copyright management information, or distribute copies of works knowing that copyright management information has been removed or altered without authority.

95. In each of the seventeen (17) Infringing Works identified in Paragraph 18, Defendant

intentionally removed Plaintiff's copyright management information.

96. Specifically, Defendant cropped out the visible watermark (either "© Women.MidwestWrestle.com" or "© MidwestWrestle.com") that appeared at the bottom of Plaintiff's Copyrighted Works.

97. This watermark constitutes copyright management information under 17 U.S.C. § 1202(c) because it identifies Plaintiff as the copyright owner, identifies the work itself through the domain name associated with Plaintiff's business, and is conveyed in connection with copies of the works.

98. Defendant intentionally removed this copyright management information without the authority of Plaintiff.

99. Defendant knew or had reasonable grounds to know that the removal of this copyright management information would induce, enable, facilitate, or conceal infringement of Plaintiff's copyrights.

100. After removing the copyright management information, Defendant distributed the works by uploading them to YouTube and making them available to the public.

101. Defendant knew that the copyright management information had been removed without authority.

102. Defendant knew or had reasonable grounds to know that the distribution would induce, enable, facilitate, or conceal infringement.

103. Defendant's conduct violated 17 U.S.C. § 1202(b).

104. Defendant committed these violations willfully and for purposes of commercial advantage or private financial gain.

105. As a result of Defendant's violations, Plaintiff has suffered injury.

106. The advertising revenues earned by Defendant from all seventeen Infringing Works constitute Defendant's profits directly attributable to these violations.

107. Pursuant to 17 U.S.C. § 1203(c)(3)(B), Plaintiff is entitled to recover statutory damages of not less than $5,000 nor more than $25,000 per violation, for a total of seventeen violations.

108. Plaintiff is also entitled to recover actual damages and Defendant's profits pursuant to

17 U.S.C. § 1203(c)(2), including all advertising revenues earned from Google AdSense attributable to all seventeen Infringing Works, costs of suit, and such other relief as the Court deems just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

### As to Count I (Misrepresentation Under the DMCA):

1. A judgment that Defendant violated 17 U.S.C. § 512(f) by knowingly making material misrepresentations in the DMCA counter-notification;

2. An award of damages, including costs incurred by Plaintiff as a result of Defendant's misrepresentation;

### As to Count II (Declaratory Judgment):

3. A declaration that Defendant's use of Plaintiff's copyrighted work at https://www.youtube.com/watch?v=iOK_ZNzM6_M in the video at https://www.youtube.com/shorts/atcT8ujBauo does not constitute fair use under 17 U.S.C. § 107;

### As to Count III (False Copyright Management Information):

4. A judgment that Defendant violated 17 U.S.C. § 1202(a) by knowingly providing false copyright management information in three works;

5. An award of statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) of not less than $5,000 nor more than $25,000 per violation, for a total of three violations;

6. An award of actual damages and Defendant's profits pursuant to 17 U.S.C. § 1203(c)(2), including disgorgement of all advertising revenues earned through Google AdSense attributable to the three videos containing false copyright management information;

### As to Count IV (Removal of Copyright Management Information):

7. A judgment that Defendant violated 17 U.S.C. § 1202(b) by intentionally removing and distributing works with copyright management information removed in seventeen works;

8. An award of statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) of not less than $5,000

nor more than $25,000 per violation, for a total of seventeen violations;

9. An award of actual damages and Defendant's profits pursuant to 17 U.S.C. § 1203(c)(2), including disgorgement of all advertising revenues earned through Google AdSense attributable to all seventeen Infringing Works;

**General Relief:**

10. A preliminary and permanent injunction enjoining Defendant, Defendant's agents, servants, employees, and all persons acting in concert or participation with Defendant, from: a. Copying, reproducing, distributing, publicly displaying, or publicly performing Plaintiff's Copyrighted Works; b. Removing or altering copyright management information from Plaintiff's works; c. Providing false copyright management information; d. Making any use of Plaintiff's Copyrighted Works; e. Withdrawing, transferring, or dissipating any funds held in any Google AdSense account(s) associated with the YouTube channels @RockyFunTV and @GrapplingFightZone;

11. An order requiring Defendant to remove all Infringing Works from YouTube and any other platforms on which they appear;

12. An order requiring Google LLC to freeze and preserve all funds in any Google AdSense account(s) associated with Defendant's YouTube channels @RockyFunTV and @GrapplingFightZone, and to provide an accounting of all advertising revenues earned from the Infringing Works;

13. An order directing Google LLC to turn over to Plaintiff all advertising revenues held in Defendant's AdSense account(s) that are attributable to the Infringing Works, or in the alternative, all funds in said account(s) up to the amount of any judgment entered in favor of Plaintiff;

14. An award of costs of suit pursuant to 17 U.S.C. § 1203(b)(2);

15. Pre-judgment and post-judgment interest as permitted by law;

16. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 15, 2025

Respectfully submitted,

*[signature]*

Nima Gharavi

Plaintiff, *Pro Se*