NIMA GHARAVI
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Plaintiff, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NIMA GHARAVI,<br><br>     Plaintiff,<br><br>vs.<br><br>ANUJ KUMAR,<br><br>     Defendant | Case No.: 3:25-cv-08873-TSH<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE, ORDER RESTRAINING TRANSFER OF ASSETS, AND ORDER PERMITTING ALTERNATIVE SERVICE**<br><br>Judge: Hon. Thomas S. Hixson<br>Date:<br>Time: 10:00 a.m.<br>Courtroom: Courtroom E – 15th Floor |

PLAINTIFF'S APPLICATION FOR TRO, OSC FOR PRELIM. INJ., ASSET RESTRAINT AND ALT. SERVICE
CASE NO.: 3:25-cv-08873-TSH

1    Plaintiff Nima Gharavi ("Mr. Gharavi"), appearing *pro se*,[1] seeks four forms of immediate relief to protect his copyrights and prevent a foreign infringer from continuing to dissipate the only recoverable assets beyond the Court's reach. Defendant Anuj Kumar ("Defendant"), operating from India, systematically removed Mr. Gharavi's copyright watermarks from 16 videos and one thumbnail, monetized the stolen content through Google AdSense, and filed false DMCA counter-notifications under penalty of perjury. Even after being notified of this lawsuit, Defendant filed two additional false counter-notifications on October 25, 2025—demonstrating that he is undeterred by legal action and will escalate his unlawful conduct unless immediately enjoined.

2    Mr. Gharavi is an independent content creator who produces and owns the copyrights to wrestling videos. Defendant operates two YouTube channels—@RockyFunTV (764,000 subscribers) and @GrapplingFightZone (6,940 subscribers)—from which he generates advertising revenue. Defendant downloaded Mr. Gharavi's copyrighted videos, removed the visible watermarks identifying Mr. Gharavi as the copyright owner, and in three instances added a false "Rocky!" logo to claim ownership. Defendant then uploaded these altered works to his channels and monetized them through Google AdSense.

3    The AdSense funds generated from Defendant's systematic copyright violations represent the only U.S.-based assets available to satisfy any judgment. Defendant resides in India, a country with no reciprocal treaty for judgment enforcement. Once Defendant withdraws these funds and transfers them to India, Mr. Gharavi will have no meaningful remedy despite the strength of his claims. Without immediate asset restraint and injunctive relief, Defendant will dissipate these proceeds and continue filing false counter-notifications before the Court can adjudicate the merits.

4    As described in the Memorandum of Points and Authorities filed herewith, Defendant's conduct violates 17 U.S.C. § 1202(b) (removal of copyright management information), 17 U.S.C. § 1202(a) (providing false copyright management information), and 17 U.S.C. § 512(f) (false DMCA

---

[1] As a self-represented litigant, Mr. Gharavi respectfully requests that the Court construe his filings liberally and to afford him the benefit of any doubt, while understanding that he remains bound by the same substantive and procedural standards as any represented party. *See, e.g., Stebbins v. Alphabet Inc.*, 2025 WL 2233208, at *3 (N.D. Cal. July 2, 2025) (noting that where a plaintiff proceeds without counsel, the court has an obligation to liberally construe the pleadings); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) (*pro se* litigants are bound by the same rules of procedure as other litigants).

representations). Mr. Gharavi filed 17 DMCA takedown notices between October 3-6, 2025. Defendant responded by sending 19 dispute emails from six different email addresses between October 5-8, 2025. On October 9, 2025, Defendant filed a false counter-notification claiming fair use and agreeing to accept service of process. After Mr. Gharavi filed this lawsuit on October 16, 2025, and attempted service via email on October 19 and 26, 2025, Defendant escalated his misconduct by filing two more false counter-notifications on October 25, 2025. YouTube rejected both because Defendant used email addresses that did not match the email addresses of the accounts in question—further evidencing his pattern of deception.

Google processes AdSense disbursements on a monthly schedule between the 21st and 26th of each month when the account balance exceeds the payment threshold and the account holder has not voluntarily implemented a payment hold. Google's recurring monthly disbursement window occurs between the 21st and 26th of each month, with the present window running through November 26, 2025, and subsequent windows recurring monthly on the same schedule thereafter. Each disbursement that occurs before the Court acts will permanently transfer additional funds beyond recovery. The recurring monthly nature of these disbursements makes immediate relief essential to prevent further dissipation and preserve any meaningful remedy.

