NIMA GHARAVI
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Plaintiff, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NIMA GHARAVI,<br><br>  Plaintiff,<br><br>vs.<br><br>ANUJ KUMAR,<br><br>  Defendant | Case No.: 3:25-cv-08873-TSH<br><br>**DECLARATION OF NIMA GHARAVI IN SUPPORT OF EX PARTE APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE, ORDER RESTRAINING TRANSFER OF ASSETS, AND ORDER PERMITTING ALTERNATIVE SERVICE**<br><br>Judge: Hon. Thomas S. Hixson<br>Date:<br>Time: 10:00 a.m.<br>Courtroom: Courtroom E – 15th Floor |

I, Nima Gharavi, declare as follows:

**I. PERSONAL KNOWLEDGE AND INTRODUCTION**

1. I am the Plaintiff in this action and submit this declaration in support of my Ex Parte Application for Entry of Temporary Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not Issue, Order Restraining Transfer of Assets, and Order Permitting Alternative Service. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would testify competently to them.

2. I am a content creator who produces original audiovisual works. I upload my copyrighted works to YouTube and rely on the integrity of the copyright system to protect my creative output and earn income from my work.

**II. MY COPYRIGHTED WORKS**

3. I create original audiovisual content featuring wrestling matches. I uploaded the six copyrighted videos at issue in this case to my YouTube channel, each containing substantial original creative content that I authored, filmed, and produced.

4. Each of my six copyrighted videos contains a visible watermark displaying either "© Women.MidwestWrestle.com" or "© MidwestWrestle.com" (depending on the specific video) at the bottom of the video frame throughout the entire video. This watermark appears prominently on every frame, making it impossible for any viewer to watch the content without seeing my copyright notice and ownership information. This watermark identifies me as the copyright owner and includes my copyright notice. True and correct screenshots showing this watermark are attached as Exhibit 1.

5. On August 30, 2025, I filed copyright registration applications for all six videos with the U.S. Copyright Office. These registrations are currently pending.

## III. DEFENDANT'S CHANNELS AND SYSTEMATIC INFRINGEMENT

6. Defendant Anuj Kumar identified himself as the operator of the YouTube channel @RockyFunTV in his DMCA counter-notification filed on October 9, 2025. That channel had approximately 764,000 subscribers at the time. Based on this identification in the counter-notification, I know that Defendant operates @RockyFunTV. I also know that Defendant operates the YouTube channel @GrapplingFightZone, which had approximately 6,940 subscribers as of the same date (October 9, 2025). I base this knowledge on the following specific facts: (1) @GrapplingFightZone uploaded a video containing my content with my watermark removed in the same manner as the videos on @RockyFunTV; (2) on October 5, 2025, I received an email from ap4619323@gmail.com disputing my takedown of the @GrapplingFightZone video, and this email used substantially similar language and formatting to emails I received from Defendant regarding @RockyFunTV videos; and (3) most significantly, I received emails from kpanuj34@gmail.com where the sender identified himself as the operator of @RockyFunTV (October 6, 2025, Email 16 in Exhibit 3), and two subsequent emails from the same kpanuj34@gmail.com address where the sender identified himself as the operator of @GrapplingFightZone (October 6, 2025, Emails 17-18 in Exhibit 3). The use of the same email address to represent both channels establishes that the same person operates both channels.

7. Based on Defendant's DMCA counter-notification filed on October 9, 2025, I have direct, personal knowledge that Defendant operates the YouTube channel @RockyFunTV, to which 15 videos that reproduce my content were uploaded, with my watermark removed. Based on the facts stated in Paragraph 6—particularly Defendant's use of the same email address (kpanuj34@gmail.com) to represent both @RockyFunTV and @GrapplingFightZone—I know

that Defendant also uploaded the video https://www.youtube.com/shorts/8Qc1s4RQsjY to @GrapplingFightZone. This video contains my content with my watermark removed in the same manner as the videos on @RockyFunTV: cropping the video to exclude my watermark, covering my watermark with the same text overlays used by @RockyFunTV, and/or reducing the video dimensions to obscure my watermark. Side-by-side comparison screenshots showing the removal are included in Exhibit 1.