Through this Application, Mr. Gharavi requests that the Court provide the immediate relief necessary to halt Defendant's ongoing infringement, preserve the status quo, and prevent Defendant from further dissipating the only recoverable assets. Specifically, Mr. Gharavi seeks the following relief:

**1. A Temporary Restraining Order** – Mr. Gharavi seeks a limited Order temporarily restraining Defendant Anuj Kumar, his agents, officers, directors, employees, confederates, attorneys, and all persons in active concert or participation with Defendant from:

1. Directly or indirectly submitting additional DMCA counter-notifications to YouTube or any other service provider claiming that Mr. Gharavi's DMCA takedown notices are based on mistake or misidentification, or taking any other action to cause the restoration of videos that have been removed pursuant to Mr. Gharavi's DMCA takedown notices;

2. Removing, altering, or falsifying copyright management information, including Mr. Gharavi's watermarks (which appear as either "© Women.MidwestWrestle.com" or "©

MidwestWrestle.com" depending on the video), from any of Mr. Gharavi's copyrighted works, in violation of 17 U.S.C. § 1202(b);

3. Providing or distributing false copyright management information, including adding the "Rocky!" logo or any other false attribution to any videos containing Mr. Gharavi's copyrighted works, in violation of 17 U.S.C. § 1202(a);

4. Monetizing, or causing to be monetized, any of Mr. Gharavi's copyrighted works on YouTube or any other platform;

5. Transferring ownership or control of the YouTube channels @RockyFunTV or @GrapplingFightZone during the pendency of this action, or until further order of the Court;

6. Uploading, copying, displaying, distributing, or creating derivative works of Mr. Gharavi's copyrighted works on any platform; and

7. Withdrawing, transferring, or dissipating any funds in Defendant's Google AdSense account(s) associated with the YouTube channels @RockyFunTV and @GrapplingFightZone during the pendency of this action, or until further order of the Court.

Mr. Gharavi further requests that the Court order Defendant to preserve copies of all computer files relating to the YouTube channels @RockyFunTV and @GrapplingFightZone, and to take all steps necessary to retrieve computer files relating to these channels that may have been deleted before the entry of this Order.

**2. An Order to Show Cause why a Preliminary Injunction Should Not Issue** – Mr. Gharavi seeks an Order requiring Defendant to show cause, in writing and on or before a date set by the Court, why a preliminary injunction should not issue with the same terms as the temporary restraining order described above.

**3. An Order Restraining Transfer of Assets** – Mr. Gharavi seeks an Order restraining transfer of Defendant's assets, specifically funds paid to or due in the future to Defendant for YouTube advertising revenue within the control of Google LLC. Mr. Gharavi requests that Google LLC, upon receipt of this Order, secure the AdSense account(s) associated with the YouTube channels @RockyFunTV and @GrapplingFightZone, and thereby prevent the disbursement, transfer, or withdrawal of any funds currently in or subsequently deposited to those AdSense accounts, pending further order of the Court.

**4. An Order Permitting Alternative Service** – Mr. Gharavi seeks an Order authorizing service of process upon Defendant, a resident of India, by email to the six email addresses Defendant has actively used in connection with his DMCA counter-notifications and communications regarding this litigation:

1. ap4619323@gmail.com
2. kumaranuj85141@gmail.com
3. apanuj664@gmail.com
4. anujmotivationalstory@gmail.com
5. rockycartoontv@gmail.com
6. kpanuj34@gmail.com

The specific order sought by Mr. Gharavi is set forth in Mr. Gharavi's [Proposed] Order Granting Ex Parte Application for Entry of Temporary Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not Issue, Order Restraining Transfer of Assets, and Order Permitting Alternative Service, submitted herewith.

Pursuant to Federal Rule of Civil Procedure 65(b)(1) and Civil Local Rule 65-1(a)(5), Mr. Gharavi certifies that he provided notice to Defendant to the extent practicable by emailing complete copies of this lawsuit on October 19 and October 26, 2025. Mr. Gharavi has not provided advance notice of this specific *ex parte* Application because immediate and irreparable injury will result before Defendant can be heard in opposition.

Mr. Gharavi supports this Application with the accompanying Memorandum of Points and Authorities, the Declaration of Nima Gharavi filed herewith, and on such other evidence and arguments as the Court may consider.

Dated: November 22, 2025

Respectfully submitted,

/s/ Nima Gharavi
Nima Gharavi

Plaintiff, *pro se*