8. In three of the videos uploaded to @RockyFunTV, Defendant not only removed my watermark but also added a "Rocky!" logo. I have direct, personal knowledge that Defendant is responsible for this conduct on @RockyFunTV because Defendant identified himself as the operator of @RockyFunTV in his counter-notification. Screenshots showing this logo are included in Exhibit 1.

9. One additional infringing work consists of a thumbnail image for a video on @RockyFunTV, where Defendant again removed my watermark. I have direct, personal knowledge that Defendant is responsible for this conduct on @RockyFunTV because Defendant identified himself as the operator of @RockyFunTV in his counter-notification. A screenshot of this thumbnail infringement is included in Exhibit 1.

10. I believe that Defendant has monetized the videos uploaded to @RockyFunTV through YouTube's AdSense program. I base this belief on the following facts: (1) Defendant's @RockyFunTV channel has approximately 764,000 subscribers; (2) based on my experience as a content creator, YouTube channels with subscriber counts above 1,000 (with 4,000 valid public watch hours in the prior 12 months or with 10 million valid public Shorts views in the prior 90 days) are generally eligible for and typically participate in the YouTube Partner Program and AdSense; and (3) YouTube's policies indicate that channels meeting certain

criteria can monetize content through advertising revenue. Similarly, I believe that Defendant's @GrapplingFightZone channel may be monetized through AdSense, as it has approximately 6,940 subscribers—well above the 1,000-subscriber threshold for YouTube Partner Program eligibility. Additionally, both channels may be linked to the same AdSense account(s), which is permitted under YouTube's policies for channels operated by the same individual.

## IV. THE DMCA TAKEDOWN PROCESS

11. Between October 3-6, 2025, I submitted 17 DMCA takedown notices to YouTube pursuant to 17 U.S.C. § 512(c), identifying each of the 17 infringing works and requesting their removal. YouTube acknowledged receipt of all 17 DMCA takedown notices. YouTube temporarily removed 16 of the videos. YouTube declined to remove the 17th work, which concerned the thumbnail image, stating: "Request declined. We've reviewed this matter and found that the copyrighted work you identified doesn't seem to appear in the video(s) listed below." True and correct copies of my DMCA takedown notices and YouTube's response emails are attached as Exhibit 2.

12. Between October 5-8, 2025, I received 19 emails disputing my DMCA takedowns from six different email addresses. Based on Defendant's identification as the @RockyFunTV operator in his counter-notification, I attributed 16 of these emails to Defendant. The three additional emails used substantially similar language and formatting, and one of them came from kpanuj34@gmail.com—the same email address Defendant used to represent both the @RockyFunTV and @GrapplingFightZone channels (as described in Paragraph 6). Based on this overlap and the similar content, I concluded that all 19 emails came from Defendant. The emails came from these six addresses:

    a.  kumaranuj85141@gmail.com (from @RockyFunTV operator)

     b. apanuj664@gmail.com (from @RockyFunTV operator)

     c. anujmotivationalstory@gmail.com (from @RockyFunTV operator)

     d. rockycartoontv@gmail.com (from @RockyFunTV operator)

     e. ap4619323@gmail.com (from @GrapplingFightZone operator)

     f. kpanuj34@gmail.com (Email 16 from @RockyFunTV operator, Emails 17-18 from @GrapplingFightZone operator)

13. True and correct copies of all 19 emails are attached as Exhibit 3, demonstrating Defendant's active use of all six email addresses for communications about this dispute. The volume—19 messages from six addresses in four days—shows Defendant monitors these accounts closely. In ten emails, Defendant placed the entire message in the subject line, causing truncation in PDF format. For these ten, Exhibit 3 includes the complete extracted subject lines and authenticating email headers.

**V. DEFENDANT'S COUNTER-NOTIFICATION**

14. On October 9, 2025, Defendant filed a DMCA counter-notification with YouTube disputing my takedown of one video: http://www.youtube.com/watch?v=atcT8ujBauo. A true and correct copy of the counter-notification is attached as Exhibit 4.

15. The counter-notification contains the following statement: "I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled."

16. The video Defendant referenced in his counter-notification reproduces my original copyrighted work but has been modified in the following ways: the visible watermark reading '© Women.MidwestWrestle.com' that appears on every frame of my original video has been removed, the video has been re-cropped to exclude the watermark location, and the video dimensions have been reduced. A side-by-side comparison of my original video and

Defendant's modified version is shown in Exhibit 1 at ECF pages 41-44. The video I identified in my DMCA takedown notice is the same video shown in Exhibit 1 as Defendant's version—it contains my creative content but has been subjected to these modifications to obscure my watermark.

17. The counter-notification forced me to file this lawsuit to prevent YouTube from restoring the infringing video under the DMCA's mandatory restoration timeline.

18. In the counter-notification, Defendant also stated: "I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant." Exhibit 4.

19. The counter-notification lists Defendant's address as: Parsupur Gopal Mahraunda Soraon Up Prayagraj 187 Prayagraj (Allahabad), Uttar Pradesh 212507 India. Exhibit 4.

## VI. MY ATTEMPTS TO SERVE DEFENDANT AND FILE THIS LAWSUIT

20. After receiving Defendant's counter-notification, I filed this lawsuit on October 16, 2025.

21. On October 19, 2025, I sent a comprehensive service package by email to all six email addresses that Defendant had actively used to communicate with me about this dispute. The package included the summons, the filed complaint, a request for waiver of service under Federal Rule of Civil Procedure 4(d), the Court's Local Rules, and other required documents. True and correct copies of my October 19, 2025 email and the complete service package are attached as Exhibit 5.

22. I sent the October 19, 2025 email to all six of Defendant's email addresses: ap4619323@gmail.com, kumaranuj85141@gmail.com, apanuj664@gmail.com, anujmotivationalstory@gmail.com, rockycartoontv@gmail.com, and kpanuj34@gmail.com.

23. On October 20, 2025, YouTube sent me an email confirming receipt of the ECF-stamped complaint and stating: "The content at issue won't be reinstated while legal action is in progress." A true and correct copy of YouTube's October 20, 2025 email is attached as Exhibit 6.

24. On October 26, 2025—one week after my initial service attempt—I sent a follow-up email to all six addresses requesting acknowledgment of receipt and providing another opportunity for Defendant to respond. A true and correct copy of my October 26, 2025 email is attached as Exhibit 9.

## VII. DEFENDANT'S ESCALATING MISCONDUCT AFTER BEING SERVED WITH THE LAWSUIT

25. On October 25, 2025—six days after I sent Defendant the lawsuit documents via email—Defendant filed two additional DMCA counter-notifications with YouTube. True and correct copies of YouTube's notifications regarding these two additional counter-notifications are attached as Exhibit 7.

26. The counter-notification filed on October 9, 2025 contained the sworn statement: "I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled." A copy is attached as Exhibit 4. On October 25, 2025, YouTube sent me email confirmations that Defendant filed two additional counter-notifications (attached as Exhibit 7). I did not receive copies of these counter-notifications because YouTube ultimately denied them. However, based on my personal experience with YouTube's counter-notification system, the online form requires users to certify under penalty of perjury to this statement, and the system will not permit

submission without this step. Since YouTube's online form accepted both filings to be taken under submission, Defendant must have completed the required certification for each.

27. As shown in Exhibit 1, the videos that were the subject of these counter-notifications reproduce my original works but have been modified through cropping the video to exclude my watermark, covering my watermark with text overlays, and/or reducing the video dimensions to obscure my watermark.

28. YouTube rejected both of Defendant's October 25, 2025 counter-notifications. YouTube sent me emails on October 26, 2025 stating: "The email address that you have provided does not match the email address of the account in question. In order for us to process your counter notification, you must be the owner of the account." True and correct copies of YouTube's October 26, 2025 rejection emails are attached as Exhibit 8.

## VIII. THE NEED FOR ASSET PRESERVATION

29. Upon information and belief, Defendant's only assets within the United States consist of funds held in Defendant's Google AdSense account(s) located in California.

30. The AdSense funds were earned through monetization of videos containing my content with my watermarks removed, as shown in Exhibit 1.

31. Based on my personal experience as a content creator with an active AdSense account in the United States, and based on Google's publicly available AdSense Help page titled "Payment schedule for AdSense" located at https://support.google.com/adsense/answer/7164703 (which I accessed on November 3, 2025 in English and is attached hereto as Exhibit 10), Google processes AdSense disbursements on a monthly cycle. According to that documentation, earnings are finalized at the beginning of each month, and disbursements are automatically

processed between the 21st and 26th of that month if the account balance exceeds the payment threshold and no payment holds exist.

32. Based on my personal review of my AdSense portal, Google provides account holders with the ability to voluntarily place their accounts on payment hold for up to one year or to increase their payment threshold above their current balance, either of which would defer disbursements. However, these are voluntary actions that require the account holder to affirmatively access their account settings and implement such holds or threshold changes. When an account holder has not implemented a voluntary hold or threshold increase, Google's system processes disbursements during the scheduled payment windows when the account balance exceeds the payment threshold. Based on personal experience, when Google processes a disbursement, it transfers accumulated funds to the account holder's designated payment method.

33. Based on the U.S. Department of State's official guidance at https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Enforcement-of-Judgements.html, which states that "there is no bilateral treaty or multilateral convention in force between the United States and any other country on reciprocal recognition and enforcement of judgments," I believe AdSense funds transferred to Defendant in India would be practically unrecoverable.

34. The counter-notification lists Defendant's address as: Parsupur Gopal Mahraunda Soraon Up Prayagraj 187 Prayagraj (Allahabad), Uttar Pradesh 212507 India. Exhibit 4.

35. Google's recurring monthly disbursement window for AdSense accounts occurs between the 21st and 26th of each month, with the present window running through November 26, 2025,

and subsequent windows recurring monthly on the same schedule thereafter for as long as the account remains active and continues earning revenue.

## IX. WHY ALTERNATIVE SERVICE BY EMAIL IS APPROPRIATE

36. As detailed above, Defendant has actively used six different email addresses for all communications related to this dispute. Between October 5-8, 2025, Defendant sent me 19 emails from these six addresses, all related to the DMCA takedowns at issue in this case. I know these 19 emails came from Defendant based on: (1) his identification as the @RockyFunTV operator in his counter-notification; (2) 16 of the emails explicitly referenced the @RockyFunTV channel or the specific videos removed from that channel; and (3) most significantly, Defendant used the same email address (kpanuj34@gmail.com) to send one email representing himself as the @RockyFunTV operator and two subsequent emails representing himself as the @GrapplingFightZone operator, establishing that Defendant operates both channels. Defendant provided one of these addresses (kumaranuj85141@gmail.com) in his DMCA counter-notification as his contact information— the same address from which he sent five of the 19 emails to me. On October 25, 2025, Defendant filed two additional counter-notifications with YouTube, demonstrating his ongoing engagement with this subject matter. Based on all my communications with Defendant, the only method he has used to communicate about these YouTube channels and copyright disputes is through these six email addresses.

37. In his DMCA counter-notification, Defendant stated: "I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant." Exhibit 4. While this statement does not specify email as

the particular method of service, it demonstrates Defendant's express agreement to accept service of process from me. Defendant has used only email to communicate about this dispute—filing three counter-notifications through YouTube's email system and sending me 19 emails from the six email addresses listed in Paragraph 12.

38. I have already made two documented attempts to serve Defendant via these email addresses: once on October 19, 2025, and again on October 26, 2025. Exhibits 5, 9. In my October 19 email, I sent a complete service package to all six addresses, including the summons, the filed complaint, a request for waiver of service under Federal Rule of Civil Procedure 4(d), the Court's Local Rules, and other required documents. In my October 26 email, I sent a follow-up requesting acknowledgment of receipt and providing another opportunity for Defendant to respond. Neither email bounced or generated any delivery failure message from any of the six email addresses, confirming that all six addresses remain active and deliverable.

## X. FACTUAL BASIS FOR REQUESTED RELIEF

39. I am not aware of any U.S.-based assets Defendant owns other than the AdSense funds held by Google LLC in California. Defendant's address is listed as Parsupur Gopal Mahraunda Soraon Up Prayagraj 187 Prayagraj (Allahabad), Uttar Pradesh 212507 India, as stated in his counter-notification.

40. As shown in Exhibit 1, the videos Defendant uploaded do not contain the watermarks that appear on every frame of my original videos. Three of Defendant's videos include a "Rocky!" logo that does not appear on my original videos. On October 25, 2025, six days after I emailed him the lawsuit documents, Defendant filed two additional DMCA counter-notifications with YouTube, as shown in Exhibit 7.

41. Defendant has filed three DMCA counter-notifications with YouTube: one on October 9, 2025 (Exhibit 4), and two on October 25, 2025 (Exhibit 7). The October 25 counter-notifications were filed six days after I sent Defendant the lawsuit documents via email on October 19, 2025.

42. My watermark reading "© Women.MidwestWrestle.com" or "© MidwestWrestle.com" appears on every frame of my original videos and identifies me as the creator. Defendant's versions shown in Exhibit 1 do not include this watermark. Defendant's @RockyFunTV channel had approximately 764,000 subscribers, and the @GrapplingFightZone channel had approximately 6,940 subscribers, as of October 9, 2025.

43. Three of the videos Defendant uploaded include a "Rocky!" logo that does not appear in my original videos, as shown in Exhibit 1. My original videos do not contain any "Rocky!" logo or reference to "Rocky Fun TV."

44. As an individual content creator, my business lacks the institutional infrastructure and financial capacity that would be necessary to pursue international litigation, retain foreign counsel, or trace assets across jurisdictions.

## XI. CERTIFICATION REGARDING NOTICE

45. I sent Defendant the complete lawsuit package via email on October 19, 2025 to all six email addresses he has actively used. Exhibit 5. I sent a follow-up email on October 26, 2025, along with the complete lawsuit package again, requesting acknowledgment of receipt and providing another opportunity to respond. Exhibit 9.

46. I have not provided Defendant with advance notice of this specific application. Based on Google's standard payment procedures, funds transfer to the account holder's designated

payment method during each scheduled disbursement window unless the account holder has voluntarily implemented a payment hold or threshold adjustment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 22, 2025 at Chicago, Illinois.

/s/ Nima Gharavi
Nima Gharavi

Plaintiff, *pro se*

**EXHIBIT LIST**

**Exhibit 1:** Screenshots of watermarks on Mr. Gharavi's videos, side-by-side comparisons of watermark removal, added "Rocky!" logos, and infringing thumbnail

**Exhibit 2:** Seventeen DMCA takedown notices to YouTube (October 3-6, 2025) and YouTube acknowledgment emails

**Exhibit 3:** Nineteen emails from Defendant disputing takedowns (October 5-8, 2025) from six different email addresses, with supplemental email headers in instances of overlength subject lines

**Exhibit 4:** Defendant's DMCA counter-notification to YouTube (October 9, 2025) for video at http://www.youtube.com/watch?v=atcT8ujBauo

**Exhibit 5:** Mr. Gharavi's first email to defendant (October 19, 2025) with attached service packet including Complaint, Summons, waiver forms, and Local Rules

**Exhibit 6:** YouTube email to Mr. Gharavi (October 20, 2025) confirming receipt of ECF-stamped Complaint

**Exhibit 7:** YouTube notification emails to Mr. Gharavi (October 25, 2025) of Defendant's two additional DMCA counter-notifications

**Exhibit 8:** YouTube rejection emails to Defendant (October 26, 2025) for the two additional counter-notifications due to email mismatch

**Exhibit 9:** Plaintiff's follow-up email to Defendant (October 26, 2025) requesting acknowledgment of service packet receipt

**Exhibit 10:** Payment timelines for AdSense