# Exhibit 9

## Nima Gharavi

| | |
|---|---|
| **From:** | Nima Gharavi <nima@midwestwrestle.com> |
| **Sent:** | Sunday, October 26, 2025 11:04 AM |
| **To:** | ap4619323@gmail.com; kumaranuj85141@gmail.com; apanuj664@gmail.com; anujmotivationalstory@gmail.com; rockycartoontv@gmail.com; kpanuj34@gmail.com |
| **Subject:** | Re: Gharavi v. Kumar - Civil Action No. 3:25-cv-08873-TSH - Request for Acknowledgment of Receipt |
| **Attachments:** | Gharavi v. Kumar - N.D. Cal. Civ. No. 25-cv-08873.pdf |

[External email - use caution]

Dear Mr. Kumar:

I am writing to follow up on my email sent on October 19, 2025, in which I requested that you waive service of the summons in the above-captioned civil action pending in the United States District Court for the Northern District of California.

I have not yet received a response from you. At this time, I am not requesting an immediate decision on whether you will waive service—I understand that you may need additional time to review the materials and consider your options. However, **I do need confirmation that you have received the service packet** that was sent to the following email addresses:

- ap4619323@gmail.com
- kumaranuj85141@gmail.com
- apanuj664@gmail.com
- anujmotivationalstory@gmail.com
- rockycartoontv@gmail.com
- kpanuj34@gmail.com

**Please reply to this email with a brief acknowledgment that you have received the attached service packet.** A simple confirmation (e.g., "I confirm receipt of the service packet dated October 19, 2025") will suffice.

As previously noted, under Federal Rule of Civil Procedure 4(d)(1)(F), you have until **December 18, 2025** to return the signed Waiver of Service. However, I respectfully urge you to respond at your earliest convenience to facilitate the efficient progression of this matter.

For your reference, I have re-attached the complete service packet to this email.

If you have any questions or require clarification regarding the documents or your obligations, please do not hesitate to contact me.

Thank you for your prompt attention to this matter.

CC (via email to): ap4619323@gmail.com; kumaranuj85141@gmail.com; apanuj664@gmail.com; anujmotivationalstory@gmail.com; rockycartoontv@gmail.com; kpanuj34@gmail.com

Respectfully submitted,

**Nima Gharavi**
Plaintiff, *Pro Se*
Gharavi v. Kumar, Case No. 3:25-cv-08873-TSH
United States District Court, Northern District of California, San Francisco Division

**Date:** October 26, 2025

---

**Attachment:**
Gharavi v. Kumar – N.D. Cal. Civ. No. 25-cv-08873.pdf (Complete Service Packet)

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Sunday, October 19, 2025 3:34 PM
**To:** ap4619323@gmail.com; kumaranuj85141@gmail.com; apanuj664@gmail.com; anujmotivationalstory@gmail.com; rockycartoontv@gmail.com; kpanuj34@gmail.com
**Subject:** Gharavi v. Kumar - Civil Action No. 3:25-cv-08873-TSH - Request for Waiver of Service of Summons

[External email - use caution]

Dear Mr. Kumar:

I am writing to formally request that you waive service of the summons in the above-captioned civil action pending in the United States District Court for the Northern District of California.

**Case Information:**

**Plaintiff:** Nima Gharavi
**Defendant:** Anuj Kumar
**Court:** United States District Court, Northern District of California, San Francisco Division
**Case Number:** 3:25-cv-08873-TSH
**Nature of Action:** Copyright infringement, DMCA violations, false copyright management information, and removal of copyright management information

**Purpose of This Communication:**

Pursuant to Federal Rule of Civil Procedure 4(d), I am providing you with notice of this lawsuit and requesting that you voluntarily waive formal service of the summons. Attached to this email is a comprehensive service packet titled "**Gharavi v. Kumar – N.D. Cal. Civ. No. 25-cv-08873.pdf**", which contains the following documents in this order:

1. Summons
2. Notice of Request for Waiver of Service of Summons (AO 398)
3. Waiver of Service of Summons (AO 399) – prepopulated for your signature
4. Initial Case Management Scheduling Order with ADR Deadlines, including Consent/Declination to Magistrate Judge, Standing Orders for All Judges and for Magistrate Judge Hixson, Discovery Standing Order for Judge Hixson, and E-Filing Instructions for Pro Se Litigants
5. Complaint

6. Northern District of California Civil Local Rules (effective August 19, 2025)
7. Northern District of California ADR Multi-Option Program

**Your Immediate Action Required:**

I have prepopulated the Waiver of Service form with all necessary information. **You need only:**

1. **Review** the attached documents carefully;
2. **Print** the completed Waiver of Service form to PDF format (ensuring the fillable form is flattened and no longer editable); and
3. **Return** the signed PDF waiver to me via email at **dmca@midwestwrestle.com** as soon as possible.

**Timeline for Response:**

Under Federal Rule of Civil Procedure 4(d)(1)(F), defendants located outside any judicial district of the United States are entitled to at least **sixty (60) days** from the date this request is sent to return a signed waiver. Accordingly, you have until **December 18, 2025** to comply with this request.

**However, I respectfully urge you to return the signed waiver at your earliest convenience and no later than November 8, 2025** (within 20 days), so that this matter may proceed expeditiously and to avoid any unnecessary complications or delays that could prejudice either party's interests in the litigation.

**Consequences of Waiving Service:**

By signing and returning the waiver, you will:

- **Preserve your resources** and avoid unnecessary procedural motions;
- **Receive additional time to respond** to the Complaint: You will have **ninety (90) days** from the date this request was sent (until **January 17, 2026**) to file and serve your Answer or a motion under Rule 12 of the Federal Rules of Civil Procedure;
- **Preserve all defenses**: Waiving service does **not** constitute a waiver of any objection to personal jurisdiction, venue, or any other defense you may have to this action. You retain all substantive and procedural rights to contest the Court's jurisdiction, the merits of the claims, or any other matter; and
- **Acknowledge receipt**: Your waiver will serve as acknowledgment that you have received the Complaint and Summons and understand your obligations to respond.

**Consequences of Failing to Waive Service:**

If you fail to sign and return the waiver without good cause, **Federal Rule of Civil Procedure 4(d)(2) mandates that the Court impose upon you:**

- **All expenses later incurred** in effecting formal service of process upon you, including costs associated with international service under the Hague Convention or other applicable treaties;
- **Reasonable expenses, including attorney's fees**, incurred in filing any motion necessary to recover those service costs; and
- **Potential delays** in the proceedings while formal service is arranged through diplomatic or consular channels, which may take several months and substantially increase costs.

**It is important to understand that "good cause" for refusing to waive service does not include a belief that the lawsuit lacks merit, that it has been brought in an improper venue, or that the Court lacks**

**jurisdiction.** These are defenses that you may assert in your Answer or in a motion under Rule 12, but they do not excuse your obligation to cooperate in avoiding unnecessary service expenses.

**Filing with the Court:**

Upon receipt of your signed waiver, I will file it with the Court as proof of service. The action will then proceed as if you had been formally served on the date the waiver is filed, and you will have the extended time period described above to respond to the Complaint.

**Your Consent to Jurisdiction:**

Please be advised that in your DMCA counter-notification submitted to YouTube on or about October 9, 2025, you expressly consented to the jurisdiction of the United States District Court for the judicial district in which YouTube is located (the Northern District of California) and agreed to accept service of process from me. This lawsuit has been filed in reliance upon your consent, and this Court has personal jurisdiction over you pursuant to 17 U.S.C. § 512(k)(2)(A).

**Urgency of This Matter:**

This request is time-sensitive. YouTube has notified me that unless I provide evidence of legal action by **October 24, 2025**, certain disputed content may be reinstated to the platform. Your prompt cooperation in returning the signed waiver will facilitate the orderly and efficient progression of this litigation and will conserve resources for both parties.

**Contact Information:**

Should you have any questions regarding this request or the attached documents, you may contact me at:

**Nima Gharavi**
4610 North Clark St. #1098
Chicago, IL 60640
Email: dmca@midwestwrestle.com
Telephone: (773) 899-4688

**Duty to Avoid Unnecessary Expenses:**

Federal Rule of Civil Procedure 4(d) imposes a duty upon defendants to avoid unnecessary expenses of serving a summons and complaint. I trust that you will fulfill this duty by promptly executing and returning the attached waiver.

Thank you for your immediate attention to this matter. I look forward to receiving the executed waiver at your earliest convenience.

CC (via email to):
ap4619323@gmail.com; kumaranuj85141@gmail.com; apanuj664@gmail.com; anujmotivationalstory@gmail.com; rockycartoontv@gmail.com; kpanuj34@gmail.com

**Respectfully submitted,**

**Nima Gharavi**
Plaintiff, *Pro Se*

Gharavi v. Kumar, Case No. 3:25-cv-08873-TSH
United States District Court, Northern District of California

**Date:** October 19, 2025

---

**Attachments:**

1.  Gharavi v. Kumar - N.D. Cal. Civ. No. 25-cv-08873.pdf (Complete Service Packet)

# Email Attachment

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | | |
|---|---|---|
| NIMA GHARAVI | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | Civil Action No. |
| v. | ) | **CV 25-8873** |
| ANUJ KUMAR | ) | **TSH** |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   ANUJ KUMAR
PARSHUPUR GOPAL, MAHRAUNDA
ALLAHABAD, UTTAR PRADESH 212507
INDIA

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   NIMA GHARAVI
4610 NORTH CLARK ST. #1098
CHICAGO, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:  **OCT 16 2025**   _____
*Signature of Clerk or Deputy Clerk*

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| NIMA GHARAVI | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:25-cv-08873-TSH |
| ANUJ KUMAR | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:   ANUJ KUMAR
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must return the signed waiver within    60   days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent.   Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court.  The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you.  And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:       10/19/2025

/s/ Nima Gharavi
*Signature of the attorney or unrepresented party*

NIMA GHARAVI
*Printed name*

4610 N CLARK ST. #1098
CHICAGO, IL 60640
*Address*

dmca@midwestwrestle.com
*E-mail address*

+1 (773) 899-4688
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | | |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| _____ | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____

    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

       I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

       I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

       I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

       I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

 

         _____        _____

         *Printed name of party waiving service of summons*      *Signature of the attorney or unrepresented party*

                                                  _____

                                                    *Printed name*

                                                    _____

                                                    *Address*

                                                    _____

                                                    *E-mail address*

                                                    _____

                                                    *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

       Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

       "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

       If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

       If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIMA GHARAVI, | Case No. 25-cv-08873-TSH |
| Plaintiff, | |
| v. | **ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES** |
| ANUJ KUMAR, | |
| Defendant. | |

This action is assigned to the Honorable Thomas S. Hixson.

**Service of documents.** When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order and the supplementary material specified in Civil Local Rule 4-2.

**Magistrate Judge Jurisdiction.** This case has been randomly assigned to a magistrate judge, who, with written consent of all parties, may conduct all proceedings in a case, including all pretrial and trial proceedings, entry of judgment and post-trial motions, with appeal directly to the United States Court of Appeals for the Ninth Circuit. See "Consenting to the Jurisdiction of a Magistrate Judge" on the Court's webpage at www.cand.uscourts.gov for more information.

Plaintiff or the removing party must complete and file the attached form "Consent or Declination to Magistrate Judge Jurisdiction" (also available at www.cand.uscourts.gov/forms) within 14 days of case initiation, and all other parties must do so within 14 days of appearing in the case, or as otherwise ordered by the Clerk or magistrate judge.

**Availability of Alternative Dispute Resolution.** This action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court's ADR webpage at www.cand.uscourts.gov/adr.

**Important case management dates.** Counsel must comply with the dates listed below unless the judge otherwise orders.

| Case Management Event | Deadline |
|---|---|
| File Certification of Conflicts and Interested Entities or Persons. (See Civil L.R. 3-15) | Upon first appearance (supplement as necessary) |
| Deadline to file ADR Certification. (See ADR L.R. 3) | 12/26/2025 |
| Deadline to meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan. (See F.R. Civ. P. 26(f)) | 12/26/2025 |
| Deadline to make initial disclosures. (See F.R. Civ. P. 26(a)(1)) | 1/8/2026 |
| Deadline to file Joint Case Management Statement. (See Standing Order for All Judges of the Northern District of California) | 1/8/2026 |
| Initial Case Management Conference location: **Courtroom E, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA** | 1/15/2026 at 10:00 AM |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIMA GHARAVI,<br><br>             Plaintiff,<br><br>     v.<br><br>ANUJ KUMAR,<br><br>             Defendant. | Case No. 25-cv-08873-TSH<br><br>**CONSENT OR DECLINATION TO MAGISTRATE JUDGE JURISDICTION** |

**INSTRUCTIONS:** Please indicate below by checking **one** of the two boxes whether you (if you are the party) or the party you represent (if you are an attorney in the case) choose(s) to consent or decline to magistrate judge jurisdiction in this matter. Sign this form below your selection.

    ☐ **CONSENT to Magistrate Judge Jurisdiction**

    In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment. I understand that appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

    **OR**

    ☐ **DECLINE Magistrate Judge Jurisdiction**

    In accordance with the provisions of 28 U.S.C. § 636(c), I **decline** to have a United States magistrate judge conduct all further proceedings in this case and I hereby request that this case be reassigned to a United States district judge.

DATE: _____ NAME: _____

_____
*Signature or "/s/"*

COUNSEL FOR
(OR "PRO SE"): _____

**STANDING ORDER FOR ALL JUDGES**
**OF THE NORTHERN DISTRICT OF CALIFORNIA**
**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7. <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9. <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

*Effective January 17, 2023*

14.  Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case and discuss how resolution of these issues may be expedited.

15.  Expedited Trial Procedure: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

16.  Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

17.  Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

18.  Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

19.  Professional Conduct: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20.  Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

## STANDING ORDER FOR MAGISTRATE JUDGE THOMAS S. HIXSON

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the Northern District of California's Local Rules and General Orders, and this Standing Order, all of which are available at www.cand.uscourts.gov.  Failure to comply may result in monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

## UNREPRESENTED (PRO SE) PARTIES

Parties representing themselves are invited to visit the "Representing Yourself" section of the Court's website, https://cand.uscourts.gov/pro-se-litigants/.  The site includes information about the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982.  You will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at https://cand.uscourts.gov/pro-se-litigants/.

## SCHEDULING

Law and motion is heard on Thursdays at 10:00 a.m.  All motions (except criminal duty matters) shall be noticed for any available Thursday.  The parties may confirm availability at https://cand.uscourts.gov/judges/hixson-thomas-s-tsh/.  For scheduling questions, please contact Judge Hixson's Courtroom Deputy at tshcrd@cand.uscourts.gov or (415) 522-4067.

## DISCOVERY

Discovery disputes are governed by Judge Hixson's Discovery Standing Order, available at https://cand.uscourts.gov/judges/hixson-thomas-s-tsh/.

## CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE

In civil cases that are randomly assigned to Judge Hixson for all purposes, each party should file a consent to the assignment of a United States Magistrate Judge for all purposes, or a request for reassignment to a district judge, as soon as possible.  If a party files a dispositive motion (such as a motion to dismiss or a motion for remand), the moving party must file the consent/declination simultaneously with the motion.  The consent/declination form is available at http://www.cand.uscourts.gov/civilforms.  In no event shall the consent or declination be filed later than the deadlines specified in Civil L.R. 73-1(a)(1) and (2).

*Revised September 10, 2025*

**CIVIL CASE MANAGEMENT**

Counsel shall meet and confer prior to the case management conference and file a joint statement no later than seven days prior to the conference. The statement shall address the information contained in the Standing Order for All Judges of the Northern District of California, which is available https://cand.uscourts.gov/judges/hixson-thomas-s-tsh/.

The Court strongly encourages parties to permit less experienced attorneys to actively participate in the proceedings by presenting argument at motion hearings or examining witnesses at trial.

**Amended Pleadings**
If a party files a motion to amend or the Court orders a party to file an amended pleading, that party shall concurrently file a redlined or highlighted version comparing the amended pleading to the prior operative pleading.

**Documents filed on ECF**
All exhibits to motions and/or discovery disputes should be separately filed on ECF. For example, if the motion is Docket No. 30, and the declaration with 10 exhibits is Docket No. 31, Exhibit A would be filed as Docket No. 31-1, Exhibit B would be Docket No. 31-2, and so on. All exhibits shall also be filed in a searchable OCR format where possible.

**Motions to File Under Seal**
The parties are reminded that court proceedings are presumptively public. Any request to file a document under seal must comply with Civil Local Rule 79-5.

**CHAMBERS COPIES AND PROPOSED ORDERS**

The parties do not need to submit chambers copies, except when requested by a separate order from the Court.

Any proposed order in a case subject to electronic filing shall be emailed in Word format to tshpo@cand.uscourts.gov. This address is to be used only for proposed orders unless otherwise directed by the Court.

**IT IS SO ORDERED.**

THOMAS S. HIXSON
United States Magistrate Judge

*Revised September 10, 2025*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

# DISCOVERY STANDING ORDER FOR
# MAGISTRATE JUDGE THOMAS S. HIXSON

This Standing Order informs all parties of the discovery procedures for cases assigned to Magistrate Judge Thomas S. Hixson or referred for purposes of discovery. It addresses all case-related discovery, including that which involves non-parties, and therefore applies whether or not an individual or entity is named in the complaint. Failure to abide by this Standing Order may result in the imposition of sanctions pursuant to Federal Rule of Civil Procedure 16(f) and Civil Local Rule 37-4.

All questions should be directed to Judge Hixson's Courtroom Deputy at tshcrd@cand.uscourts.gov or (415) 522-4067.

Upon referral from a District Judge or upon the development of an impasse with respect to discovery in a pending case assigned to Judge Hixson, no motions to compel or other motions shall be considered. Instead, the parties must first meet and confer in a good faith effort to resolve their dispute informally. An exchange of written communications does not satisfy the meet and confer requirement.

## MEET AND CONFER REQUIREMENTS

If the parties are unable to resolve their dispute informally after a good faith effort, including meet and confer efforts conducted by lead counsel, the parties have two options:

1) If the dispute is straightforward or the parties believe some initial informal guidance from the Court may help them resolve their dispute without the need for briefing, the parties may contact Judge Hixson's Courtroom Deputy to arrange a telephonic conference.

2) For more complex disputes, the parties shall prepare a joint statement of not more than five pages (12-point or greater font) that contains the following:

   a) A cover page (excluded from the five-page limit) with the case caption, an attestation that the parties met and conferred in good faith to resolve their dispute(s) prior to filing the letter, and the signature of both parties or counsel;
   b) Each party's position, including pertinent factual background, requested relief, and citations to relevant legal authority; and
   c) Each party's final proposed compromise

   The joint letter shall not be accompanied by exhibits or affidavits other than relevant excerpts of discovery requests and responses, privilege logs, deposition testimony, and meet and confer correspondence.

   The joint statement shall be e-filed (unless the case is exempt from e-filing requirements)

*Revised September 10, 2025*

under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief."

Upon review of the parties' submission(s), the Court will advise the parties of how it intends to proceed. The Court may issue a ruling or schedule a hearing, and at such hearing may issue rulings, order more formal briefing, or set further hearing dates.

**CHAMBERS COPIES**

The parties do not need to submit chambers copies, except when requested by a separate order from the Court.

**PROTECTIVE ORDERS**

If parties believe a protective order is necessary, they shall, where practicable, use one of the model stipulated protective orders (available at https://www.cand.uscourts.gov/forms/model-protective-orders/). If the parties' proposed protective offer differs materially from the model protective order, the parties shall file a statement explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order.

**SANCTIONS**

No motion for sanctions may be filed until after the moving party has complied with the requirements above. Motions for sanctions shall be filed separately, pursuant to Federal Rule 37 and Civil Local Rules 7 and 37-4.

**IT IS SO ORDERED.**

THOMAS S. HIXSON
United States Magistrate Judge

*Revised September 10, 2025*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT OF CASE**
**TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL**

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to a Magistrate Judge.

With written consent of all parties, a magistrate judge may conduct all proceedings in a case, including all pretrial and trial proceedings, entry of judgment and post-trial motions; appeal will be directly to the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 636(c)

You have been provided with a form to indicate whether you consent to proceed before the assigned magistrate judge or decline to proceed before the assigned magistrate judge. You are free to withhold consent without adverse consequences. If you decline, the case will be reassigned to a district judge.

If you are the plaintiff or removing party in this case, you must file your consent/declination form within 14 days of receipt of this notice. Each other party must file its consent/declination form within 14 days of appearing in the case.

The plaintiff or removing party must serve a copy of this notice upon all other parties to this action.

FOR THE COURT

Mark B. Busby
Clerk, United States District Court

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NIMA GHARAVI,

               Plaintiff,

    v.

ANUJ KUMAR,

            Defendant.

Case No.  25-cv-08873-TSH

**NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS**

**Why are you getting this?**

    A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

    This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within ____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Enclosed is a self-addressed, stamped envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

**What happens next?**

    If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service. **Please read about the duty to avoid unnecessary expenses at the foot of the waiver form.**

    I certify that this request is being sent to you on the date below.

DATE: _____

NAME: _____

_____
*Signature*

COUNSEL FOR
(OR "PRO SE"): _____

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

NIMA GHARAVI,

      Plaintiff,

    v.

ANUJ KUMAR,

      Defendant.

Case No.  25-cv-08873-TSH

**WAIVER OF SERVICE OF A SUMMONS**

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

My name: _____

Signature: _____

Phone: _____

Today's Date: _____

Counsel for
(or "Pro Se"): _____

Address: _____

_____

Email address: _____

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

**Office hours: 9:00 A.M. TO 4:00 P.M.**
**415.522.2000 | cand.uscourts.gov**

The instructions and information on this handout apply to cases and filings that are not included in the Northern District's electronic filing program. For information about e-filing, visit cand.uscourts.gov/cm-ecf.

In addition to the local rules, these instructions are designed to ensure that the filing process is accomplished with ease and accuracy. For additional information or assistance, please call the above number during office hours.

## FILING INFORMATION

1. This office will retain the original plus one copy of most documents submitted. We will file-stamp as many copies as you bring for your use. Related cases require an extra copy for **each** related action.

2. Each original document should be submitted on top of its copies. In other words, group like documents together (as opposed to a set of originals and separate sets of copies).

3. The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** in the number. Miscellaneous and foreign judgment matters should be denoted with the initials **MISC** at the end of the case number.

4. The document caption should include the assigned judge or magistrate judge in the matter or before whom an appearance is being made. This is especially important when submitting Settlement Conference Statements.

5. A proof of service should be attached to the back of each document. If submitted separately, a pleading page to the front of the document showing case number and case caption.

6. Drop boxes for filing when the Clerk's Office is closed are available. Please visit our website for further details: cand.uscourts.gov/dropbox.

7. After payment of the initial filing fee (or submission of an in forma pauperis request), there are no further fees to be paid in connection with filing additional documents in a case.

## ADDITIONAL INFORMATION

8. Forms and local rules may be downloaded from the court's website: cand.uscourts.gov. They may also be requested in person from the Clerk's Office.

9. Two computer terminals which allow public access to case dockets are located in

the reception area of the Clerk's Office. A file viewing room is located adjacent to the reception area. File viewing hours are 9:00 a.m. to 12:45 p.m. Electronic access to dockets and court filings is available through PACER. To obtain information or to register visit pacer.gov or call 1-800-676-6851.

10. Two pay copy machines are located in the file viewing room for public use, at twenty-five cents ($0.25) per page. The Clerk's Office can only accept payment by exact change, check made payable to Clerk, U.S. District Court, or credit card if paying in person. Orders for copy work may be placed through Colour Drop by phoning 415-353-5720. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

# E-filing Self-Registration Instructions for Pro Se Litigants

> Pro se litigants whose names appear on existing cases before this court may register to become ECF users and may file documents electronically. Case-opening documents (like complaints and petitions) must still be filed on paper at the Court's front counter or by mail or delivery service.
>
> If you have an existing pro se e-filing account, and you wish to e-file in another case in which your name is listed, send an email to ECFHelpDesk@cand.uscourts.gov to link your account to that case.

Parties representing themselves are not required to e-file, but many choose to do so. There are no registration costs and no fees for e-filing. To learn more about e-filing registration and the technical requirements to e-file, go to www.cand.uscourts.gov/e-file/

## Advantages to E-filing:
1. You can e-file from any computer.
2. You do not have to go to the courthouse to file your court papers.
3. You have until 11:59 PM on the day your filing is due to e-file (instead of 4:00 p.m. for delivery to the Clerk's Office for paper filings).
4. You do not need to mail paper copies to the court or other parties.
5. You will likely have more time to respond to any motion instead of having to wait for your copy to arrive by mail.
6. You receive one free copy of any e-filed documents through the notice of electronic filing.

## Possible Drawbacks to E-filing:
1. You must have all necessary hardware and software required to e-file, so there may be some initial cost.
2. You may require some training in how to convert documents to PDFs, and how to e-file documents. Free training on this is available on the court's website.
3. You will not receive documents in paper, so you will be responsible for checking your e-mail frequently for case updates and saving copies of e-filed documents.
4. While you get one free look at the electronic version of any document filed in your case, you will be charged if you access the document electronically more than once. (Note there is no fee for viewing judicial opinions no matter how many times you access it electronically.)
5. If you have more than $30.00 of charges for viewing documents in a quarterly billing cycle, you will be charged. See Electronic Public Access Fee Schedule for more explanation.

**FILED**

OCT 16 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  NIMA GHARAVI
2  4610 North Clark St. #1098
3  Chicago, IL 60640
   +1 (773) 899-4688
4  dmca@midwestwrestle.com

5  Plaintiff, *Pro Se*

6

7

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10         OAKLAND DIVISION

11

12  NIMA GHARAVI,                    Case No.: CV 25-8873

13                                   TSH

14         Plaintiff,
                                     **COMPLAINT FOR:**
15

16  vs.

17  ANUJ KUMAR,                      1.  Misrepresentation Under the Digital
                                         Millennium Copyright Act, 17 U.S.C. § 512(f)
18
           Defendant                 2.  Declaratory Judgment, 28 U.S.C. § 2201
19
                                     3.  False Copyright Management Information,
20                                       17 U.S.C. § 1202(a)

21                                   4.  Removal of Copyright Management
                                         Information, 17 U.S.C. § 1202(b)
22

23                                   **JURY TRIAL DEMANDED**

24

25

26

27

28

Plaintiff Nima Gharavi, appearing *pro se*, brings this Complaint against Defendant Anuj Kumar and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq., and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512 et seq. Plaintiff seeks declaratory relief, statutory damages, actual damages, disgorgement of profits, injunctive relief, and costs pursuant to 17 U.S.C. §§ 512(f), 1202, 1203, and 28 U.S.C. § 2201.

2. Plaintiff is the creator and copyright owner of original audiovisual works depicting women's wrestling matches, which Plaintiff filmed, produced, and published on YouTube. Defendant operates two YouTube channels under the names "Rocky Fun TV" and "Grappling Fight Zone," through which Defendant has systematically copied Plaintiff's copyrighted works, removed Plaintiff's copyright management information, added false copyright management information, and made material misrepresentations under the DMCA. Defendant has monetized these infringing works through Google's AdSense program, earning revenue from advertisements displayed on the stolen content.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the Copyright Act, 17 U.S.C. § 101 et seq.

4. This Court has personal jurisdiction over Defendant pursuant to 17 U.S.C. § 512(k)(2)(A). By submitting a DMCA counter-notification on or about October 9, 2025, Defendant consented to the jurisdiction of this Court. Specifically, Defendant stated in the counter-notification: "I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant."

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), and 17 U.S.C. § 512(k)(2)(A). YouTube LLC, the online service provider through which Defendant uploaded and distributed the infringing works, is located in San Bruno, California, within this District. Additionally, Defendant expressly consented to venue in this District through the DMCA

counter-notification. Moreover, Google LLC, which operates the Google AdSense program through which Defendant has monetized the infringing works and which holds Defendant's ill-gotten proceeds, is headquartered in Mountain View, California, within this District.

## PARTIES

6. Plaintiff Nima Gharavi is an individual residing in Chicago, Illinois. Plaintiff's address for service and correspondence is 4610 North Clark St. #1098, Chicago, Illinois 60640. Plaintiff is the creator, author, and copyright owner of original audiovisual works depicting women's wrestling content.

7. Upon information and belief, Defendant Anuj Kumar is an individual residing at Parshupur Gopal, Mahraunda, Allahabad, Uttar Pradesh, 212507, India. Defendant also operates under the aliases "Anuj Patel," "Anuj AP," "Anuj KP," and "Anuj Motivational Story," as evidenced by the email addresses and communications described in Paragraph 9. Defendant may be served at the following address and contact information provided by Defendant in the DMCA counter-notification: Parshupur Gopal, Mahraunda, Allahabad, Uttar Pradesh, 212507, India; telephone: 8780250666; email: kumaranuj85141@gmail.com.

8. Upon information and belief, Defendant operates and controls two YouTube channels:

   (a) "Rocky Fun TV" (handle: @RockyFunTV), available at https://www.youtube.com/channel/UCgHa1hpZOyp7eHWaWg06Icg, which has approximately 764,000 subscribers; and

   (b) "Grappling Fight Zone" (handle: @GrapplingFightZone), available at https://www.youtube.com/channel/UC6vtpzOg5OCCHt0VuwpcQrg, which has approximately 6,940 subscribers.

9. Upon information and belief, Defendant is the same individual who has communicated with Plaintiff through multiple email addresses, including: ap4619323@gmail.com; kumaranuj85141@gmail.com; apanuj664@gmail.com; anujmotivationalstory@gmail.com; rockycartoontv@gmail.com; and kpanuj34@gmail.com.

10. Upon information and belief, Defendant has monetized both YouTube channels through the YouTube Partner Program and Google AdSense, earning revenue from advertisements

displayed on videos, including the Infringing Works defined below.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Original Copyrighted Works

11. Plaintiff is a videographer and producer who creates, films, and produces original audiovisual content featuring women's wrestling matches.

12. Plaintiff has created and published the following six original audiovisual works (collectively, the "Copyrighted Works") on Plaintiff's YouTube channel:

    a. Video 1: https://www.youtube.com/watch?v=Jla2k3T6HlA

    b. Video 2: https://www.youtube.com/watch?v=rhnXfPnmqqE

    c. Video 3: https://www.youtube.com/watch?v=TYalw6DSnts

    d. Video 4: https://www.youtube.com/watch?v=it1I9sy2eLY

    e. Video 5: https://www.youtube.com/watch?v=iOK_ZNzM6_M

    f. Video 6: https://www.youtube.com/watch?v=Gd1s4uisg9w

13. Each of the Copyrighted Works is an original work of authorship fixed in a tangible medium of expression.

14. Plaintiff is the sole author and copyright owner of each of the Copyrighted Works.

15. On August 30, 2025, Plaintiff filed applications with the United States Copyright Office to register the Copyrighted Works. The registrations are currently pending.

16. Each of the Copyrighted Works contains prominent copyright management information in the form of a visible watermark displaying either "© Women.MidwestWrestle.com" or "© MidwestWrestle.com" at the bottom of the video frame throughout the duration of each video.

### B. Defendant's Infringing Conduct

17. Upon information and belief, Defendant has copied, reproduced, and distributed Plaintiff's Copyrighted Works without authorization on Defendant's two YouTube channels.

18. Defendant has uploaded at least seventeen (17) videos and video thumbnails (collectively, the "Infringing Works") that copy and reproduce Plaintiff's Copyrighted Works:

### From @GrapplingFightZone Channel (1 video):

    a. https://www.youtube.com/shorts/8Qc1s4RQsjY (infringes Video 1)

**From @RockyFunTV Channel (16 videos):**

    b.   https://www.youtube.com/watch?v=4-wQ95IFgTw (infringes Video 2)

    c.   https://www.youtube.com/watch?v=Qm3rttZxFPU (thumbnail infringes Video 5)

    d.   https://www.youtube.com/watch?v=nkru0BVLPZM (infringes Video 4)

    e.   https://www.youtube.com/watch?v=pMNvEliQmlI (infringes Video 3)

    f.   https://www.youtube.com/watch?v=cSy1lmeHgEk (infringes Video 5)

    g.   https://www.youtube.com/watch?v=bYTqGlyYinA (infringes Video 6)

    h.   https://www.youtube.com/shorts/paTvKhpHFNs (infringes Video 2)

    i.   https://www.youtube.com/shorts/vVP-knqIhh4 (infringes Video 4)

    j.   https://www.youtube.com/shorts/TClT0YnkJB0 (infringes Video 4)

    k.   https://www.youtube.com/shorts/atcT8ujBauo (infringes Video 5)

    l.   https://www.youtube.com/shorts/nD7emyYZ88I (infringes Video 4)

    m.   https://www.youtube.com/shorts/ZJKO6FZZ2LU (infringes Video 4)

    n.   https://www.youtube.com/shorts/pbHzMMbbhjE (infringes Video 4)

    o.   https://www.youtube.com/shorts/YeRoZ8mhL38 (infringes Video 1)

    p.   https://www.youtube.com/shorts/SPkajrPT7hc (infringes Video 6)

    q.   https://www.youtube.com/shorts/TZJ2dTev3hI (infringes Video 3)

19. Upon information and belief, Defendant operates both the @RockyFunTV and @GrapplingFightZone channels because: (a) the nature and pattern of infringement is virtually identical across both channels; (b) both channels infringe the same Copyrighted Works; (c) Defendant has sent communications to Plaintiff from email addresses associated with both channels; and (d) the DMCA counter-notification identifies Defendant as the operator of the @RockyFunTV channel.

**C. Removal of Copyright Management Information**

20. In each of the seventeen (17) Infringing Works identified in Paragraph 18, Defendant intentionally removed Plaintiff's copyright management information.

21. Specifically, Defendant cropped out the visible watermark (either "© Women.MidwestWrestle.com" or "© MidwestWrestle.com") that appeared at the bottom of

each of Plaintiff's Copyrighted Works.

22. This copyright management information: (a) identifies Plaintiff as the copyright owner; (b) identifies the work itself through the domain name associated with Plaintiff's business; and (c) is conveyed in connection with copies and phonorecords of the Copyrighted Works or performances or displays thereof, as defined in 17 U.S.C. § 1202(c).

23. Defendant removed this copyright management information with actual knowledge that it would induce, enable, facilitate, or conceal infringement of Plaintiff's copyrights.

24. Upon information and belief, Defendant removed the copyright management information willfully and for purposes of commercial advantage or private financial gain, as evidenced by: (a) Defendant's operation of YouTube channels with 764,000 and 6,940 subscribers, respectively; (b) the systematic nature of Defendant's infringement across seventeen separate works; (c) Defendant's monetization of the infringing videos through YouTube's Partner Program and Google AdSense; and (d) Defendant's receipt of advertising revenue from the display of advertisements on the Infringing Works.

**D. False Copyright Management Information**

25. In three (3) of the Infringing Works from the @RockyFunTV channel, Defendant added false copyright management information.

26. Specifically, Defendant added a "Rocky!" logo to the upper right corner of the following videos:

   a.  https://www.youtube.com/watch?v=4-wQ95IFgTw

   b.  https://www.youtube.com/watch?v=pMNvEliQmlI

   c.  https://www.youtube.com/watch?v=cSy1lmeHgEk

27. This "Rocky!" logo constitutes false copyright management information because it falsely suggests that Defendant or an entity associated with "Rocky" is the copyright owner or has rights in the work.

28. Defendant knowingly provided and distributed this false copyright management information with the intent to induce, enable, facilitate, or conceal infringement.

29. Upon information and belief, Defendant provided this false copyright management information

willfully and for purposes of commercial advantage or private financial gain for the reasons stated in Paragraph 24.

**E. Defendant's Monetization Through Google AdSense**

30. Upon information and belief, Defendant has enrolled both the @RockyFunTV and @GrapplingFightZone YouTube channels in the YouTube Partner Program.

31. Through the YouTube Partner Program, Defendant has linked the channels to one or more Google AdSense accounts.

32. Google AdSense is an advertising program operated by Google LLC that allows content creators to earn revenue by displaying advertisements on their content.

33. When users view the Infringing Works, advertisements are displayed before, during, or alongside the videos.

34. Upon information and belief, Defendant earns revenue each time an advertisement is displayed or clicked by a viewer watching the Infringing Works.

35. Upon information and belief, Google holds these advertising revenues in Defendant's AdSense account(s) and periodically disburses payments to Defendant.

36. The @RockyFunTV channel, with approximately 764,000 subscribers, has generated substantial views and advertising revenue. Upon information and belief, a channel of this size typically generates thousands to tens of thousands of dollars per month in AdSense revenue, depending on viewership and engagement metrics.

37. Upon information and belief, Defendant's Infringing Works have collectively generated thousands of views, resulting in substantial advertising revenue paid by Google to Defendant through the AdSense program.

38. The advertising revenues earned from the Infringing Works constitute ill-gotten proceeds directly traceable to Defendant's violations of 17 U.S.C. §§ 1202(a) and (b).

39. Upon information and belief, Google LLC holds and controls Defendant's AdSense account(s) and the funds contained therein at Google's headquarters in Mountain View, California, within this District.

40. Upon information and belief, the AdSense account(s) associated with Defendant's YouTube

channels are registered to Defendant using one or more of the email addresses identified in Paragraph 9, including kumaranuj85141@gmail.com.

**F. Plaintiff's DMCA Takedown Notices**

41. On October 3, 2025, Plaintiff submitted a DMCA takedown notice to YouTube regarding the infringing video at https://www.youtube.com/shorts/8Qc1s4RQsjY on the @GrapplingFightZone channel.

42. Between October 3, 2025 and October 4, 2025, Plaintiff submitted sixteen (16) DMCA takedown notices to YouTube regarding the infringing videos on the @RockyFunTV channel identified in Paragraph 18(b)-(q).

43. Each DMCA takedown notice was submitted in good faith and contained all information required under 17 U.S.C. § 512(c)(3).

44. Following Plaintiff's DMCA takedown notices, Defendant sent Plaintiff seventeen (17) emails from the various email addresses identified in Paragraph 9. The emails were substantially similar in content and disputed Plaintiff's claims.

**G. Defendant's DMCA Counter-Notification and Misrepresentation**

45. On or about October 9, 2025, YouTube notified Plaintiff that it had received a DMCA counter-notification from Defendant regarding the video at https://www.youtube.com/shorts/atcT8ujBauo.

46. In the counter-notification, Defendant represented, under penalty of perjury, that Defendant has "a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled."

47. In the counter-notification, Defendant stated: "The video is my original edited content, created by me for educational, analytical, and entertainment purposes under the principles of Fair Use. The grappling and wrestling clips used were only to explain, review, and entertain the audience. I have not copied or re-uploaded anyone's full copyrighted material, nor was it my intention to violate any copyright."

48. Defendant's representations in the counter-notification are false and constitute material misrepresentations under 17 U.S.C. § 512(f).

49. The video at https://www.youtube.com/shorts/atcT8ujBauo is not protected by fair use under 17 U.S.C. § 107.

50. Defendant's use of Plaintiff's copyrighted work fails each factor of the fair use analysis:

a. **Purpose and character of use**: Defendant's use is purely commercial and exploitative, not transformative. Defendant removed Plaintiff's copyright management information and republished the work on a monetized YouTube channel for commercial gain through AdSense advertising revenue. Defendant added no meaningful commentary, criticism, or new expression.

b. **Nature of the copyrighted work**: Plaintiff's work is highly creative, original audiovisual content.

c. **Amount and substantiality**: Defendant copied a substantial portion of Plaintiff's work.

d. **Effect on the market**: Defendant's unauthorized copying directly competes with and substitutes for Plaintiff's original work, usurping Plaintiff's market for the work and harming the potential market value.

51. Defendant knowingly made material misrepresentations in the counter-notification that the material was removed by mistake and that the use qualified as fair use.

52. As a result of Defendant's misrepresentation under 17 U.S.C. § 512(f), Plaintiff has been injured and is entitled to damages, including costs and attorneys' fees. Specifically, Plaintiff has been forced to incur the time and expense of bringing this lawsuit to prevent reinstatement of the infringing video to YouTube.

53. YouTube has informed Plaintiff that unless Plaintiff provides evidence of legal action against Defendant within ten (10) business days (by October 24, 2025), the video at https://www.youtube.com/shorts/atcT8ujBauo may be reinstated to YouTube.

**H. Defendant's Actions Were Willful and for Commercial Gain**

54. Defendant's violations were committed willfully and knowingly.

55. Defendant's violations were committed for purposes of commercial advantage or private financial gain, as evidenced by:

a. Defendant operates YouTube channels with a combined total of over 770,000 subscribers;

b. Defendant monetizes these channels through YouTube's Partner Program and Google

AdSense, generating revenue from advertisements displayed on the infringing videos;

c. Defendant systematically copied and distributed seventeen (17) of Plaintiff's copyrighted works across two channels;

d. Defendant deliberately removed Plaintiff's copyright management information from all seventeen works to conceal the infringement and pass off the works as Defendant's own;

e. Defendant added false copyright management information to three works to falsely claim ownership and reinforce the deception;

f. Defendant made false representations under penalty of perjury in a DMCA counter-notification to continue profiting from the infringing content; and

g. Defendant has earned substantial advertising revenue from Google AdSense based on views of the Infringing Works.

**I. Risk of Dissipation of Proceeds**

56. Defendant resides in India, outside the territorial jurisdiction of the United States.

57. Upon information and belief, Defendant's only assets within the United States consist of funds held in Defendant's Google AdSense account(s) located in California.

58. Upon information and belief, Google periodically disburses AdSense earnings to account holders, typically on a monthly basis once a minimum payment threshold is reached.

59. There is a substantial risk that Defendant will withdraw or dissipate the AdSense proceeds before Plaintiff can obtain a final judgment and enforce collection.

60. Once disbursed to Defendant in India, the proceeds would be beyond the practical reach of this Court's enforcement mechanisms.

61. The AdSense proceeds constitute the primary, if not sole, means by which Plaintiff can satisfy any judgment obtained against Defendant.

## COUNT I

### Misrepresentation Under the DMCA

### 17 U.S.C. § 512(f)

62. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 61 as if fully set forth herein.

63. Under 17 U.S.C. § 512(f), any person who knowingly materially misrepresents under Section 512(c)(3) that material or activity was removed or disabled by mistake or misidentification shall be liable for damages, including costs and attorneys' fees, incurred by the copyright owner who was injured by such misrepresentation.

64. On or about October 9, 2025, Defendant submitted a DMCA counter-notification under 17 U.S.C. § 512(g) regarding the video at https://www.youtube.com/shorts/atcT8ujBauo.

65. In the counter-notification, Defendant represented under penalty of perjury that Defendant has "a good faith belief the material was removed due to a mistake or misidentification."

66. Defendant further represented that the video was "original edited content" protected by fair use and that Defendant had "not copied or re-uploaded anyone's full copyrighted material."

67. These representations are knowingly and materially false.

68. The video at https://www.youtube.com/shorts/atcT8ujBauo was not removed by mistake or misidentification. It was properly removed because it copied and reproduced Plaintiff's copyrighted work at https://www.youtube.com/watch?v=iOK_ZNzM6_M without authorization.

69. The video is not protected by fair use under 17 U.S.C. § 107 for the reasons stated in Paragraph 50.

70. Defendant knowingly made these material misrepresentations for the purpose of having the infringing content reinstated to YouTube and continuing to profit from the infringement through AdSense advertising revenue.

71. As a direct and proximate result of Defendant's misrepresentation, Plaintiff has been injured. Specifically, Plaintiff has been forced to file this lawsuit to prevent reinstatement of the infringing video and has incurred costs and expenses in doing so.

72. Plaintiff is entitled to recover damages, including costs and any attorneys' fees that may be applicable, pursuant to 17 U.S.C. § 512(f).

## COUNT II

### Declaratory Judgment

### 28 U.S.C. § 2201

73. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 72 as if fully set forth herein.

74. An actual controversy exists between Plaintiff and Defendant regarding whether Defendant's use of Plaintiff's copyrighted work at https://www.youtube.com/watch?v=iOK_ZNzM6_M in Defendant's video at https://www.youtube.com/shorts/atcT8ujBauo constitutes fair use under 17 U.S.C. § 107.

75. Defendant has asserted in the DMCA counter-notification that the video is protected by fair use.

76. Plaintiff disputes this assertion.

77. The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. YouTube has informed Plaintiff that unless Plaintiff provides evidence of legal action, the disputed video may be reinstated to YouTube by October 24, 2025.

78. Plaintiff seeks a declaration from this Court that Defendant's use of Plaintiff's copyrighted work in the video at https://www.youtube.com/shorts/atcT8ujBauo does not constitute fair use under 17 U.S.C. § 107.

79. Plaintiff is entitled to declaratory relief pursuant to 28 U.S.C. § 2201.

## COUNT III

### False Copyright Management Information

### 17 U.S.C. § 1202(a)

80. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 79 as if fully set forth herein.

81. Under 17 U.S.C. § 1202(a), no person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement provide copyright management information that is false.

82. In the following three videos, Defendant knowingly provided false copyright management information by adding a "Rocky!" logo:

   a.  https://www.youtube.com/watch?v=4-wQ95IFgTw

   b.  https://www.youtube.com/watch?v=pMNvEliQmlI

   c.  https://www.youtube.com/watch?v=cSy1lmeHgEk

83. The "Rocky!" logo constitutes copyright management information because it conveys or appears

to convey information about the copyright owner and the terms and conditions of use.

84. The "Rocky!" logo is false because it falsely suggests that Defendant or an entity associated with "Rocky" is the copyright owner or has rights in these works, when in fact Plaintiff is the sole copyright owner.

85. Defendant knowingly provided this false copyright management information.

86. Defendant provided this false copyright management information with the intent to induce, enable, facilitate, or conceal infringement of Plaintiff's copyrights.

87. Defendant's conduct violated 17 U.S.C. § 1202(a).

88. Defendant committed these violations willfully and for purposes of commercial advantage or private financial gain.

89. As a result of Defendant's violations, Plaintiff has suffered injury.

90. The advertising revenues earned by Defendant from the three videos containing false copyright management information constitute Defendant's profits directly attributable to these violations.

91. Pursuant to 17 U.S.C. § 1203(c)(3)(B), Plaintiff is entitled to recover statutory damages of not less than $5,000 nor more than $25,000 per violation, for a total of three violations.

92. Plaintiff is also entitled to recover actual damages and Defendant's profits pursuant to 17 U.S.C. § 1203(c)(2), including all advertising revenues earned from Google AdSense attributable to these three videos, costs of suit, and such other relief as the Court deems just.

## COUNT IV

### Removal of Copyright Management Information

### 17 U.S.C. § 1202(b)

93. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 92 as if fully set forth herein.

94. Under 17 U.S.C. § 1202(b), no person shall, without the authority of the copyright owner or the law, intentionally remove or alter any copyright management information, or distribute copies of works knowing that copyright management information has been removed or altered without authority.

95. In each of the seventeen (17) Infringing Works identified in Paragraph 18, Defendant

12

intentionally removed Plaintiff's copyright management information.

96. Specifically, Defendant cropped out the visible watermark (either "© Women.MidwestWrestle.com" or "© MidwestWrestle.com") that appeared at the bottom of Plaintiff's Copyrighted Works.

97. This watermark constitutes copyright management information under 17 U.S.C. § 1202(c) because it identifies Plaintiff as the copyright owner, identifies the work itself through the domain name associated with Plaintiff's business, and is conveyed in connection with copies of the works.

98. Defendant intentionally removed this copyright management information without the authority of Plaintiff.

99. Defendant knew or had reasonable grounds to know that the removal of this copyright management information would induce, enable, facilitate, or conceal infringement of Plaintiff's copyrights.

100. After removing the copyright management information, Defendant distributed the works by uploading them to YouTube and making them available to the public.

101. Defendant knew that the copyright management information had been removed without authority.

102. Defendant knew or had reasonable grounds to know that the distribution would induce, enable, facilitate, or conceal infringement.

103. Defendant's conduct violated 17 U.S.C. § 1202(b).

104. Defendant committed these violations willfully and for purposes of commercial advantage or private financial gain.

105. As a result of Defendant's violations, Plaintiff has suffered injury.

106. The advertising revenues earned by Defendant from all seventeen Infringing Works constitute Defendant's profits directly attributable to these violations.

107. Pursuant to 17 U.S.C. § 1203(c)(3)(B), Plaintiff is entitled to recover statutory damages of not less than $5,000 nor more than $25,000 per violation, for a total of seventeen violations.

108. Plaintiff is also entitled to recover actual damages and Defendant's profits pursuant to

17 U.S.C. § 1203(c)(2), including all advertising revenues earned from Google AdSense attributable to all seventeen Infringing Works, costs of suit, and such other relief as the Court deems just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

### As to Count I (Misrepresentation Under the DMCA):

1. A judgment that Defendant violated 17 U.S.C. § 512(f) by knowingly making material misrepresentations in the DMCA counter-notification;

2. An award of damages, including costs incurred by Plaintiff as a result of Defendant's misrepresentation;

### As to Count II (Declaratory Judgment):

3. A declaration that Defendant's use of Plaintiff's copyrighted work at https://www.youtube.com/watch?v=iOK_ZNzM6_M in the video at https://www.youtube.com/shorts/atcT8ujBauo does not constitute fair use under 17 U.S.C. § 107;

### As to Count III (False Copyright Management Information):

4. A judgment that Defendant violated 17 U.S.C. § 1202(a) by knowingly providing false copyright management information in three works;

5. An award of statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) of not less than $5,000 nor more than $25,000 per violation, for a total of three violations;

6. An award of actual damages and Defendant's profits pursuant to 17 U.S.C. § 1203(c)(2), including disgorgement of all advertising revenues earned through Google AdSense attributable to the three videos containing false copyright management information;

### As to Count IV (Removal of Copyright Management Information):

7. A judgment that Defendant violated 17 U.S.C. § 1202(b) by intentionally removing and distributing works with copyright management information removed in seventeen works;

8. An award of statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) of not less than $5,000

nor more than $25,000 per violation, for a total of seventeen violations;

9. An award of actual damages and Defendant's profits pursuant to 17 U.S.C. § 1203(c)(2), including disgorgement of all advertising revenues earned through Google AdSense attributable to all seventeen Infringing Works;

### General Relief:

10. A preliminary and permanent injunction enjoining Defendant, Defendant's agents, servants, employees, and all persons acting in concert or participation with Defendant, from: a. Copying, reproducing, distributing, publicly displaying, or publicly performing Plaintiff's Copyrighted Works; b. Removing or altering copyright management information from Plaintiff's works; c. Providing false copyright management information; d. Making any use of Plaintiff's Copyrighted Works; e. Withdrawing, transferring, or dissipating any funds held in any Google AdSense account(s) associated with the YouTube channels @RockyFunTV and @GrapplingFightZone;

11. An order requiring Defendant to remove all Infringing Works from YouTube and any other platforms on which they appear;

12. An order requiring Google LLC to freeze and preserve all funds in any Google AdSense account(s) associated with Defendant's YouTube channels @RockyFunTV and @GrapplingFightZone, and to provide an accounting of all advertising revenues earned from the Infringing Works;

13. An order directing Google LLC to turn over to Plaintiff all advertising revenues held in Defendant's AdSense account(s) that are attributable to the Infringing Works, or in the alternative, all funds in said account(s) up to the amount of any judgment entered in favor of Plaintiff;

14. An award of costs of suit pursuant to 17 U.S.C. § 1203(b)(2);

15. Pre-judgment and post-judgment interest as permitted by law;

16. Such other and further relief as this Court deems just and proper.

# DEMAND FOR JURY TRIAL

1    Plaintiff demands a trial by jury on all issues so triable.

2

3

Dated: October 15, 2025
4

5                                                        Respectfully submitted,

6

7                                                        Nima Gharavi

8                                                        Plaintiff, *Pro Se*

# UNITED STATES DISTRICT COURT
## Northern District of California
### CIVIL LOCAL RULES

# CONTENTS

1.  TITLE; SCOPE; DEFINITIONS .................................................................................................... 1
    1-1.  Title ................................................................................................................................... 1
    1-2.  Scope, Purpose and Construction ..................................................................................... 1
        (a)  Scope ................................................................................................................... 1
        (b)  Supplement to Federal Rules ............................................................................. 1
        (c)  Temporary Suspension of Local Rules ............................................................... 1
    1-3.  Effective Date .................................................................................................................... 1
    1-4.  Sanctions and Penalties for Noncompliance ..................................................................... 1
    1-5.  Definitions ......................................................................................................................... 1
        (a)  Clerk .................................................................................................................... 1
        (b)  Court .................................................................................................................... 1
        (c)  Day ...................................................................................................................... 1
        (d)  Ex parte ............................................................................................................... 1
        (e)  File ....................................................................................................................... 2
        (f)  Fed. R. Civ. P ...................................................................................................... 2
        (g)  Fed. R. Crim. P .................................................................................................... 2
        (h)  Fed. R. App. P ..................................................................................................... 2
        (i)  Federal Rule ........................................................................................................ 2
        (j)  General Orders ..................................................................................................... 2
        (k)  General Duty Judge ............................................................................................. 2
        (l)  Judge .................................................................................................................... 2
        (m)  Lodge ................................................................................................................... 2
        (n)  Meet and confer ................................................................................................... 2
        (o)  Standing Orders of Individual Judges ................................................................. 2
        (p)  Unavailability ...................................................................................................... 2
3.  COMMENCEMENT AND ASSIGNMENT OF ACTION .......................................................... 3
    3-1.  Regular Session ................................................................................................................. 3
    3-2.  Commencement and Assignment of Action ...................................................................... 3
        (a)  Civil Cover Sheet Required by Litigants Unrepresented by Counsel ("pro se") ............ 3
        (b)  Commencement of Action ................................................................................... 3
        (c)  Assignment to a Division .................................................................................... 3
        (d)  San Francisco and Oakland ................................................................................. 3
        (e)  San Jose ............................................................................................................... 3
        (f)  Eureka .................................................................................................................. 3
        (g)  Assignment of Action to the Eureka Division ..................................................... 3
        (h)  Transfer of Actions and Proceedings ................................................................... 3
    3-3.  Assignment of Action to a Judge ...................................................................................... 4
        (a)  Assignment .......................................................................................................... 4
        (b)  Multiple Filings .................................................................................................. 4
        (c)  Refiled Action ..................................................................................................... 4

3-4.  Papers Presented for Filing............................................................................................ 4
    (a)  First Page Requirements................................................................................... 4
    (b)  Caption for Consolidated Cases ..................................................................... 5
    (c)  General Requirements ..................................................................................... 5
    (d)  Citation to Authorities .................................................................................... 5

3-5.  Jurisdictional Statement ............................................................................................... 6
    (a)  Jurisdiction ...................................................................................................... 6
    (b)  Divisional Assignment .................................................................................... 6

3-6.  Jury Demand .................................................................................................................. 6
3-7.  [moved to 23-1] ............................................................................................................. 6
3-8.  Claim of Unconstitutionality ........................................................................................ 6
    (a)  Federal Statute ................................................................................................. 6
    (b)  State Statute ..................................................................................................... 6

3-9.  Parties ............................................................................................................................ 7
    (a)  Natural Person Appearing Pro Se.................................................................... 7
    (b)  Corporation or Other Entity. ........................................................................... 7
    (c)  Government or Governmental Agency ............................................................ 7

3-10.  Ex Parte Motion to Proceed In Forma Pauperis .......................................................... 7
    (a)  Motion to Proceed In Forma Pauperis ........................................................... 7
    (b)  Content of Motion ........................................................................................... 7
    (c)  Determination of the Motion ........................................................................... 7

3-11.  Failure to Notify of Address Change ........................................................................... 8
    (a)  Duty to Notify ................................................................................................. 8
    (b)  Dismissal Due to Failure ................................................................................. 8

3-12.  Related Cases ................................................................................................................ 8
    (a)  Definition of Related Cases ............................................................................ 8
    (b)  Administrative Motion to Consider Whether Cases Should be Related ......... 8
    (c)  Sua Sponte Judicial Referral for Purpose of Determining Relationship ........ 8
    (d)  Content of Motion ........................................................................................... 8
    (e)  Response to Motion ......................................................................................... 8
    (f)  Order Granting or Denying Relationship ........................................................ 9
    (g)  Effect of Order on Case Schedule ................................................................... 9
    (h)  Relating Actions for Review on an Administrative Record. ........................... 9

3-13.  Notice of Pendency of Other Action or Proceeding ..................................................... 9
    (a)  Notice. ............................................................................................................. 9
    (b)  Content of Notice ............................................................................................ 10
    (c)  Procedure After Filing .................................................................................... 10
    (d)  Order................................................................................................................ 10

3-14.  Disqualification of Assigned Judge .............................................................................. 10
3-15.  Disclosure of Conflicts and Interested Entities or Persons........................................... 10
    (a)  Requirements. Each non-governmental party must: ....................................... 10
    (b)  Contents........................................................................................................... 10
    (c)  Form of Certification....................................................................................... 11

4.    PROCESS: ISSUANCE AND SERVICE.................................................................... 12
    4-1.  Limitation on Service by Marshal ................................................................. 12
    4-2.  Service of Supplementary Material ............................................................... 12
5.    SERVICE AND FILING OF PLEADINGS AND OTHER PAPERS ................................... 13
    5-1.  Electronic Case Filing ................................................................................ 13
        (a)    Electronic Filing, Signing, or Verification. ........................................ 13
        (b)    Cases and Parties Subject to Electronic Filing. ................................... 13
        (c)    Registration, Appearance and Access ............................................... 13
        (d)    Filing and Service of Pleadings ....................................................... 14
        (e)    Manual Filing ............................................................................... 15
        (f)    Proposed Orders ........................................................................... 15
        (g)    Exhibits ...................................................................................... 15
        (h)    Service of Electronically Filed Documents ........................................ 16
        (i)    Signatures ................................................................................... 16
        (j)    Sanctions for Non-Compliance ....................................................... 17

    5-2.  Manual Filing [Withdrawn].......................................................................... 17
    5-3.  Facsimile Filings [Withdrawn] ..................................................................... 17
    5-4.  Drop Box Filings ....................................................................................... 17
        (a)    Documents Which May Be Filed ..................................................... 17
        (b)    Drop Box Locations and Availability ............................................... 17
        (c)    Filing Date of Drop Box Documents ................................................ 18

    5-5.  Certificate of Service ................................................................................. 18
        (a)    Form ........................................................................................... 18
        (b)    Sanction for Failure to Provide Certificate ........................................ 18

6.    TIME ................................................................................................................... 19
    6-1.  Enlarging or Shortening Time ...................................................................... 19
        (a)    When Stipulation Permissible Without Court Order ........................... 19
        (b)    When Court Order Necessary to Change Time ................................... 19

    6-2.  Stipulated Request for Order Changing Time .................................................. 19
        (a)    Form and Content .......................................................................... 19
        (b)    Action by the Court ....................................................................... 19

    6-3.  Motion to Change Time .............................................................................. 19
        (a)    Form and Content .......................................................................... 19
        (b)    Opposition to Motion to Change Time .............................................. 20
        (c)    Delivery of Manually Filed Documents to Other Parties ..................... 20
        (d)    Action by the Court ....................................................................... 20

7.    MOTION PRACTICE............................................................................................. 21
    7-1.  Motions ................................................................................................... 21
        (a)    Types of Motions .......................................................................... 21
        (b)    To Whom Motions Made ................................................................ 21
        (c)    Unassigned Case or Judge Unavailable ............................................ 21

    7-2.  Notice and Supporting Papers ...................................................................... 21
        (a)    Time ........................................................................................... 21
        (b)    Form ........................................................................................... 21
        (c)    Proposed Order ............................................................................. 21
        (d)    Affidavits or Declarations ............................................................... 21

7-3.  Opposition; Reply; Supplementary Material ....................................................... 22
    (a)    Opposition ................................................................................................ 22
    (b)    Statement of Nonopposition ..................................................................... 22
    (c)    Reply ......................................................................................................... 22
    (d)    Supplementary Material ........................................................................... 22

7-4.  Brief or Memorandum of Points and Authorities ................................................ 22
    (a)    Content ...................................................................................................... 22
    (b)    Length ....................................................................................................... 23

7-5.  Affidavit or Declaration ...................................................................................... 23
    (a)    Affidavit or Declaration Required ............................................................ 23
    (b)    Form ......................................................................................................... 23

7-6.  Oral Testimony Concerning Motion .................................................................... 23
7-7.  Continuance of Hearing or Withdrawal of Motion ............................................. 23
    (a)    Before Opposition is Filed ....................................................................... 23
    (b)    After Opposition is Filed .......................................................................... 23
    (c)    Keeping Track of Hearing Dates .............................................................. 23
    (d)    Effect on Time for Filing Opposition or Reply ........................................ 23
    (e)    Withdrawal. .............................................................................................. 23

7-8.  Motions for Sanctions — Form and Timing ........................................................ 24
7-9.  Motion for Reconsideration ................................................................................. 24
    (a)    Leave of Court Requirement ..................................................................... 24
    (b)    Form and Content of Motion for Leave .................................................... 24
    (c)    Prohibition Against Repetition of Argument ............................................ 24
    (d)    Determination of Motion .......................................................................... 24

7-10. Ex Parte Motions ................................................................................................. 25
7-11. Motion for Administrative Relief ........................................................................ 25
    (a)    Form and Content of Motions ................................................................... 25
    (b)    Opposition to or Support for Motion for Administrative Relief ............... 25
    (c)    Action by the Court .................................................................................. 25

7-12. Stipulations ......................................................................................................... 25
7-13. Notice Regarding Submitted Matters ................................................................... 25
7-14. Designation Not for Citation [withdrawn] .......................................................... 26

10.    FORM OF PAPERS ........................................................................................................ 27
    10-1. Amended Pleadings ............................................................................................. 27

11.    Attorneys ....................................................................................................................... 28
    11-1. The Bar of this Court .......................................................................................... 28
    11-2. Counsel for the United States .............................................................................. 29
    11-3. Pro Hac Vice ....................................................................................................... 29
    11-4. Standards of Professional Conduct ...................................................................... 30
    11-5. Withdrawal from Case ......................................................................................... 31
    11-6. Discipline ............................................................................................................ 31
        (a)    General ...................................................................................................... 31
        (b)    "Attorney" Defined .................................................................................. 32
        (c)    Standing Committee on Professional Conduct ......................................... 32
        (d)    Professional Conduct Liaison Judge. ........................................................ 32
        (e)    Matters Referred To The Standing Committee ......................................... 32
        (f)    Costs ......................................................................................................... 34

11-7. Reciprocal Discipline and Discipline Following Felony Conviction ........................................ 34
    (a)    Required Notice of Change in Status ........................................ 34
    (b)    Order to Show Cause ........................................ 34

11-8. Sanctions for Unauthorized Practice ........................................ 35
11-9. Student Practice ........................................ 35
    (a)    Permission to Appear ........................................ 35
    (b)    Permitted Activities ........................................ 35
    (c)    Requirements for Eligibility ........................................ 35

16.    CASE MANAGEMENT AND PRETRIAL CONFERENCES ........................................ 37
16-1. Definitions ........................................ 37
16-2. Order Setting Initial Case Management Conference ........................................ 37
    (a)    Issuance and Service of Order ........................................ 37
    (b)    Case Management Schedule in Removed Cases ........................................ 37
    (c)    Case Management Schedule in Transferred Cases ........................................ 37
    (d)    Relief from Case Management Schedule ........................................ 37
    (e)    Limitation on Stipulations ........................................ 37

16-3. Lead Trial Counsel Required to Confer ........................................ 38
16-4. Procedure in Bankruptcy Appeals ........................................ 38
16-5. Procedure in Actions for Review on an Administrative Record ........................................ 38
16-6. Procedure in U.S. Debt Collection Cases ........................................ 38
    (a)    Identification ........................................ 38
    (b)    Assignment ........................................ 38
    (c)    Collection Proceedings ........................................ 38

16-7. Procedure in Other Exempt Cases ........................................ 38
16-8. Alternative Dispute Resolution (ADR) in the Northern District ........................................ 38
    (a)    District Policy Regarding ADR ........................................ 38
    (b)    ADR Certification ........................................ 39
    (c)    Stipulation to ADR Process ........................................ 39
    (d)    Selection at Case Management Conference. ........................................ 39
    (e)    ADR Phone Conference ........................................ 40

16-9. Case Management Statement and Proposed Order ........................................ 40
    (a)    Joint or Separate Case Management Statement ........................................ 40
    (b)    Case Management Statement in Class Action ........................................ 40

16-10.    Case Management Conference ........................................ 41
    (a)    Initial Case Management Conference ........................................ 41
    (b)    Case Management Orders ........................................ 41
    (c)    Subsequent Case Management Conferences ........................................ 42
    (d)    Subsequent Case Management Statements ........................................ 42

23.    CLASS ACTIONS ........................................ 43
23-1. Private Securities Actions ........................................ 43
    (a)    Certification by Filing Party Seeking to Serve as Lead Plaintiff ........................................ 43
    (b)    Filing and Serving Required Notices ........................................ 43
    (c)    Certification by Nonfiling Party Seeking to Serve as Lead Plaintiff. ........................................ 43
    (d)    Certification by Lawyers Seeking to Serve as Class Counsel. ........................................ 43
    (e)    Motion to Serve as Lead Plaintiff ........................................ 44

26.   GENERAL PROVISIONS GOVERNING DISCOVERY ................................................. 45
      26-1. Custodian of Discovery Documents ........................................................... 45
30.   DEPOSITIONS ........................................................................................................ 46
      30-1. Required Consultation Regarding Scheduling .......................................... 46
      30-2. Numbering of Deposition Pages and Exhibits .......................................... 46
            (a)    Sequential Numbering of Pages ......................................... 46
            (b)    Sequential Numbering of Exhibits ..................................... 46
33.   INTERROGATORIES ............................................................................................ 47
      33-1. Form of Answers and Objections ............................................................. 47
      33-2. Demands that a Party Set Forth the Basis for a Denial of a Requested Admission ................. 47
      33-3. Motions for Leave to Propound More Interrogatories Than Permitted by Fed. R. Civ. P. 33 ... 47
34.   PRODUCTION OF DOCUMENTS AND THINGS ................................................. 48
      34-1. Form of Responses to Requests for Production ....................................... 48
36.   REQUESTS FOR ADMISSION ............................................................................. 49
      36-1. Form of Responses to Requests for Admission ........................................ 49
      36-2. Demands that a Party Set Forth the Basis for a Denial of a Requested Admission ................. 49
37.   MOTIONS TO COMPEL DISCLOSURE OR  DISCOVERY OR FOR SANCTIONS .................... 50
      37-1. Procedures for Resolving Disputes .......................................................... 50
            (a)    Conference Between Counsel Required ............................... 50
            (b)    Requests for Intervention During a Discovery Event ......... 50

      37-2. Form of Motions to Compel ...................................................................... 50
      37-3. Discovery Cut-Off; Deadline to File Discovery Motions ......................... 50
      37-4. Motions for Sanctions under Fed. R. Civ. P. 37 ...................................... 51
40.   TRIAL ..................................................................................................................... 52
      40-1. Continuance of Trial Date; Sanctions for Failure to Proceed ................. 52
54.   COSTS ..................................................................................................................... 53
      54-1. Filing of Bill of Costs ............................................................................... 53
            (a)    Time for Filing and Content .............................................. 53
            (b)    Effect of Service ............................................................... 53
            (c)    Waiver of Costs ................................................................ 53

      54-2. Objections to Bill of Costs ........................................................................ 53
            (a)    Time for Filing Objections ................................................ 53
            (b)    Meet and Confer Requirement ........................................... 53

      54-3. Standards for Taxing Costs ....................................................................... 53
            (a)    Fees for Filing and Service of Process ............................... 53
            (b)    Reporters' Transcripts ....................................................... 53
            (c)    Depositions ....................................................................... 53
            (d)    Reproduction and Exemplification ..................................... 54
            (e)    Witness Expenses .............................................................. 54
            (f)    Fees for Masters and Receivers .......................................... 54
            (g)    Costs on Appeal ................................................................ 54
            (h)    Costs of Bonds and Security .............................................. 54

      54-4. Determination of Taxable Costs ................................................................ 54
            (a)    Supplemental Documentation ............................................ 54
            (b)    Taxation of Costs .............................................................. 54

54-5. Motion for Attorney's Fees ........................................................................................... 54
    (a)    Time for Filing Motion ................................................................................. 54
    (b)    Form of Motion ............................................................................................. 55

56.    SUMMARY JUDGMENT ................................................................................................ 56
56-1. Notice of Motion ................................................................................................... 56
56-2. Separate or Joint Statement of Undisputed Facts ................................................. 56
    (a)    No Separate Statement Allowed Without Court Order ................................. 56
    (b)    Procedure if Joint Statement Ordered .......................................................... 56

56-3. Issues Deemed Established ..................................................................................... 56
65.    INJUNCTIONS ................................................................................................................. 57
65-1. Temporary Restraining Orders .............................................................................. 57
    (a)    Documentation Required .............................................................................. 57
    (b)    [Withdrawn] .................................................................................................. 57
    (c)    Form of Temporary Restraining Order ........................................................ 57
    (d)    Notification to Clerk ..................................................................................... 57

65-2. Motion for Preliminary Injunction ........................................................................ 57
65.1  SECURITY ....................................................................................................................... 58
    65.1-1.    Security ................................................................................................ 58
    (a)    When Required .............................................................................................. 58
    (b)    Qualifications of Surety ................................................................................ 58
    (c)    Court Officer as Surety ................................................................................. 58
    (d)    Examination of Surety .................................................................................. 58

66.    PREJUDGMENT REMEDIES ......................................................................................... 59
66-1. Appointment of Receiver ....................................................................................... 59
    (a)    Time for Motion ........................................................................................... 59
    (b)    Temporary Receiver ..................................................................................... 59
    (c)    Permanent Receiver ...................................................................................... 59
    (d)    Parties to be Notified .................................................................................... 59
    (e)    Bond .............................................................................................................. 59

66-2. Employment of Attorneys, Accountants or Investigators ..................................... 59
66-3. Motion for Fees ..................................................................................................... 59
66-4. Deposit of Funds ................................................................................................... 59
66-5. Reports .................................................................................................................. 59
66-6. Notice of Hearings ................................................................................................ 59
72.    MAGISTRATE JUDGES; PRETRIAL ORDERS .......................................................... 61
72-1. Powers of Magistrate Judge .................................................................................. 61
72-2. Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge ........ 61
72-3. Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge ........ 61
    (a)    Form of Motion and Response ...................................................................... 61
    (b)    Associated Administrative Motions ............................................................. 61
    (c)    Record before District Judge ........................................................................ 61

73.    MAGISTRATE JUDGES; TRIAL BY CONSENT ......................................................... 63
73-1. Time for Consent to Magistrate Judge .................................................................. 63
    (a)    Cases Initially Assigned to a Magistrate Judge ........................................... 63
    (b)    Cases Initially Assigned to a District Judge ................................................ 63

77.    DISTRICT COURT AND CLERK ................................................................ 64
 77-1. Locations and Hours ................................................................ 64
  (a)    Locations ................................................................ 64
  (b)    Hours ................................................................ 64

 77-2. Orders Grantable by Clerk ................................................................ 64
 77-3. Remote Public Access to Court Proceedings [Revised] ................................ 64
 77-4. Official Notices ................................................................ 65
  (a)    Bulletin Board ................................................................ 66
  (b)    Website ................................................................ 66
  (c)    Newspapers ................................................................ 66

 77-5. Security of the Court ................................................................ 66
 77-6. Weapons in the Courthouse and Courtroom ................................................ 66
  (a)    Prohibition on Unauthorized Weapons ................................................ 66
  (b)    Use of Weapons as Evidence ................................................ 66

 77-7. Court Library ................................................................ 66
 77-8. Complaints Against Judges ................................................................ 66
79.    BOOKS AND RECORDS KEPT BY THE CLERK ................................................ 68
 79-1. Transcript and Designation of Record on Appeal ......................................... 68
 79-2. Exclusions from Record on Appeal ................................................ 68
 79-3. Files; Custody and Withdrawal ................................................ 68
 79-4. Custody and Retention of Trial Exhibits ................................................ 68
  (a)    Custody of Exhibits During Trial or Evidentiary Hearing ........................... 68
  (b)    Retention of Exhibits Upon Conclusion of Proceeding ............................... 68

 79-5. Filing Documents Under Seal in Civil Cases ................................................ 69
83.    AMENDMENT OF THE LOCAL RULES ................................................ 72
 83-1. Method of Amendment ................................................................ 72
 83-2. Procedure for Public Comment on Local Rules ............................................. 72
  (a)    Public Submissions ................................................................ 72
  (b)    Publication ................................................................ 72

CIVIL LOCAL RULES

# 1.  TITLE; SCOPE; DEFINITIONS

**1-1.**   **Title**

These are the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California. They should be cited as "Civil L.R.___ "

**1-2.**   **Scope, Purpose and Construction**

**(a)**   **Scope**. These local rules are promulgated pursuant to 28 U.S.C. § 2071 and Fed. R. Civ. P. 83. They apply to civil actions filed in this Court. The Court also has promulgated separate local rules in the following subject areas:

**(1)**   Admiralty and Maritime;

**(2)**   Alternative Dispute Resolution;

**(3)**   Bankruptcy;

**(4)**   Criminal Proceedings;

**(5)**   Habeas Corpus Petitions; and

**(6)**   Patent.

**(b)**   **Supplement to Federal Rules**. These local rules supplement the applicable Federal Rules. They shall be construed so as to be consistent with the Federal Rules and to promote the just, efficient, speedy, and economical determination of every action and proceeding.

**(c)**   **Temporary Suspension of Local Rules.**  Any of these Local Rules may be temporarily suspended for good cause by General Order or by Order of the Chief Judge.

**1-3.**   **Effective Date**

These rules take effect on November 1, 2021. They govern civil cases filed on or after that date. For actions pending on November 1, 2021, if fewer than ten days remain to perform an act otherwise governed by these rules, the provisions of the local rules that were in effect on October 31, 2021, shall apply to that act.

**1-4.**   **Sanctions and Penalties for Noncompliance**

Failure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized sanction.

**1-5.**   **Definitions**

**(a)**   **Clerk**. "Clerk" refers to the Clerk or a Deputy Clerk of the Court.

**(b)**   **Court**. Except where the context otherwise requires, the word "Court" refers to the United States District Court for the Northern District of California and to a Judge acting on behalf of that Court with respect to a matter within the Court's jurisdiction.

**(c)**   **Day**. For computation of time under these local rules, "day" shall have the meaning given in Fed. R. Civ. P. 6(a).

**(d)**   **Ex parte**. "Without other party." Ex parte means contact with the Court without the advance knowledge or contemporaneous participation of all other parties.

**(e)** **File**. "File" means delivery to and acceptance by the Clerk of a document, including an electronic document, which is approved for filing and which will be included in the official files of the Court and noted in the docket of the case.

**(f)** **Fed. R. Civ. P**. "Fed. R. Civ. P." means the Federal Rules of Civil Procedure.

**(g)** **Fed. R. Crim. P**. "Fed. R. Crim. P." means the Federal Rules of Criminal Procedure.

**(h)** **Fed. R. App. P**. "Fed. R. App. P." means the Federal Rules of Appellate Procedure.

**(i)** **Federal Rule**. "Federal Rule" means any applicable Federal Rule.

**(j)** **General Orders**. "General Orders" are made by the Chief Judge or by the Court relating to Court administration. When the Court deems it appropriate, a General Order also may be used to promulgate modifications of these local rules. Such General Orders shall remain in effect until the rules are properly amended.

**(k)** **General Duty Judge**. The "General Duty Judge" is the Judge designated by the Chief Judge to act for the Court in matters for which there is no assigned Judge, or when the assigned Judge is unavailable. The name of the Judge serving as General Duty Judge shall be made available by the office of the Clerk.

**(l)** **Judge**. Unless the context otherwise indicates, the term "Judge," or "assigned Judge" refers to any United States District Judge, any United States Bankruptcy Judge, or to any full-time or part-time United States Magistrate Judge.

**(m)** **Lodge**. When a statute, rule, or order permits a document to be submitted to the Court but does not permit the document to be "filed" (e.g., proposed trial exhibits or deposition transcripts), the document may be "lodged" with the Clerk's office. The Clerk will stamp the document "Received" and promptly deliver it to the Chambers of the Judge for whom the document is intended.

**(n)** **Meet and confer**. "Meet and confer" or "confer" means to communicate directly and to discuss in good faith the issue(s) required under the particular Rule or order. Unless these Local Rules otherwise provide or a Judge otherwise orders, such communication may take place by telephone. The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to "meet and confer" or to "confer." Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation.

**Commentary**
See Fed. R. Civ. P. 26(f).

**(o)** **Standing Orders of Individual Judges**. "Standing Orders" are orders by a Judge governing the conduct of a class or category of actions or proceedings assigned to that Judge. It is the policy of the Court to provide notice of any applicable Standing Orders to parties before they are subject to sanctions for violating such orders. Nothing in these local rules precludes a Judge from issuing Standing Orders to govern matters not covered by these local rules or by the Federal Rules.

**(p)** **Unavailability**. This Court is in continuous session. To the extent reasonably feasible, each active Judge of this Court will be available at his or her assigned courthouse during the normal hours the Clerk has established pursuant to Civil L.R. 77-1. A Judge who will be absent from the District for one court day or more shall post a notice to that effect on the official calendar of the Court. If a Judge is unavailable, any motion or matter requesting immediate judicial determination shall be referred to the General Duty Judge. If the General Duty Judge is unavailable, the Clerk shall assign the matter to any available Judge of this Court.

# 3.  COMMENCEMENT AND ASSIGNMENT OF ACTION

## 3-1.  Regular Session

The Court shall be in continuous session in the following locations: San Francisco Division, Oakland Division, San Jose Division, and Eureka Division. From time to time sessions may be held at other locations within the district as the Court may order.

## 3-2.  Commencement and Assignment of Action

**(a)**    **Civil Cover Sheet Required by Litigants Unrepresented by Counsel ("pro se")**. Pro se litigants (except pro se prisoners) must file a completed cover sheet, on a form provided by the Clerk's Office, with any document initiating a civil action.

**(b)**    **Commencement of Action**. An action may be commenced within the meaning of Fed. R. Civ. P. 3 at any office of the Clerk for this district. In cases that permit or require manual filing, once an action is commenced, subsequent manual filings may be made in any division within the district, except that manual filings in matters assigned to the San Francisco, San Jose, or Oakland divisions may not be filed in the Eureka-McKinleyville division.

**(c)**    **Assignment to a Division**. The Clerk shall assign civil actions and proceedings pursuant to the Court's Assignment Plan (General Order No. 44). For those case categories which are not district-wide, the Clerk shall assign the case to the court division serving the county in which the action arises.  A civil action arises in the county where a substantial part of the events or omissions giving rise to the claim occurred, or where a substantial part of the property that is the subject of the action is situated.

**(d)**    **San Francisco and Oakland**. Except as provided in Civil L.R. 3-2(c), all civil actions that arise in the counties of Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo or Sonoma shall be assigned to the San Francisco Division or the Oakland Division.

**(e)**    **San Jose**. Except as provided in Civil L.R. 3-2(c), all civil actions that arise in the counties of Santa Clara, Santa Cruz, San Benito or Monterey shall be assigned to the San Jose Division.

**(f)**    **Eureka**. Except as provided in Civil L.R. 3-2(c), all civil actions that arise in the counties of Del Norte, Humboldt, Lake, and Mendocino, except for cases not assigned to the Magistrate Judges pursuant to the Court's Assignment Plan, shall be assigned to the Eureka Division.

**Cross Reference**
See General Order No. 44, Assignment Plan.

**(g)**    **Assignment of Action to the Eureka Division**. All cases assigned to the Eureka Division shall be assigned to the full-time Magistrate Judge presiding in that division. Such assignments are subject to the provisions of Civil L.R. 73 and require the consent of the parties. Any case for which all parties do not consent will be reassigned to a District Judge in the San Francisco, Oakland, or San Jose division.

**(h)**    **Transfer of Actions and Proceedings**. Whenever a Judge finds, upon the Judge's own motion or the motion of any party, that (1) a civil action has not been assigned to the proper division within this district in accordance with this rule, or (2) that the convenience of the parties and witnesses and the interests of justice will be served by transferring the action to a different division within the district, the Judge may order such transfer, subject to the provisions of the Court's Assignment Plan.

**3-3.    Assignment of Action to a Judge**

> **(a)    Assignment**. Immediately upon the filing of any civil action and its assignment to a division of the Court pursuant to Civil L.R. 3-2, the Clerk shall assign it to a Judge pursuant to the Assignment Plan of the Court (General Order No. 44). The Clerk may not make or change any assignment, except as provided in these local rules or in the Assignment Plan .

> **(b)    Multiple Filings**. Any single action filed in more than one division of this Court shall be transferred pursuant to Civil L.R. 3-2(h).

> **(c)    Refiled Action**. If any civil action or claim of a civil action is dismissed and subsequently refiled, the refiling party must file a Motion to Consider Whether Cases Should be Related pursuant to Civil L.R. 3-12. Upon a determination by a Judge that an action or claim pending before him or her is covered by this Local Rule, that Judge may transfer the refiled action to the Judge originally assigned to the action which had been dismissed. Any party who files an action in multiple divisions or dismisses an action and subsequently refiles it for the purpose of obtaining an assignment in contravention of Civil L.R. 3-3(b) shall be subject to appropriate sanctions.

**3-4.    Papers Presented for Filing**

> **(a)    First Page Requirements**. The first page of each paper presented for filing must set forth:

>> **(1)**    The name, address, telephone number, email address, and state bar number of counsel (or, if pro se, the name, address, telephone number, and email address of the party) presenting the paper for filing. This information must appear in the upper left hand corner and must indicate the party represented by name as well as that party's status in the litigation (i.e., plaintiff, defendant, etc.). In multiparty actions or proceedings, reference may be made to the signature page for the complete list of parties represented;

>> **Cross Reference**
>> See Civil L.R. 3-9 "*Parties*"; Civil L. R. 3-11 *"Failure to Notify of Address Change*;" and Civil L.R. 11-3(e) "*Appearances and Service on Local Co-Counsel.*

>> **(2)**    If not proceeding pro se and if proceeding *pro hac vice* in conformity with Civil L.R. 11-3, following the information required in Civil L.R. 3-4(a)(1), the name, address, telephone and state bar number of the member of the bar of the Court who maintains an office within the State of California; and

>> **(3)**    Commencing on the eighth line of the page (except where additional space is required for counsel identification) there must appear:

>>> **(A)**    The title of this Court, including the appropriate division or location;

>>> **(B)**    The title of the action;

>>> **(C)**    The case number of the action followed by the initials of the assigned District Judge or Magistrate Judge and, if applicable, the initials of the Magistrate Judge to whom the action is referred for discovery or other pretrial activity;

>>> **(D)**    A title describing the paper; and

>>> **(E)**    Any other matter required by Civil L.R. 3.

**(4)** Any complaint or Notice of Removal of Action seeking review of federal agency determinations in immigration cases, Privacy Act cases, or Administrative Procedure Act cases must include, under the title of the document, whichever of the following is applicable: "Immigration Case," "Privacy Act Case," or "Administrative Procedure Act Case."

**(5)** **Presentation of Class Action**. If any complaint, counterclaim or cross-claim is sought to be maintained as a class action, it must bear the legend "Class Action" on its first page below the title describing the paper as a complaint, counterclaim or cross-claim.

**(b)** **Caption for Consolidated Cases**. When filing papers in cases consolidated pursuant to Fed. R. Civ. P. 42, the caption of each paper must denote the lead case number above all consolidated case numbers. Duplicate originals, however, are not required for associated cases.

**(c)** **General Requirements**

**(1)** **Paper**. Papers presented for manual filing must be on 8½ inch by 11 inch white paper with numbered lines, and must be flat, unfolded (unless necessary for the presentation of exhibits), without back or cover, and firmly bound.

**(2)** **Written Text**. Text must appear on one side only and must be double-spaced with no more than 28 lines per page, except for the identification of counsel, title of the case, footnotes, and quotations. Unless a Judge's standing order or other instruction from the court requires otherwise, text, including footnotes and quotations, must be:

**(A)** in a standard, proportionally spaced font (e.g., Times New Roman or Century Schoolbook);

**(B)** in 12 point type or larger; and

**(C)** spaced no more than 10 characters per horizontal inch.

**(3)** **Identification of Paper**. Except for exhibits, each paper filed with the Court must bear a footer on the lower margin of each page stating the title of the paper (e.g., "Complaint," "Defendant's Motion for Summary Judgment," etc.) or some clear and concise abbreviation. Once the Court assigns a case number to the action, that case number must be included in the footer.

**Commentary**

When a case is first filed, the footer on each page of the complaint need only bear the title of the paper (e.g., "Complaint"), but after assignment of a case number on filing, that number must be included in footers on any subsequently prepared papers (e.g., "Defendant's Motion for Summary Judgment – 21-cv-12345-ABC.")

**(d)** **Citation to Authorities**. Unless otherwise directed by the assigned Judge, citation to authorities in any paper must include:

**(1)** In any citation to an Act of Congress, a parallel citation to the United States Code by title, section and date;

**(2)** In any citation to U.S. regulations, a citation to the Code of Federal Regulations by title and section, and the date of promulgation of the regulation;

**(3)** In any citation to a U.S. Supreme Court Case, a citation to United States Reports, Lawyers' Edition, or Supreme Court Reporter. If the case is not yet available in

any of those formats but is available on electronic databases, citation must indicate the database, year, and any screen or page numbers, if assigned;

**(4)** In any citation to other federal courts, unless an alternate reporting service is widely available, a citation to the Federal Reporter, Federal Supplement, or Federal Rules Decisions must be used. If the case is not yet available in those formats but is available on electronic databases, citation must indicate the database, year, and any screen or page numbers, if assigned; and

**(5)** In any citation to a state court, citations must include either the official reports or any official regional reporting service (e.g., West Publishing). If the case is not yet available in those formats but is available on electronic databases, citation must indicate the database, year, and any screen or page numbers, if assigned.

### 3-5. Jurisdictional Statement

**(a)** **Jurisdiction**. Each complaint, petition, counterclaim, and cross-claim must include a separate paragraph entitled "Jurisdiction." The paragraph will identify the statutory or other basis for federal jurisdiction and the facts supporting such jurisdiction.

**(b)** **Divisional Assignment**. Each complaint or petition must include a paragraph entitled "Divisional Assignment." The paragraph must identify any basis for assignment to a particular location or division of the Court pursuant to Civil L.R. 3-2(c).

### 3-6. Jury Demand

A party may demand a jury trial as provided in Fed. R. Civ. P. 38(b). When a demand for jury trial is included in a pleading, the demand must be set forth at the end of the pleading. When the demand is made by a party who is represented by counsel, the pleading must be signed by the attorney for the party making the demand. In the caption of such pleading, immediately following the title of the pleading, the following must appear: "DEMAND FOR JURY TRIAL."

**Commentary**

See *Wall v. Nat'l R.R. Passenger Corp.*, 718 F.2d 906, 909 (9th Cir. 1983) (holding that "checking the jury demand box on the civil cover sheet is insufficient to meet the requirements of rule 38(b)").

### 3-7. [moved to 23-1]

### 3-8. Claim of Unconstitutionality

**(a)** **Federal Statute**. In any action in which the constitutionality of an Act of Congress is questioned and neither the United States nor any officer, agency, or employee thereof is a party, counsel raising the question must file a notice of such claim with the assigned Judge (or, if no assignment has been made, the Chief Judge) and serve a copy of such notice on the United States Attorney for this district. The notice must identify the statute and describe the basis for the claim that it is unconstitutional. The party must file the notice with a certificate of service pursuant to Civil L.R. 5-5.

**(b)** **State Statute**. In any action in which the constitutionality of a state statute is questioned and neither the state nor an agency, officer or employee of the state is a party, counsel raising the question must file notice of such claim with the assigned Judge (or, if no assignment has been made, the Chief Judge) and serve a copy of such notice on the State Attorney General. The notice must identify the statute and describe the basis for the claim that it is unconstitutional. The party must file the notice with a certificate of service pursuant to Civil L.R. 5-5.

**Cross Reference**
See 28 U.S.C. § 2403.

**3-9.  Parties**

(a)  **Natural Person Appearing Pro Se**. Any party representing him or herself without an attorney must appear personally and may not delegate that duty to any other person who is not a member of the bar of this Court. A person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules. Sanctions (including default or dismissal) may be imposed for failure to comply with local rules.

**Cross Reference**
See Civil L.R. 11-1 "*The Bar of this Court.*"

(b)  **Corporation or Other Entity.** A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court.

**Cross Reference**
See Civil L.R. 11-1 "*The Bar of this Court.*"

(c)  **Government or Governmental Agency**. When these rules require an act be done personally by the party, and the party is a government or a governmental agency, the act must be done by a representative of the government or governmental agency who is knowledgeable about the facts of the case and the position of the government, and who has, to the greatest extent feasible, authority to do the required act.

**Cross Reference**
See Civil L.R. 11-2 "*Attorneys for the United States.*"
See also ADR L.R. 5-10(a)(2) and 6-9(a)(2).

**3-10.  Ex Parte Motion to Proceed In Forma Pauperis**

(a)  **Motion to Proceed In Forma Pauperis**. At the commencement of an action, any person wishing the Court to authorize prosecution or defense of the action without payment of fees or security, pursuant to 28 U.S.C. § 1915, must submit, with the proposed complaint, an Ex Parte Motion to Proceed In Forma Pauperis, pursuant to Civil L.R. 7-11. The Clerk shall file the complaint, assign a case number, and assign a presiding Judge.

(b)  **Content of Motion**. The motion must contain:

(1)  A request to proceed in forma pauperis;

(2)  An affidavit or declaration under penalty of perjury providing the information required by Title 28 U.S.C. § 1915, on a form available at the Office of the Clerk and on the Court's website, or an equivalent form; and

(3)  A proposed order.

(c)  **Determination of the Motion**. The Judge may grant the motion, grant the motion (subject to partial payment of fees, costs or security), or deny the motion. If the motion is granted in part or denied, the order will state that the action is dismissed unless any outstanding fees, costs, or security is paid within the time set in the order.

**Commentary**
If, during the pendency of an action, any person wishes to prosecute or defend an action in forma pauperis, the person must file an Administrative Motion to Proceed In Forma Pauperis pursuant to Civil L.R. 7-11.

**3-11.    Failure to Notify of Address Change**

    **(a)    Duty to Notify**. An attorney or a party proceeding pro se whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address.

    **(b)    Dismissal Due to Failure**. The Court may, without prejudice, dismiss a complaint or strike an answer when:

        **(1)**    Mail directed to the attorney or pro se party by the Court has been returned to the Court as not deliverable; and

        **(2)**    The Court fails to receive within 60 days of this return a written communication from the attorney or pro se party indicating a current address.

**3-12.    Related Cases**

    **(a)    Definition of Related Cases**. An action is related to another when:

        **(1)**    The actions concern substantially the same parties, property, transaction, or event; and

        **(2)**    It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

    **(b)    Administrative Motion to Consider Whether Cases Should be Related**. Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11. In addition to complying with Civil L.R. 7-11, a copy of the motion, together with proof of service pursuant to Civil L.R. 5-5, must be served on all known parties to each apparently related action. A courtesy copy of the motion must be lodged with the assigned Judge in each apparently related case under Civil L.R. 5-1(d)(7).

    **(c)    Sua Sponte Judicial Referral for Purpose of Determining Relationship**. Whenever a Judge believes that a case pending before that Judge is related to another case, the Judge may refer the case to the Judge assigned to the lowest-numbered case with a request that the Judge assigned to the lowest-numbered case consider whether the cases are related. The referring Judge shall file and send a copy of the referral to all parties to all affected cases. The parties must file any response in opposition to or support of relating the cases pursuant to Civil L.R. 3-12(e). Alternatively, a Judge may order the parties to file a motion pursuant to Civil L.R. 3-12(b).

    **(d)    Content of Motion**. An Administrative Motion to Consider Whether Cases Should be Related must contain:

        **(1)**    The title and case number of each apparently related case;

        **(2)**    A brief statement of the relationship of the actions according to the criteria set forth in Civil L.R. 3-12(a).

    **(e)    Response to Motion**. Any opposition to or support of a Motion to Consider Whether Cases Should be Related must be filed in the lowest-numbered case pursuant to Civil L.R. 7-11. The opposition or statement of support must specifically address the issues in Civil L.R. 3-12(a) and (d) and be served on all parties and lodged with the Chambers of all Judges identified in the motion. If the motion identifies more than two potentially

related cases, and a party contends that not all of the cases are related, the party must address whether any of the cases are related to one another.

**(f)** **Order Granting or Denying Relationship**. Upon a motion by a party or a referral by another Judge, after the time for filing support or opposition to the Motion to Consider Whether Cases Should Be Related has passed, the Judge in this District who is assigned to the lowest-numbered case will decide if the cases are or are not related and will notify the Clerk, who, in turn, will notify the parties.

  **(1)** Due to the need for parties and affected Judges to have a speedy determination of the motion or referral, the Judge assigned to the lowest-numbered case shall act on the motion or referral within 14 days after the date a response is due. If the Judge assigned to the lowest-numbered case is not available for that period, the Clerk or counsel may bring the motion or referral to the General Duty Judge.

  **(2)** If the Judge assigned to the lowest-numbered case decides that the cases are not related, no change in case assignment will be made. In cases where there are more than two potentially related cases, the Clerk shall submit the order to the Judges assigned to the other cases in order of filing with a form of order to decide within 14 days if the cases are or are not related. If no Judge relates any of the remaining cases, no change in case assignment will be made.

  **(3)** If any Judge decides that any of the cases are related, pursuant to the Assignment Plan, the Clerk shall reassign all related higher-numbered cases to that Judge and shall notify the parties and the affected Judges accordingly.

**(g)** **Effect of Order on Case Schedule**. The case management conference in any reassigned case will be rescheduled by the newly assigned Judge. The parties shall adjust the dates for the conference, disclosures, and report required by Fed. R. Civ. P. 16 and 26 accordingly. Unless the assigned Judge otherwise orders, upon reassignment, any deadlines set by the ADR Local Rules remain in effect and any dates for hearing noticed motions are automatically vacated and must be renoticed by the moving party before the newly assigned Judge. For cases ordered related after the initial case management conference, unless the assigned Judge otherwise orders, any deadlines established in the case management order shall continue to govern, except for the trial date, which will be rescheduled by the assigned Judge.

**(h)** **Relating Actions for Review on an Administrative Record.** Whenever the District Court remands an action to a federal agency to conduct further administrative proceedings and, after those proceedings, the plaintiff files an action for District Court review on the post-remand administrative record, plaintiff must promptly file in the first action an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civ. L.R. 3-12(b).

## 3-13. Notice of Pendency of Other Action or Proceeding

**(a)** **Notice.** Whenever a party knows or learns that an action filed or removed to this district involves all or a material part of the same subject matter and all or substantially all of the same parties as another action which is pending in any other federal or state court, the party must promptly file with the Court in the action pending before this Court and serve all opposing parties in the action pending before this Court with a Notice of Pendency of Other Action or Proceeding. If two representative (e.g., class, collective, PAGA, etc.) actions involve overlapping claims (i.e., the definitions of covered individuals overlap and the claims asserted overlap), they fall within the coverage of this rule.

    **(b)**    **Content of Notice**. A Notice of Pendency of Other Action or Proceeding must contain:

       **(1)**   A description of the other action;

       **(2)**   A copy of the operative complaint in the other action; and

       **(3)**   A brief statement of:

          **(A)**   The procedural posture of the other action;

          **(B)**   The relationship of the other action to the action or proceeding pending in this district, and the nature of the overlap of subject matter and/or parties; and

          **(C)**   If the other action is pending in another U.S. District Court, whether transfer should be effected pursuant to 28 U.S.C. § 1407 (Multi District Litigation Procedures) or whether other coordination might avoid conflicts, conserve resources and promote an efficient determination of the action; or

          **(D)**   If the other action is pending before any state court, whether proceedings should be coordinated to avoid conflicts, conserve resources and promote an efficient determination of the action.

    **(c)**    **Procedure After Filing**. No later than 14 days after service of a Notice of Pendency of Other Action, any party may file with the Court a statement supporting or opposing the notice. Such statement will specifically address the issues in Civil L.R. 3-13(b).

    **(d)**    **Order**. After the time for filing support or opposition to the Notice of Pendency of Other Actions or Proceedings has passed, the Judge assigned to the case pending in this district may make appropriate orders.

## 3-14.  Disqualification of Assigned Judge

Whenever an affidavit of bias or prejudice directed at a Judge of this Court is filed pursuant to 28 U.S.C. § 144, and the Judge has determined not to recuse him or herself and found that the affidavit is neither legally insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge.

**Commentary**

Recusal under 28 U.S.C. § 455 is normally undertaken by a Judge sua sponte. However, counsel may bring the issue to a Judge's attention by formal motion or raise it informally at a Case Management Conference or by a letter to the Judge, with a copy to the other parties in the case. This rule does not preclude a Judge from referring matters arising under 28 U.S.C. § 455 to the Clerk so that another Judge can determine disqualification. See also Civil L.R. 3-15.

## 3-15.  Disclosure of Conflicts and Interested Entities or Persons

    **(a) Requirements**. Each non-governmental party must:

       **(1)**   file a "Certification of Conflicts and Interested Entities or Persons" with its first appearance, filing, or other request addressed to the court;

       **(2)**   file such Certification as a separate document; and

       **(3)**   promptly file a supplemental Certification if any required information changes.

    **(b) Contents.**

       **(1)**   The Certification must disclose whether the party is aware of any conflict, financial or otherwise, that the presiding judge may have with the parties to the litigation.

**(2)** The Certification must also disclose any persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or any other entities, other than the parties themselves, known by the party to have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**(3)** For purposes of this Rule, the terms "proceeding" and "financial interest" shall have the meaning assigned by 28 U.S.C. § 455 (d)(1), (3) and (4), respectively.

**(c) Form of Certification**.

**(1)** If there is a conflict about which the party is aware, the Certification shall state:

"Pursuant to Civil L.R. 3-15, the undersigned certifies that it is believed that the court has a conflict with (List names). Signature, Attorney of Record or Pro Se Party."

**(2)** If there is an interest to be disclosed, the Certification shall state:

"Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: (List names and identify their connection and interest). Signature, Attorney of Record or Pro Se Party."

**(3)** If there is no conflict or interest to be disclosed, the Certification shall state:

"Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict or interest (other than the named parties) to report. Signature, Attorney of Record or Pro Se Party."

# 4.   PROCESS: ISSUANCE AND SERVICE

## 4-1.   Limitation on Service by Marshal

Except for service on behalf of the United States or as required by Fed. R. Civ. P. 4(c)(2), or unless the Court orders otherwise for good cause shown, service of summons in a civil action shall not be made by the United States Marshal.

**Commentary**

28 U.S.C. § 566(c) provides that the United States Marshal shall execute writs, process and orders issued under the authority of the United States.

## 4-2.   Service of Supplementary Material

Along with the complaint and the summons or request for waiver of service, a party subject to Civil L.R. 16-2(a), (b), or (c), must serve the following Supplementary Material:

**(a)**   A copy of the Order Setting Initial Case Management Conference and ADR deadlines issued pursuant to Civil L.R. 16-2(a), (b) or (c);

**(b)**   Any pertinent Standing Orders of the assigned Judge;

**(c)**   A copy of the assigned Judge's order and instructions for the preparation of a Case Management Statement or, if none, the Court's form found at, pursuant to Civil L.R. 16-10; and

**(d)**   Except in cases assigned at the time of filing to a Magistrate Judge, a copy of the form allowing a party to consent to assignment of the case to a Magistrate Judge.

**Commentary**

The Clerk will provide the filing party with a copy of the Order Setting Initial Case Management Conference and ADR Deadlines, the form for Consent to Assignment of the Case to a Magistrate Judge, the form for preparation of the Case Management Statement, and any pertinent Standing Orders. The party must make copies of the schedules and forms for service. The Court's ADR processes and procedures are described in the handbook entitled "Dispute Resolution Procedures in the Northern District of California" available on the Court's ADR webpage, cand.uscourts.gov/adr. Limited printed copies of the ADR handbook are available from the Clerk's Office for parties in cases not subject to the Court's Electronic Case Filing (ECF) program under Civil L.R. 5-1(b).

# 5.  SERVICE AND FILING OF PLEADINGS AND OTHER PAPERS

## 5-1.  Electronic Case Filing

    **(a)**   **Electronic Filing, Signing, or Verification.** Pursuant to Fed. R. Civ. P. 5(d)(3), papers may be filed, signed, or verified by electronic means.

    **(b)**   **Cases and Parties Subject to Electronic Filing.** All cases, except where exempted by court order, are designated for participation in the Court's Electronic Case Filing ("ECF") system. Documents in sealed cases must be filed according to procedures established by the Clerk's Office and published on the Court's website. Sealed documents within unsealed cases shall be filed electronically, in compliance with Civil L.R. 79-5. Pro se parties must file case-initiating documents manually in each new action brought in the court.  After manually filing case-initiating documents, pro se parties may file subsequent documents in the same case manually, or may register for ECF and file subsequent documents in the same case electronically. Parties represented by counsel in a case involving a pro se party must file documents electronically and serve them manually on the pro se party, unless the pro se party is a registered ECF user.

**Commentary**

Procedures and instructions for using the Court's ECF system consistent with these policies may be found on the Court's ECF webpage at <u>cand.uscourts.gov/cases-e-filing/cm-ecf/</u>. In addition to providing access to filing and retrieval of documents, the ECF webpage also contains instructions, a user manual, tutorials, an extensive listing of Frequently Asked Questions ("FAQs"), and information regarding changes in the ECF system, among other items. The initial point of contact for anyone having trouble filing a document on the ECF system is the email address or toll-free number posted on the Court's ECF webpage.

    **(c)**   **Registration, Appearance and Access**

        **(1)**   **Attorney's Obligation to Register.** Each attorney of record is obligated to become an ECF user and obtain a user ID and password for access to the system upon filing a case in this district or before e-filing a document in an existing case in this district. Registration shall be on a form prescribed by the Clerk, which can be found on the ECF webpage at <u>cand.uscourts.gov/cases-e-filing/cm-ecf/</u>.

        **(2)**   **Notice of Appearance**

            **(A)**   A Notice of Appearance must be e-filed whenever counsel joins a case.

            **(B)**   If counsel from the same firm replace one another as the representative of a client, a Notice of Substitution of Counsel must be e-filed.

            **(C)**   If a particular counsel ceases to be involved with a case when the party is still represented by other counsel, a Notice of Change in Counsel must be e-filed.

            **(D)**   The withdrawal of a party's sole remaining counsel is governed by Civil L.R. 11-5 and requires an order of the Court.

            **(E)**   The replacement of one firm by another as counsel for a party is governed by Civil L.R. 11-5 and requires an order of the Court.

        **(3)**   **Obligation to Keep Account Information Current.** An ECF user ID and password is the equivalent of a permanent, individual electronic signature for a registered attorney. Registered attorneys are required to keep their contact

information current and may update their email address online via the ECF webpage.

**(4) Authorizing Use of User ID and Password by Others.** An ECF user may authorize another person to electronically file a document using the user ID and password of the ECF user. Nevertheless, the ECF user retains full responsibility for any document so filed.

**(5) Access**

**(A) Filing.** Only the attorney-of-record as described in section (c)(1), a person authorized by the attorney-of-record as described in section (c)(4), or a pro se party who has registered for ECF as described in section (b) may electronically file documents.

**(B) Retrieval.** Any person may review at the Clerk's Office all filings, electronic or paper, that have not been sealed by the Court. Any ECF user also may access the ECF system and retrieve electronically filed documents that are not sealed, with the following exception:

**(i) Exception.** Only counsel for a party, or a pro se party who is an ECF user, may access the ECF system and retrieve any electronically filed document in a Social Security appeal or certain immigration cases pursuant to Fed. R. Civ. P. 5.2(c). Any other ECF user may access and retrieve electronically only the docket for the case and any orders entered by the Court. Any person may have access to the full record at the Clerk's Office.

Commentary

Anyone who is a PACER user (even if not an ECF user) may retrieve publicly available documents in any case electronically filed in this district or nationwide.

**(d) Filing and Service of Pleadings**

**(1) Filing Initiating Documents.** Except for manual filings by a pro se party who is filing case-initiating documents or is not a registered e-filer, all civil complaints and other case initiating documents in civil cases must be filed electronically.

**(2) Service and Answer.** After a defendant or third-party defendant has been served, defendant's counsel shall register to become an ECF user following the procedures outlined on the ECF webpage, and shall file the responsive pleading electronically. If the defendant or third-party defendant is pro se and is not a registered ECF user, the responsive pleading must be filed and served manually.

Cross Reference

See Civil L.R. 5-1(i) for rules governing the filing of documents with signatures other than those of the e-filer.

**(3) Completion of Filing.** Electronic transmission of a document in compliance with court procedures shall, upon receipt by the Clerk of the entire document and the sending of a Notice of Electronic Filing ("NEF") by the ECF system, constitute filing of the document for all purposes and shall constitute entry of that document on the docket maintained by the Clerk pursuant to Fed. R. Civ. P. 58 and 79, and Fed. R. Crim. P. 49 and 55.

**(4) Deadlines.** All electronic filings of documents must be completed as described in Civil L.R. 5-1(d)(3) prior to midnight in order to be considered timely filed that day.

(5) **Technical Failure.** The Clerk shall deem the ECF system to be subject to a technical failure on a given day if the system is unable to accept filings continuously or intermittently over the course of any period of time greater than one hour after 12:00 noon that day. Filings due on the day of a technical failure which were not filed solely due to such technical failure shall be due the next court day. Such delayed filings shall be accompanied by a declaration or affidavit attesting to the filer's failed attempts to file electronically at least two times after 12:00 noon separated by at least one hour on each day of delay due to such technical failure.

(6) **Docket.** The record of filings and entries created by the ECF system for each case shall constitute the docket for that case.

**Commentary**

In addition to receiving email notifications of filing activity, parties are encouraged to check the docket in their case on the ECF system at regular intervals.

(7) **Chambers Copies.** No chambers copy or "courtesy copy" of an electronically-filed document shall be submitted to the Court, unless required by a standing order of the assigned Judge or requested by the assigned Judge in a particular case.

**(e) Manual Filing**

Some types of documents shall only be filed manually and not electronically unless specifically authorized by the Court. A list of such documents may be found on the ECF webpage. Such documents shall be manually filed with the Clerk and served upon the parties in accordance with the applicable Federal Rules of Civil Procedure, Federal Rules of Criminal Procedure, and Local Rules for filing and service of paper documents. Parties manually filing a document shall file electronically a Manual Filing Notification.

**(f) Proposed Orders**

Proposed orders submitted by an ECF user in an ECF case shall be filed in PDF format, and attached to the applicable motion or other document. In addition, proposed orders shall be submitted in a standard word processing format (such as Microsoft Word) to the specific address on the Court's website for emailing proposed orders to the assigned Judge. Proposed orders must conform to the requirements of the assigned Judge's standing orders.

**(g) Exhibits**

(1) **Mandatory Electronic Filing.** Unless otherwise ordered by the Court, exhibits offered during trial shall be filed on the docket within ten days of a trial verdict.

(A) The parties shall file through the CM/ECF event "Admitted Exhibits" those exhibits admitted for review by the trier of fact. These exhibits shall be accompanied by a Joint Certification of Counsel that the exhibits are true and correct copies of the exhibits submitted to the trier of fact in the matter.

(B) The parties may file any exhibits that were offered but not admitted by the judge using the CM/ECF event "Exhibits Not Admitted," which will automatically file the documents under seal. These exhibits shall be accompanied by a Joint Certification of Counsel that the exhibits are true

and correct copies of the exhibits offered but not admitted by the judge.

(2) **Redaction.** Before electronically filing exhibits under this rule, the filer must redact any information the judge ruled the public may not view. Such exhibits should be filed following the procedure in Local Rule 79-5(d).

(3) **Physical Exhibits.** When a party offers or introduces physical exhibits into evidence, they must electronically file a photograph of that physical exhibit in accordance with subsection (g)(1) of this rule.

Nothing contained in this Local Rule shall prevent the presiding judge from entering an order with respect to the handling, custody, or storage of any exhibit.

(4) **Digital Exhibits not Supported by CM/ECF.** Parties must upload electronic records that are in a format unsupported by CM/ECF (e.g., audio or video files) to an online location designated by the Clerk's Office. Parties must include the titles of exhibits filed using this method in the list of "Admitted Exhibits" filed pursuant to subsection (g)(1) of this rule.

**(h)    Service of Electronically Filed Documents**

**(1)    Generally.** Upon the filing of a document by a party, the ECF system will send to the registered attorneys for all parties in the case a Notice of Electronic Filing, which constitutes service on the receiving party. Exceptions to this are electronically filed civil complaints and other case-initiating documents, which must be served manually.

**Cross Reference**
See Civil L.R. 7-3 for rules for calculating due dates for opposition and reply briefs.

**(2)    Service on Parties Who Have Not Registered as ECF Users.** When service of a document, other than a complaint or third-party complaint, is required to be made upon a person who is not a registered ECF user in that case, a paper copy of the document shall be served on the person (as otherwise required or permitted by the Federal Rules of Civil Procedure, Federal Rules of Criminal Procedure, and Local Rules). Service of these documents may alternatively be made by electronic means (e.g., email) if the recipient consented in writing to such service.

**(3)    Service of the Court's Orders.** Orders filed by the Court in non-sealed cases will be served only via the emailed Notice of Electronic Filing. No manual service will be made by the Court except on a pro se party who is not an ECF user in a particular case.

**(i)    Signatures**

**(1)    Generally.** A document electronically filed with the Court shall be deemed to be signed by the person ("Signatory") when the document identifies the person as a Signatory and the filing complies with either subsection (2) or (3). Any filing in accordance with any of these methods shall bind the Signatory as if the document was physically signed and filed, and shall function as the Signatory's signature whether for purposes of Rule 11 of the Federal Rules of Civil Procedure, to attest to the truthfulness of an affidavit or declaration, or for any other purpose.

**(2)    ECF Users.** In the case of a Signatory who is an ECF user, such document shall be deemed signed, regardless of the existence of a physical signature on the document, provided that such document is filed using the user ID and password of the Signatory.

**(3)    Others.** In the case of a Signatory who is not an ECF user, or who is an ECF user but whose user ID and password are not utilized in the electronic filing of the document  (as in the case of documents requiring multiple signatures), the filer of the document shall attest that each of the other Signatories have concurred in the filing of the document, which shall serve in lieu of their signatures on the document. The filer's attestation may be incorporated into the document itself, or take the form of a declaration attached to the document. The filer shall maintain records to support this concurrence for subsequent production for the Court, if so ordered, or for inspection upon request by a party, until one year after the final resolution of the action (including appeal, if any). The filer may attach a scanned image of the signature page of the document being electronically filed in lieu of maintaining the paper record for subsequent production if required.

**(4)    Criminal Cases.** Notwithstanding the provisions of section 5-1(e)(3), in a criminal case, any document signed by a criminal defendant and any document containing multiple signatures shall be scanned in its entirety to ensure that all signatures are visible. Certain documents that may be used by various agencies shall also be scanned in their entirety; a list of such documents may be found on the ECF webpage.

**(j)    Sanctions for Non-Compliance**

Failure of counsel to timely register or otherwise comply with ECF filing requirements may result in sanctions as the Court deems appropriate.

## 5-2.    Manual Filing [Withdrawn]

## 5-3.    Facsimile Filings [Withdrawn]

## 5-4.    Drop Box Filings

**(a)    Documents Which May Be Filed**. Most documents that are required or permitted to be manually filed may be deposited in a Clerk's Office drop box, subject to the following:

**(1)    **Any papers in support of or in opposition to a matter scheduled for hearing within 7 days of filing may not be filed through use of a drop box;

**(2)    **Initial pleadings or other case-initiating documents that are required or permitted to be manually filed may be deposited for filing in a drop box at any courthouse of the district — and any applicable filing fee must be included, with payment only in the form of a check;

**(3)    **Except for documents covered by (a)(1) above, a document required or permitted to be filed manually may be filed by deposit in a drop box at any courthouse of the district.

**(b)    Drop Box Locations and Availability**. The Court will maintain drop boxes at each division of the Clerk's Office. The Clerk will regulate the hours during which materials may be filed through use of a drop box.

**Commentary**
The locations and availability of drop boxes are available on the Court's website.

**(c)** **Filing Date of Drop Box Documents**. Before a document is deposited in a drop box for filing, the back side of the last page of the document must be stamped "Received" using the device available at the drop box.

    **(1)** The document will be marked by the Clerk as "Filed" on the same date indicated by the "Received" stamp, except when the "Received" date is a weekend or Court holiday, in which case it will be marked as "Filed" on the first day following the weekend or Court holiday.

    **(2)** Where the back side of the last page of the document has not been stamped "Received" with the device available at the drop box, the Clerk will mark the document as "Filed" on the day the Clerk emptied the drop box of the document.

**Commentary**

Questions regarding availability and use of the drop box should be directed to the Clerk. The Clerk's Office policy is to empty and lock the drop box at the beginning of each day when the Clerk's Office opens. When the Clerk's Office closes, the drop box is reopened so that it may be used again for filing.

## 5-5. Certificate of Service

**(a)** **Form**. Whenever any pleading or other paper presented for filing is required (or permitted by any rule or other provision of law) to be served upon any party or person, unless it is served by ECF, it must bear or have attached to it:

    **(1)** An acknowledgment of service by the person served; or

    **(2)** Certificate of service stating the date, place, and manner of service, and the name, street address, or electronic address of each person served, certified by the person who made service, pursuant to 28 U.S.C. §1746.

**(b)** **Sanction for Failure to Provide Certificate**. Failure to provide an acknowledgment or certificate of service shall not be a ground for the Clerk to refuse to file a paper or pleading. However, any such document may be disregarded by the Judge if an adverse party timely objects on the ground of lack of service.

**Cross Reference**

See Fed. R. Civ. P. 4(d).

**Commentary**

Pursuant to Civil L.R. 5-1, except for civil complaints and other case-initiating documents in civil cases, parties are not required to include a certificate or acknowledgment of service upon registered ECF users when a document is filed electronically. Notification to those parties will be provided by the Court's electronic filing system.

# 6.  TIME

**6-1.  Enlarging or Shortening Time**

**(a)  When Stipulation Permissible Without Court Order**. Parties may stipulate in writing, without a Court order, to extend the time within which to answer or otherwise respond to the complaint, or to enlarge or shorten the time in matters not required to be filed or lodged with the Court, provided the change will not alter the date of any event or any deadline already fixed by Court order. Such stipulations shall be promptly filed pursuant to Civil L.R. 5.

**(b)  When Court Order Necessary to Change Time**. A Court order is required for any enlargement or shortening of time that alters an event or deadline already fixed by Court order or that involves papers required to be filed or lodged with the Court (other than an initial response to the complaint). A request for a Court order enlarging or shortening time may be made by written stipulation pursuant to Civil L.R. 6-2 or motion pursuant to Civil L.R. 6-3. Any stipulated request or motion which affects a hearing or proceeding on the Court's calendar must be filed no later than 14 days before the scheduled event.

**6-2.  Stipulated Request for Order Changing Time**

**(a)  Form and Content**. The parties may file a stipulation, conforming to Civil L.R. 7-12, requesting an order changing time that would affect the date of an event or deadline already fixed by Court order, or that would accelerate or extend time frames set in the Local Rules or in the Federal Rules. The stipulated request must be accompanied by a declaration that:

**(1)**  Sets forth with particularity the reasons for the requested enlargement or shortening of time;

**(2)**  Discloses all previous time modifications in the case, whether by stipulation or Court order; and

**(3)**  Describes the effect the requested time modification would have on the schedule for the case.

**(b)  Action by the Court**. After receiving a stipulated request under this Rule, the Judge may grant, deny, or modify the requested time change.

**6-3.  Motion to Change Time**

**(a)  Form and Content**. A motion to enlarge or shorten time may be no more than 5 pages in length and must be accompanied by a proposed order and by a declaration that:

**(1)**  Sets forth with particularity the reasons for the requested enlargement or shortening of time;

**(2)**  Describes the efforts the party has made to obtain a stipulation to the time change;

**(3)**  Identifies the substantial harm or prejudice that would occur if the Court did not change the time; and

**(4)**  If the motion is to shorten time for the Court to hear a motion:

**(i)**  Describes the moving party's compliance with Civil L.R. 37-1(a), where applicable, and

        **(ii)**    Describes the nature of the underlying dispute that would be addressed in the motion and briefly summarizes the position each party had taken.

    **(5)**    Discloses all previous time modifications in the case, whether by stipulation or Court order;

    **(6)**    Describes the effect the requested time modification would have on the schedule for the case.

**(b)**    **Opposition to Motion to Change Time**. Unless otherwise ordered, a party who opposes a motion to enlarge or shorten time must file an opposition not to exceed 5 pages, accompanied by a declaration setting forth the basis for opposition, no later than 4 days after receiving the motion.

**(c)**    **Delivery of Manually Filed Documents to Other Parties**. A party manually filing an administrative motion to enlarge or shorten time must deliver a copy of the motion, proposed order, and supporting declaration to all other parties on the day the motion is filed. The objecting party must deliver a copy of its opposition to all parties on the day the opposition is filed.

**(d)**    **Action by the Court**. After receiving a motion to enlarge or shorten time and any opposition, the Judge may grant, deny, modify the requested time change or schedule the matter for additional briefing or a hearing.

# 7.  MOTION PRACTICE

## 7-1.  Motions

**(a)**  **Types of Motions**. Any written request to the Court for an order must be presented by one of the following means:

    **(1)**  A duly noticed motion pursuant to Civil L.R. 7-2;

    **(2)**  A motion to enlarge or shorten time pursuant to Civil L.R. 6-1;

    **(3)**  When authorized, an ex parte motion pursuant to Civil L.R. 7-10;

    **(4)**  When applicable, a motion for administrative relief pursuant to Civil L.R. 7-11;

    **(5)**  A stipulation of the affected parties pursuant to Civil L.R. 7-12; or

    **(6)**  A motion regarding an Order or Recommendation of a Magistrate Judge pursuant to Civil L.R. 72-2 or 72-3.

**(b)**  **To Whom Motions Made**. Motions must be directed to the Judge to whom the action is assigned, except as that Judge may otherwise order. In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.

**(c)**  **Unassigned Case or Judge Unavailable**. A motion may be presented to the General Duty Judge or, if unavailable, to the Chief Judge or Acting Chief Judge when:

    **(1)**  The assigned Judge is unavailable as defined in Civil L.R. 1-5(p) and an emergency requires prompt action; or

    **(2)**  An order is necessary before an action can be filed.

## 7-2.  Notice and Supporting Papers

**(a)**  **Time**. Except as otherwise ordered or permitted by the assigned Judge or these Local Rules, and except for motions made during the course of a trial or hearing, all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the motion. Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline.

**(b)**  **Form**. In one filed document not exceeding 25 pages in length, a motion must contain:

    **(1)**  On the first page in the space opposite the caption and below the case number, the noticed hearing date and time;

    **(2)**  In the first paragraph, notice of the motion including date and time of hearing;

    **(3)**  In the second paragraph, a concise statement of what relief or Court action the movant seeks; and

    **(4)**  In the succeeding paragraphs, the points and authorities in support of the motion — in compliance with Civil L.R. 7-4(a).

**(c)**  **Proposed Order**. Unless excused by the Judge who will hear the motion, each motion must be accompanied by a proposed order.

**(d)**  **Affidavits or Declarations**. Each motion must be accompanied by affidavits or declarations pursuant to Civil L.R. 7-5.

**Commentary**

The time periods set forth in Civil L.R. 7-2 and 7-3 regarding notice, response, and reply to motions are minimum time periods. For complex motions, parties are encouraged to stipulate to or seek a Court order establishing a longer notice period with correspondingly longer periods for response or reply. See Civil L.R. 1-4 and 1-5.

**7-3.    Opposition; Reply; Supplementary Material**

    **(a)**    **Opposition**. Any opposition to a motion may include a proposed order, affidavits, or declarations, as well as a brief or memorandum under Civil L.R. 7-4. Any evidentiary and procedural objections to the motion must be contained within the brief or memorandum. Pursuant to Civil L.R. 7-4(b), such brief or memorandum may not exceed 25 pages of text. The opposition must be filed and served not more than 14 days after the motion was filed. Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline.

    **(b)**    **Statement of Nonopposition**. If the party against whom the motion is directed does not oppose the motion, that party must file with the Court a Statement of Nonopposition within the time for filing and serving any opposition.

    **(c)**    **Reply**. Any reply to an opposition may include affidavits or declarations, as well as a supplemental brief or memorandum under Civil L.R. 7-4. Any evidentiary and procedural objections to the opposition must be contained within the reply brief or memorandum. Pursuant to Civil L.R. 7-4(b), the reply brief or memorandum may not exceed 15 pages of text. The reply to an opposition must be filed and served not more than 7 days after the opposition was due. Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline.

    **(d)**    **Supplementary Material**. Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except as follows:

        **(1)**    **Objection to Reply Evidence.** If new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion. The Objection to Reply Evidence must be filed and served not more than 7 days after the reply was filed. Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline.

        **(2)**    Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by filing and serving a Statement of Recent Decision. Such Statement shall contain a citation to and provide a copy of the new opinion without argument.

**7-4.    Brief or Memorandum of Points and Authorities**

    **(a)**    **Content**. In addition to complying with the applicable provisions of Civil L.R. 3-4, a brief or memorandum of points and authorities filed in support, opposition, or reply to a motion must contain:

        **(1)**    On the first page in the space opposite the caption and below the case number, the noticed hearing date and time;

        **(2)**    If in excess of 10 pages, a table of contents and a table of authorities;

        **(3)**    A statement of the issues to be decided;

        **(4)**    A succinct statement of the relevant facts; and

**(5)** Argument by the party, citing pertinent authorities.

**(b)** **Length**. Unless the Court expressly orders otherwise pursuant to a party's request made prior to the due date, briefs or memoranda filed with opposition papers may not exceed 25 pages of text and the reply brief or memorandum may not exceed 15 pages of text.

**Cross Reference**

See Civil L.R. 7-11 regarding request to exceed page limitations.

**Commentary**

Although Civil L.R. 7-4(b) limits briefs to 25 pages of text, counsel should not consider this a minimum as well as a maximum limit. Briefs with less than 25 pages of text may be excessive in length for the nature of the issues addressed.

## 7-5.    Affidavit or Declaration

**(a)** **Affidavit or Declaration Required**. Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record. Extracts from depositions, interrogatory answers, requests for admission and other evidentiary matters must be appropriately authenticated by an affidavit or declaration.

**(b)** **Form**. An affidavit or declaration may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument. Any statement made upon information or belief must specify the basis therefor. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.

## 7-6.    Oral Testimony Concerning Motion

No oral testimony will be received in connection with any motion, unless otherwise ordered by the assigned Judge.

## 7-7.    Continuance of Hearing or Withdrawal of Motion

**(a)** **Before Opposition is Filed**. Except for cases where the Court has issued a Temporary Restraining Order, a party who has filed a motion may file a notice continuing the originally noticed hearing date for that motion to a later date if:

**(1)** No opposition has been filed; and

**(2)** The notice of continuance is filed prior to the date on which the opposition is due pursuant to Civil L.R. 7-3(a).

**(b)** **After Opposition is Filed**. After an opposition to a motion has been filed, the noticed hearing date may be continued to a subsequent date upon order of the assigned Judge.

**(c)** **Keeping Track of Hearing Dates**. Counsel are responsible for knowing hearing dates on motions.

**(d)** **Effect on Time for Filing Opposition or Reply**. Unless otherwise ordered by the Court, the continuance of the hearing of a motion does not extend the time for filing and serving the opposing papers or reply papers.

**(e)** **Withdrawal**. Within the time for filing and serving a reply, the moving party may file and serve a notice of withdrawal of the motion. Upon the filing of a timely withdrawal, the motion will be taken off-calendar. Otherwise, the Court may proceed to decide the motion.

**7-8.    Motions for Sanctions — Form and Timing**

Any motion for sanctions, regardless of the sources of authority invoked, must comply with the following:

**(a)**    The motion must be separately filed and the date for hearing must be set in conformance with Civil L.R. 7-2;

**(b)**    The form of the motion must comply with Civil L.R. 7-2;

**(c)**    The motion must comply with any applicable Federal Rule and must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate; and

**(d)**    Unless otherwise ordered by the Court, no motion for sanctions may be served and filed more than 14 days after entry of judgment by the District Court.

**7-9.    Motion for Reconsideration**

**(a)    Leave of Court Requirement**. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

**Cross Reference**

See Fed. R. Civ. P. 54(b) regarding discretion of Court to reconsider its orders prior to entry of final judgment.

**Commentary**

This local rule does not apply to motions for reconsideration of a Magistrate Judge's order pursuant to 28 U.S.C. § 636(b)(1)(A). See Civil L.R. 72.

**(b)    Form and Content of Motion for Leave**. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show reasonable diligence in bringing the motion and one of the following:

**(1)**    That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

**(2)**    The emergence of new material facts or a change of law occurring after the time of such order; or

**(3)**    A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

**(c)    Prohibition Against Repetition of Argument**. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.

**(d)    Determination of Motion**. Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file

a motion to reconsider. If the Judge decides to order the filing of additional papers or that the matter warrants a hearing, the Judge will fix an appropriate schedule.

### 7-10.  Ex Parte Motions

Unless otherwise ordered by the assigned Judge, a party may file an ex parte motion, that is, a motion filed without notice to opposing party, only if a statute, Federal Rule, local rule, or Standing Order authorizes ex parte filing. The motion must include a citation to the statute, rule, or order which permits the use of an ex parte motion to obtain the relief sought.

**Cross Reference**

See, e.g., Civil L.R. 65-1 "*Temporary Restraining Orders.*"

### 7-11.  Motion for Administrative Relief

The Court recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge. These motions would include matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example.

**(a)**    **Form and Content of Motions**. A motion for an order concerning a miscellaneous administrative matter may not exceed 5 pages (not counting declarations and exhibits), must set forth specifically the action requested and the reasons supporting the motion, and must be accompanied by a proposed order and by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained. If the motion is manually filed, the moving party must deliver the motion and all attachments to all other parties on the same day that the motion is filed.

**(b)**    **Opposition to or Support for Motion for Administrative Relief**. Any opposition to or support for a Motion for Administrative Relief may not exceed 5 pages (not counting declarations and exhibits), must set forth succinctly the reasons in opposition or support, must be accompanied by a proposed order, and must be filed no later than 4 days after the motion has been filed. The opposition or support and all attachments thereto, if manually filed, must be delivered to all other parties the same day it is manually filed.

**(c)**    **Action by the Court**. Unless otherwise ordered, a Motion for Administrative Relief is deemed submitted for immediate determination without hearing on the day after the opposition is due.

### 7-12.  Stipulations

Every stipulation requesting judicial action must be in writing signed by all affected parties or their counsel. A proposed form of order may be submitted with the stipulation and may consist of an endorsement on the stipulation of the words, "PURSUANT TO STIPULATION, IT IS SO ORDERED," with spaces designated for the date and the signature of the Judge.

### 7-13.  Notice Regarding Submitted Matters

Whenever any motion or other matter has been under submission for more than 120 days, a party, individually or jointly with another party, may file with the Court a notice that the matter remains under submission, or may ask the Northern District of California Ombudsperson to provide such notice to the Court. If judicial action is not taken, subsequent notices may be filed at the expiration of each 120-day period thereafter until a ruling is made.

This rule does not preclude a party from filing an earlier notice if it is warranted by the nature of the matter under submission (e.g., motion for extraordinary relief).

**7-14.  Designation Not for Citation [withdrawn]**

# 10. FORM OF PAPERS

## 10-1. Amended Pleadings

Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference.

# 11. ATTORNEYS

## 11-1. The Bar of this Court

**(a)**  **Members of the Bar**. Except as provided in Civil L.R. 11-2, 11-3, and 11-9, and Fed. R. Civ. P. 45(f), an attorney must be a member of the bar of this Court to practice in this Court and in the Bankruptcy Court of this District.

**(b)**  **Eligibility for Membership**. To be eligible for admission to and continuing membership in the bar of this Court, an attorney must be an active member in good standing of the State Bar of California.  For any attorney admitted to the bar of this court before September 1, 1995 based on membership in the bar of a jurisdiction other than California, continuing membership in the bar of that jurisdiction is an acceptable alternative basis for eligibility.

**(c)**  **Procedure for Admission**. Each applicant for admission must present to the Clerk a sworn petition for admission in the form prescribed by the Court. Prior to admission to the bar of this Court, an attorney must certify:

**(1)**  Knowledge of the contents of the Federal Rules of Civil and Criminal Procedure and Evidence, the Rules of the United States Court of Appeals for the Ninth Circuit, and the Local Rules of this Court;

**(2)**  Familiarity with the Alternative Dispute Resolution Programs of this Court;

**(3)**  Understanding and commitment to abide by the Standards of Professional Conduct of this Court set forth in Civil L.R. 11-4; and

**(4)**  Familiarity with the Guidelines for Professional Conduct in the Northern District of California.

**(d)**  **Admission Fees**. Each attorney admitted to practice before this Court under this Local Rule must pay to the Clerk the fee fixed by the Judicial Conference of the United States, together with an assessment in an amount to be set by the Court. The assessment will be placed in the Court Non-Appropriated Fund for library, educational, and other appropriate uses.

**(e)**  **Admission**. The Clerk or a Judge may admit an applicant to the bar of the Court after the applicant signs the prescribed oath and pays the prescribed fees, and after the Clerk verifies the applicant's qualifications.

**(f)**  **Certificate of Good Standing**. A member of the bar of this Court who is in good standing may obtain a Certificate of Good Standing by presenting a written request to the Clerk and paying the prescribed fee.

**(g)**  **Reciprocal Administrative Change in Attorney Status**. Upon notice from the State Bar of California (or the bar of another jurisdiction that is the basis for membership in the bar of this Court) that an attorney is deceased, has been placed on "voluntary inactive" status, or has resigned for reasons not relating to discipline, the Clerk will note "deceased," "resigned," or "voluntary inactive," as appropriate, on the attorney's admission record. An attorney on "voluntary inactive" status will remain inactive on the roll of this Court until such time as the State Bar or the attorney has notified the Court that the attorney has been restored to "active" status. An attorney who has resigned and wishes to be readmitted must petition the Court for admission in accordance with subparagraphs (c) and (d) of this Rule.

**(1)** The following procedure will apply to actions taken in response to information provided by the State Bar of California (or by another jurisdiction that is the basis for membership in the bar of this Court) of a suspension for (a) a period of less than 30 days for any reason or (b) a change in an attorney's status that is temporary in nature and may be reversed solely by the attorney's execution of one or more administrative actions. Upon receipt of notification from the State Bar that an attorney has been suspended for any of the following, the Clerk will note the suspension on the attorney's admission record:

  **(A)** Noncompliance with Rule 9.22 child and family support;

  **(B)** Failure to pass PRE;

  **(C)** Failure to pay bar dues;

  **(D)** Failure to submit documentation of compliance with continuing education requirements.

  While suspended, an attorney is not eligible to practice in this Court or in the Bankruptcy Court of this District. In the event that an attorney files papers or otherwise practices law in this Court or in the Bankruptcy Court while an administrative notation of suspension is pending on the attorney's admission record, the Clerk will verify the attorney's disciplinary status with the State Bar (or other jurisdiction, if applicable). If the attorney is not then active and in good standing, the Chief District Judge will issue to the attorney an order to show cause in accordance with Civil L.R. 11-7(b)(1).

  Upon receipt by the Court of notification from the State Bar that the attorney's active status has been restored, the reinstatement will be noted on the attorney's admission record.

**(2)** In response to information provided by the State Bar of California (or other jurisdiction that is the basis for membership in the bar of this Court) that an attorney has been placed on disciplinary probation but is still allowed to practice, the Clerk will note the status change on the attorney's admission record. An attorney with that status must, in addition to providing the notice to the Clerk required by Civil L.R. 11-7(a), report to the Clerk all significant developments related to the probationary status. Upon receipt by the Court of notification from the State Bar that the attorney's good standing has been restored, the change will be noted on the attorney's admission record.

## 11-2.  Counsel for the United States

An attorney employed or retained by the United States government or any of its agencies may, without satisfying the membership requirements of LR 11-1, practice in this Court in all actions or proceedings within the scope of his or her employment or retention by the United States.

## 11-3.  Pro Hac Vice

**(a)**  **Application**. An attorney who is not a member of the bar of this Court may apply to appear pro hac vice in a particular action in this district by submitting to the Clerk, together with the written application, a true and correct copy of a certificate of good standing or other similar official document issued by the appropriate authority governing attorney admissions for the relevant bar. Said certificate or other document must be dated no more than one year prior to the date of application for admission. The applicant must also submit an oath certifying the following:

**(1)** That he or she is an active member in good standing of the bar of a United States Court or of the highest court of another state or the District of Columbia, specifying such bar;

**(2)** That he or she agrees to abide by the Standards of Professional Conduct set forth in Civil L.R. 11-4, and to become familiar with the Local Rules and Alternative Dispute Resolution Programs of this Court and, where applicable, with the Bankruptcy Local Rules;

**(3)** That an attorney, identified by name and office address, who is a member of the bar of this Court in good standing and who maintains an office within the State of California, is designated as co-counsel.

**(4)** The number of times the applicant has been granted pro hac vice admission by the Court in the 12 months preceding the application.

**(b)** **Time of Application**. An attorney seeking to appear pro hac vice must submit the application and admission fee at the time of the filing of a complaint or the attorney's first appearance in the case. A failure to meet this deadline may result in denial of the application.

**(c)** **Disqualification from Pro Hac Vice Appearance**. Unless authorized by an Act of Congress or by an order of the assigned Judge, an applicant is not eligible for permission to practice pro hac vice if the applicant:

**(1)** Resides in the State of California; or

**(2)** Is regularly engaged in the practice of law in the State of California.

This disqualification shall not be applicable if the pro hac vice applicant (i) has been a resident of California for less than one year; (ii) has registered with, and completed all required applications for admission to, the State Bar of California; and (iii) has officially registered to take or is awaiting results from the California State Bar exam.

**(d)** **Approval**. The Clerk shall present the application to the assigned Judge for approval. The assigned Judge shall have discretion to accept or reject the application, or excuse the admission fee.

**(e)** **Admission Fee**. At the time the application is submitted, an attorney requesting to practice under Civil L.R. 11-3 must pay to the Clerk the Pro Hac Vice admission fee set by the Court's fee schedule, available at [cand.uscourts.gov/court-fees](http://cand.uscourts.gov/court-fees).  The Clerk will not present an application to the assigned Judge unless the filing fee has been paid or a request to waive the filing fee has been submitted. The fee will be placed in the Court's Non-Appropriated Fund for library, educational, and other appropriate uses. If the assigned Judge rejects the application, the fee will be refunded at the attorney's request.

**(f)** **Appearances and Service on Local Co-Counsel**. All papers filed by the attorney must indicate appearance pro hac vice. Service of papers on and communications with local co-counsel designated pursuant to Civil L.R. 11-3(a)(3) shall constitute notice to the party.

## 11-4.  Standards of Professional Conduct

**(a)** **Duties and Responsibilities**. Every member of the bar of this Court and any attorney permitted to practice in this Court under Civil L.R. 11 must:

**(1)** Be familiar and comply with the standards of professional conduct required of members of the State Bar of California;

**(2)** Comply with the Local Rules of this Court;

**(3)**    Maintain respect due to courts of justice and judicial officers;

**(4)**    Practice with the honesty, care, and decorum required for the fair and efficient administration of justice;

**(5)**    Discharge all obligations to client(s) and the Court; and

**(6)**    Assist those in need of counsel when requested by the Court.

**Commentary**

The California Standards of Professional Conduct are contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and decisions of any court applicable thereto.

**(b)**    **Prohibition Against Bias**. The practice of law before this Court must be free from prejudice and bias. Treatment free of bias must be accorded all other attorneys, litigants, judicial officers, jurors, and support personnel. Any violation of this policy should be brought to the attention of the Clerk or any Judge for action under Civ. L.R. 11-6.

**(c)**    **Prohibition against Ex Parte Communication**. Except as otherwise provided by law or these Local Rules or otherwise ordered by the Court, an attorney or party to an action must refrain from contacting the assigned Judge or the Judge's law clerks or otherwise communicating with a Judge or the Judge's staff regarding a pending matter, without prior notice to opposing counsel.

**Commentary**

This rule is not intended to prohibit communications with Court staff regarding scheduling or general case management.

## 11-5.   Withdrawal from Case

**(a)**    **Order Permitting Withdrawal**. Counsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case.

**(b)**    **Conditional Withdrawal**. When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se. When this condition is imposed, counsel must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under these circumstances must include acknowledgment of this condition.

## 11-6.   Discipline

**(a)**    **General**. In the event that a Judge has cause to believe that an attorney (as defined in subsection (b) below) has engaged in unprofessional conduct, the Judge may, in addition to any action authorized by applicable law, do either or both of the following:

**(1)**    Refer the matter to the Court's Standing Committee on Professional Conduct; or

**(2)**    Refer the matter to the Chief District Judge. If the alleged unprofessional conduct arises in the Bankruptcy Court, the Judge shall first refer the matter to

the Chief Bankruptcy Judge, who may in turn refer it to the Chief District Judge.

**(b)** **"Attorney" Defined**. For purposes of Civil L.R. 11-6, the term "attorney" refers to any attorney who is or has been admitted to practice in any State, or admitted to membership in the bar of this Court, or admitted to practice in this Court pro hac vice pursuant to Civil L.R. 11-3. The term "attorney" may include law corporations and partnerships, when the alleged conduct occurs in the course and scope of employment by the corporation or partnership.

**(c)** **Standing Committee on Professional Conduct**. The Court will appoint, as special counsel for disciplinary proceedings pending before the Court, a Standing Committee on Professional Conduct consisting of a minimum of 7 and a maximum of 11 members, depending on the number of disciplinary matters referred to or active before the committee, and the Chief District Judge will designate one of the members to serve as Chair. All members of the Standing Committee must be members in good standing of the bar who practice regularly in this court. Members shall serve staggered 4-year terms in 2 approximately equal groups, such that the members of one group are replaced or reappointed every 2 years. The Standing Committee may organize itself and conduct its affairs by subcommittees of one or more members as it deems advisable. All final actions of the Standing Committee require a majority vote. The Standing Committee will submit a confidential report of its activities annually to the Clerk, the Chief District Judge, the Clerk of the Bankruptcy Court and Chief Bankruptcy Judge and the Professional Conduct Liaison Judge.

**(d)** **Professional Conduct Liaison Judge.** The Chief District Judge shall appoint a District Judge to oversee the administration of this Local Rule and to serve as liaison to the Standing Committee. The Chief District Judge may delegate some or all of the powers of the Chief District Judge under this rule to the Professional Conduct Liaison Judge.

**(e)** **Matters Referred To The Standing Committee**. Any Judge may enter an order of referral to the Standing Committee on Professional Conduct to initiate an investigation into a charge or information that a member of the bar of this Court, an attorney appearing pro hac vice, or an attorney employed or retained by the United States (see Civil L.R. 11-2) has engaged in unprofessional conduct in the practice of law before this Court. The Alternative Dispute Resolution Magistrate Judge may enter an order of referral based upon information provided by, and at the request of, the Alternative Dispute Resolution Department. An order of referral to the Standing Committee on Professional Conduct may be made on the public docket of an active case or may be directed to the Clerk confidentially without a case number, with a copy of the referral order served by U.S. Mail or by electronic mail on the subject attorney. Upon receipt of an order of referral, the Clerk will open a new miscellaneous case under seal, file the original order of referral and any accompanying exhibits thereto, and transmit a copy to the chair of the Standing Committee. Unless otherwise directed by the Court, the Standing Committee shall investigate the alleged or suspected unprofessional conduct in accordance with the following procedures:

**(1)** Investigations shall be conducted formally or informally as the Standing Committee deems appropriate to the circumstances of the case. Investigations shall be confidential unless the Professional Conduct Liaison Judge, upon application by the Standing Committee or the attorney who is subject to the

investigation, determines that there is a compelling reason to make the matter public.

**(2)** At the written request of the Standing Committee, the Chief District Judge may direct the issuance of subpoenas and subpoenas duces tecum.

**(3)** At the conclusion of its investigation, the Standing Committee may, if it deems appropriate, finally resolve any referred matter informally or by consent; if the attorney who was the subject of the investigation has admitted unprofessional conduct, however, the Standing Committee should obtain a written consent specifying a remedial plan. The Standing Committee shall prepare a final report summarizing its proceedings, its findings, any informal or stipulated resolution and its recommendation, if any, to the Court. If the Standing Committee's determination is to file a petition for formal discipline, it shall so state in the final report. The final report shall be marked "CONFIDENTIAL: ATTORNEY DISCIPLINE MATTER" and shall include a proposed order directing the Clerk to close the file. The Standing Committee shall direct the original final report to the Chief District Judge and a copy to the referring Judge. Upon filing the final report and closing the file, the Clerk shall serve the final report on the attorney under investigation.

**(4)** If a majority of the members determine that public reprimand, suspension, disbarment, monetary sanctions or other formal discipline is warranted, and the respondent attorney does not consent, the Standing Committee shall institute a disciplinary proceeding by filing with the Clerk a sealed petition that specifies the alleged misconduct. Upon the filing of the petition, the Clerk shall assign a new civil case number to the matter and shall randomly assign it to a District Judge other than the referring Judge or the Professional Conduct Liaison Judge in the same manner as any other sealed civil action or proceeding. Unless otherwise directed by the assigned Judge, the proceeding shall then be presented by one or more members of the Standing Committee. For a matter arising in the Bankruptcy Court of this District, the assigned Judge may, sua sponte or upon motion by the respondent attorney, refer the matter to the Clerk of the Bankruptcy Court for assignment to a Bankruptcy Judge, other than the referring Judge, for hearing and a report and recommendation.

**(5)** After a civil case is assigned under subsection (4) above, the assigned judge shall issue an order to show cause setting a date for hearing, addressed to the respondent attorney, requiring the attorney to appear and show cause why he or she should not be disciplined as stated in the Judge's order. The order shall direct that a copy thereof, together with a copy of the petition, be served on the respondent in a manner permitted by Fed. R. Civ. P. 5(b) not less than 35 days in advance of the date specified for hearing. Any response must be filed no more than 14 days later. In the event the matter cannot be resolved solely based on the petition, response, and hearing thereon, the Judge may order such additional proceedings as the circumstances warrant. Written findings of fact and an order based thereon shall be filed by the Judge when dismissing the proceeding or when imposing discipline. Documents presented for manual filing in the case shall be marked "CONFIDENTIAL: ATTORNEY DISCIPLINE MATTER." The entire case shall be maintained under seal and court proceedings shall be closed to the public unless, upon written motion from either the Standing Committee or the respondent attorney, the Judge determines that the interests of justice would be best be served by opening all or part of the proceedings to the public.   The Judge's final order, if imposing

discipline, together with portions of the file deemed by the Judge to be appropriate for public disclosure, will be unsealed and made accessible to the public on the Court's website and any other means ordered by the Judge and will be disseminated to the Judges of the Northern District of California by the Clerk 7 days after the final order is filed, absent an extension by the Court. An order imposing discipline under this Rule may be appealed to the Court of Appeals.

**(6)** Records other than court files, such as the confidential reports of the Standing Committee, shall be maintained as directed by the Chief District Judge.

**(7)** After an order imposing discipline is filed, the Standing Committee may provide the Clerk with a list of other courts before which the Standing Committee knows the respondent attorney to have been admitted to practice. The list shall be compiled from information obtained in the course of the Standing Committee's work on the case, and shall not require a separate investigation. The Clerk shall give prompt notice of the order of discipline to the disciplinary body of each such court.

**(f)** **Costs**. Out-of-pocket expenses necessarily incurred by the Standing Committee in carrying out its responsibilities under these rules, if presented for reimbursement within 90 days of the conclusion of the proceeding, will be paid by the Court.

## 11-7.  Reciprocal Discipline and Discipline Following Felony Conviction

**(a)** **Required Notice of Change in Status**. Any attorney admitted to practice in this Court or any attorney appearing pro hac vice who is convicted of a felony, suspended, disbarred, or placed on disciplinary probation by any court, or who resigns from the bar of any court with an investigation into allegations of unprofessional conduct pending, must give notice to the Clerk and the Clerk of the Bankruptcy Court in writing within 14 days of such event.

**(b)** **Order to Show Cause**. Unless referred to the Standing Committee on Professional Conduct, matters subject to reciprocal discipline on the grounds listed in paragraph (a) above shall be handled as follows:

**(1)** Whenever a member of the bar of this Court or any attorney appearing pro hac vice who is convicted of a felony, disbarred, suspended for reasons other than those noted in Civil L.R. 11-1(g), or who resigns from the bar of any court with an investigation into allegations of unprofessional conduct pending, the Chief District Judge will enter an order suspending that member on an interim basis from practice before this Court and affording the member an opportunity to show cause, within 28 days, why a suspension or disbarment order should not be entered. If the attorney files a response stating that imposition of an order of suspension or disbarment from this Court is not contested, or if the attorney does not respond to the Order to Show Cause within the time specified, then the Court shall enter an order of suspension or disbarment.

**(2)** An attorney who wishes to contest reciprocal discipline must file with the Court a timely response to the order to show cause. The Chief District Judge may then act on the matter, order it randomly assigned to another Judge or refer it to the Standing Committee on Professional Conduct for report and recommendation. The response to the Order to Show Cause must set forth facts establishing one or more of the following: (a) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (b) there was such an infirmity of proof

establishing the misconduct as to give rise to a clear conviction that the Court should not accept as final the other jurisdiction's conclusion(s) on that subject; (c) imposition of like discipline would result in a grave injustice; or (d) other substantial reasons exist so as to justify not accepting the other jurisdiction's conclusion(s). In addition, together with the response to the Order to Show Cause, the attorney must lodge with the Court a certified copy of the entire record from the other jurisdiction or bear the burden of persuading the Court that less than the entire record will suffice. This procedure may not be used to relitigate a felony conviction.

**(3)** An attorney disbarred, suspended or placed on disciplinary probation under the reciprocal discipline provisions of this rule may seek reinstatement upon completion of the period of suspension, disbarment, or disciplinary probation by filing a petition for admission with the Clerk as provided in Civil L.R. 11-1(c) and paying the admission fee in accordance with 11-1(d). An attorney disbarred by reason of a felony conviction may not petition for reinstatement until at least one year after entry of the disbarment order.

**Cross Reference**
See Fed. R. Civ. P. 11(c), 16(f), 37.

## 11-8.  Sanctions for Unauthorized Practice

A person who exercises, or pretends to be entitled to exercise, any of the privileges of membership in the bar of this Court, when that person is not entitled to exercise such privileges, may be referred to the Standing Committee in addition to any action authorized by applicable law.

## 11-9.  Student Practice

**(a)** **Permission to Appear**. With the approval of the assigned Judge, a certified law student who complies with these Local Rules and acts under the supervision of a member of the bar of this Court (or an attorney otherwise permitted to practice) may engage in the permitted activities set forth in this Local Rule.

**(b)** **Permitted Activities**. With respect to a matter pending before this Court, a certified law student may:

**(1)** Negotiate for and on behalf of the client or appear at Alternative Dispute Resolution (ADR) proceedings, provided that the activity is conducted under the general supervision of a supervising attorney;

**(2)** Appear on behalf of a client in the trial of a misdemeanor or petty offense, provided the appearance is under the general supervision of a supervising attorney who is immediately available to attend the proceeding if the Judge decides to require the presence of the supervising attorney and, if the client is a criminal defendant, the client has filed a consent with the Court; and

**(3)** Appear on behalf of a client in any other proceeding or public trial, provided the appearance is under the direct and immediate supervision of a supervising attorney, who is present during the proceedings.

**(c)** **Requirements for Eligibility**. To be eligible to engage in the permitted activities, a law student must submit to the Clerk:

**(1)** An application for certification on a form established for that purpose by the Court. The Clerk is authorized to issue a certificate of eligibility;

**(2)** A copy of a Notice of Student Certification or Recertification from the State Bar of California, or a certificate from the registrar or dean of a law school accredited by the American Bar Association or the State Bar of California that the law student has completed at least one-third of the graduation requirements and is continuing study at the law school, (or, if a recent graduate of the law school, that the applicant has registered to take or is awaiting results of the California State Bar Examination). The certification may be withdrawn at any time by the registrar or dean by providing notice to that effect to the Court; and

**(3)** Certification from a member of the bar of this Court that he or she will serve as a supervising attorney for the law student. The certification may be withdrawn at any time by a supervising attorney by providing notice to that effect to the Court.

**(d)** Requirements of Supervising Attorney. A supervising attorney must:

**(1)** Be admitted or otherwise permitted to practice before this Court;

**(2)** Sign all documents to be filed by the student with the Court;

**(3)** Assume professional responsibility for the student's work in matters before the Court; and

**(4)** Assist and counsel the student in the preparation of the student's work in matters before the Court.

**(e)** **Termination of Privilege**. The privilege of a law student to appear before this Court under this rule may be terminated by the Court at any time in the discretion of the Court, without the necessity to show cause.

# 16.  CASE MANAGEMENT AND PRETRIAL CONFERENCES

**16-1.  Definitions**

"Scheduling," "discovery," or "status" conferences under Fed. R. Civ. P. 16 and 26 shall be designated as "case management conferences" in this Court. All statements, proposed orders, or other documents prepared in connection with such conferences must be referred to as such.

**16-2.  Order Setting Initial Case Management Conference**

**(a)**  **Issuance and Service of Order**.  Once an action is initiated in this Court, the Clerk shall issue an Order Setting Initial Case Management Conference and ADR Deadlines. The Order shall set the following dates, among others: (1) the date for the Initial Case Management Conference on the assigned Judge's calendar; and (2) the deadline for filing the ADR Certification required by Civil L.R. 16-8(b). The plaintiff must serve on each defendant a copy of the Order, along with the supplementary materials specified by Civil L.R. 4-2. This Order shall not be issued in categories of cases that are excluded under the Federal Rules of Civil Procedure, these Local Rules, or an order of this Court.

**(b)**  **Case Management Schedule in Removed Cases**. When a case is removed from a state court to this Court, upon the filing of the notice of removal the Court shall issue to the removing party an Order Setting Initial Case Management Conference, as described in subsection (a), above. The removing party must serve the other parties in the case with a copy of the Order and the supplementary materials specified in Civil L.R. 4-2. Unless ordered otherwise by the Court, the filing of a motion for remand does not relieve the parties of any obligations under this rule.

**(c)**  **Case Management Schedule in Transferred Cases**. When a civil action is transferred to this district, the Court shall issue to the plaintiff an Order Setting Initial Case Management Conference, as described in subsection (a), above. The plaintiff must serve the other parties in the case with a copy of the Order and the pertinent supplementary materials specified in Civil L.R. 4-2.

**(d)**  **Relief from Case Management Schedule**. By serving and filing a motion with the assigned Judge pursuant to Civil L.R. 7, a party, including a party added later in the case, may seek relief from an obligation imposed by Fed. R. Civ. P. 16 or 26 or the Order Setting Initial Case Management Conference. The motion must:

**(1)**  Describe the circumstances which support the request;

**(2)**  Affirm that counsel for the moving party has conferred with all other counsel in an effort to reach agreement about the matter and, for each other party, report whether that party supports or opposes the request for relief;

**(3)**  Be accompanied by a proposed revised case management schedule; and

**(4)**  If applicable, indicate any changes required in the ADR process or schedule in the case.

**(e)**  **Limitation on Stipulations**. Any stipulation that would vary the date of a Case Management Conference shall have no effect unless approved by the assigned Judge before the date set for the conference. Any stipulation must comply with Civil L.R. 7-12.

**16-3.    Lead Trial Counsel Required to Confer**

Unless otherwise ordered, the conferring and planning that is mandated by Fed. R. Civ. P. 26(f) and by ADR Local Rule 3-5 must be done by lead trial counsel for each party.

**16-4.    Procedure in Bankruptcy Appeals**

Appeals from the United States Bankruptcy Court to the United States District Court are governed by the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules of this district.

**Cross Reference**
See Fed. R. Bankr. P. 8001 through 8020 and B.L.R. 8001-1 through 8011-1.

**16-5.    Procedure in Actions for Review on an Administrative Record**

In actions for District Court review on an administrative record (except cases governed by the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g)), the defendant must serve and file an answer, together with a certified copy of the transcript of the administrative record, within 90 days of receipt of service of the summons and complaint. Within 28 days of receipt of defendant's answer, plaintiff must file a motion for summary judgment pursuant to Civil L.R. 7-2 and Fed. R. Civ. P. 56. Defendant must serve and file any opposition or counter-motion within 28 days of service of plaintiff's motion. Plaintiff may serve and file a reply within 14 days after service of defendant's opposition or counter-motion. Unless the Court orders otherwise, upon the conclusion of this briefing schedule, the matter will be deemed submitted for decision by the District Court without oral argument.

**Cross Reference**
See Civil L.R. 3-12(h), *"Relating Actions for Review on an Administrative Record."*

**16-6.    Procedure in U.S. Debt Collection Cases**

These cases shall proceed as follows:

**(a)    Identification**. The first page of the complaint must identify the action by using the words "Debt Collection Case;"

**(b)    Assignment**. Upon filing the complaint, the matter will be assigned to a Magistrate Judge for all pre-trial proceedings; and

**(c)    Collection Proceedings**. If the United States files an application under the Federal Debt Collection Procedures Act, either pre-judgment or post-judgment, such matter will be assigned to a Magistrate Judge.

**16-7.    Procedure in Other Exempt Cases**

Unless otherwise provided in these local rules, in categories of cases that are exempted by Fed. R. Civ. P. 26(a)(1)(B) from the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1), promptly after the commencement of the action the assigned Judge will schedule a Case Management Conference or issue a case management order without such conference. Discovery shall proceed in such cases only at the time, and to the extent, authorized by the Judge in the case management order.

**16-8.    Alternative Dispute Resolution (ADR) in the Northern District**

**(a)    District Policy Regarding ADR**. It is the policy of this Court to assist parties involved in civil litigation to resolve their disputes in a just, timely and cost-effective manner. The Court has created and makes available its own Alternative Dispute Resolution (ADR) programs for which it has promulgated local rules. The Court also encourages civil litigants to consider use of ADR programs operated by private entities. At any

time after an action has been filed, the Court on its own initiative or at the request of one or more parties may refer the case to one of the Court's ADR programs.

**Cross Reference**

See ADR L.R. 1-2 "*Purpose and Scope*;" ADR L.R. 2-3 "*Referral to ADR Program*."
The Court's ADR processes and procedures are described on the Court's ADR webpage:
cand.uscourts.gov/adr.

**(b)**   **ADR Certification**. In cases assigned to the ADR Multi-Option Program, no later than the date specified in the Order Setting Initial Case Management Conference and ADR Deadlines (presumptively 21 days before the date set for the initial case management conference) counsel and client must sign, serve and file an ADR Certification. The certification must be made on a form established for this purpose by the Court and in conformity with the instructions approved by the Court. Separate Certifications may be filed by each party. If the client is a government or governmental agency, the certificate must be signed by a person who meets the requirements of Civil L.R. 3-9(c). If the date of the initial case management conference is changed, unless otherwise ordered the ADR Certification deadline adjusts accordingly.

Counsel and client must certify that both have:

**(1)**   Read the document entitled "*Alternative Dispute Resolution Procedures Handbook*" on the ADR webpage, found at cand.uscourts.gov/adr;

**(2)**   Discussed with each other the available dispute resolution options provided by the Court and private entities; and

**(3)**   Considered whether their case might benefit from any of the available dispute resolution options.

Counsel must further certify that they have discussed selection of an ADR process and an appropriate deadline for an ADR session with counsel for the other parties to the case and shall indicate whether they intend to stipulate to an ADR process and deadline or prefer to discuss ADR selection with the assigned Judge at the case management conference.

**Cross Reference**

See ADR L.R. 3-5.

**Commentary**

Certification forms and the document entitled "*Alternative Dispute Resolution Procedures Handbook*" are available on the Court's ADR webpage at cand.uscourts.gov/adr. The Clerk's Office will print copies upon request for pro se parties.

**(c)**   **Stipulation to ADR Process.** If the parties agree to participate in an ADR process and they wish the Court to make an ADR referral in advance of the case management conference, they may file a Stipulation and Proposed Order selecting an ADR process.

**(d)**   **Selection at Case Management Conference.**

**(1)**   **Consideration of ADR Processes.** Counsel must include in their joint case management statement a report on the status of ADR, specifying which ADR process option they have selected and a proposed deadline by which the parties will conduct the ADR session or, if they do not agree, setting forth which option and timing each party prefers. Unless the assigned Judge already has approved a stipulation to an ADR process, counsel must be prepared to discuss all of the subjects about which they were required to meet and confer under ADR L.R. 3-5(a). If the ADR legal staff holds an ADR Phone Conference in advance of the

initial case management conference, they ordinarily will make a recommendation to the assigned Judge.

**(2)    Selection by Stipulation or Order.** If the parties agree to a particular ADR process at the case management conference and the assigned Judge approves, the Judge will issue an order referring the case to that process. Alternatively, even if the parties do not agree, the Judge may issue an order referring the case to Early Neutral Evaluation (ENE), Mediation, or a Settlement Conference.

**(3)    Deferred Referral or Exemption.** If, considering the views of the parties, the Judge at the case management conference concludes that the case is not ripe for an ADR referral or that no ADR process is likely to deliver benefits to the parties sufficient to justify the resources devoted to it, the Judge may defer making an ADR referral or may exempt the case from participating in any ADR process.

**(e)    ADR Phone Conference.** An ADR Phone Conference conducted by a member of the ADR legal staff may be set to assist the parties or the assigned Judge in selecting or customizing an ADR process, in aid of the administration of a case that has been referred to an ADR process, or as otherwise directed by the Court. An ADR Phone Conference may be set at the request of the parties on the form established for that purpose by the Court, by referral from the assigned Judge, or at the initiative of the ADR legal staff.

**Cross Reference**

See ADR L.R. 3-5 "Selecting an ADR Process" and ADR L.R. 3-5(d) "Selection Through ADR Phone Conference."

**Commentary**

Forms for "ADR Certification," "Stipulation to an ADR Process" and "Request for ADR Telephone Conference" are available on the Court's ADR webpage at cand.uscourts.gov/adr. The Clerk's Office will print copies upon request for pro se parties for a nominal fee.

## 16-9.    Case Management Statement and Proposed Order

**(a)    Joint or Separate Case Management Statement.** Unless otherwise ordered, no later than the date specified in Fed. R. Civ. P. 26(f), counsel must file a Joint Case Management Statement addressing all of the topics set forth in the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, which can be found on the Court's website located at cand.uscourts.gov/forms. If one or more of the parties is not represented by counsel, the parties may file separate case management statements. If a party is unable, despite reasonable efforts, to obtain the cooperation of another party in the preparation of a joint statement, the complying party may file a separate case management statement, accompanied by a declaration describing the conduct of the uncooperative party which prevented the preparation of a joint statement. Separate statements must also address all of the topics set forth in the Standing Order referenced above.

**(b)    Case Management Statement in Class Action.** Any party seeking to maintain a case as a class action must include in the Case Management Statement required by Civil L.R. 16-9(a) the following additional information:

**(1)    The specific paragraphs of Fed. R. Civ. P. 23 under which the action is maintainable as a class action;**

**(2)    A description of the class or classes in whose behalf the action is brought;**

**(3)    Facts showing that the party is entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b); and**

    **(4)**    A proposed date for the Court to consider whether the case can be maintained as a class action.

## 16-10. Case Management Conference

**(a)**    **Initial Case Management Conference**. Unless otherwise ordered, no later than the date specified in the Order Setting Initial Case Management Conference, the Court will conduct an initial Case Management Conference. Subject to 28 U.S.C. § 636, the assigned District Judge may designate a Magistrate Judge to conduct the initial Case Management Conference and other pretrial proceedings in the case. Unless excused by the Judge, lead trial counsel for each party must attend the initial Case Management Conference. Requests to participate in the conference remotely (e.g., telephonic or videoconference) must be filed and served at least 7 days before the conference or in accordance with the Standing Orders of the assigned Judge.

**(b)**    **Case Management Orders**. After a Case Management Conference, the Judge will enter a Case Management Order or sign the Joint Case Management Statement and Proposed Order submitted by the parties. This order will comply with Fed. R. Civ. P. 16(b) and will identify the principal issues in the case, establish deadlines for joining parties and amending pleadings, identify and set the date for filing any motions that should be considered early in the pretrial period, establish a disclosure and discovery plan, set appropriate limits on discovery, and refer the case to ADR unless such a referral would be inappropriate. In addition, in the initial Case Management Order or in any subsequent case management order, the Court may establish deadlines for:

    **(1)**    Commencement and completion of any ADR proceedings;

    **(2)**    Disclosure of proposed expert or other opinion witnesses pursuant to Fed. R. Civ. P. 26(a)(2), as well as supplementation of such disclosures;

    **(3)**    Conclusion of pretrial discovery and disclosure;

    **(4)**    Hearing pretrial motions;

    **(5)**    Counsel to meet and confer to prepare joint final pretrial conference statement and proposed order and coordinated submission of trial exhibits and other material;

    **(6)**    Filing joint final pretrial conference statement and proposed order;

    **(7)**    Lodging exhibits and other trial material, including copies of all exhibits to be offered and all schedules, summaries, diagrams and charts to be used at the trial other than for impeachment or rebuttal. Each proposed exhibit must be premarked for identification. Upon request, a party must make the original or the underlying documents of any exhibit available for inspection and copying;

    **(8)**    Serving and filing briefs on all significant disputed issues of law, including procedural and evidentiary issues;

    **(9)**    In jury cases, serving and filing requested voir dire questions, jury instructions, and forms of verdict; or in court cases, serving and filing proposed findings of fact and conclusions of law;

    **(10)**    Serving and filing statements designating excerpts from depositions (specifying the witness and page and line references), from interrogatory answers and from responses to requests for admission to be offered at the trial other than for impeachment or rebuttal;

**(11)** A date by which parties objecting to receipt into evidence of any proposed testimony or exhibit must advise and confer with the opposing party with respect to resolving such objection;

**(12)** A final pretrial conference and any necessary Court hearing to consider unresolved objections to proposed testimony or exhibits;

**(13)** A trial date and schedule;

**(14)** Determination of whether the case will be maintained as a class action; and

**(15)** Any other activities appropriate in the management of the case, including use of procedures set forth in the <u>Manual for Complex Litigation</u>.

**(c)** **Subsequent Case Management Conferences**. Pursuant to Fed. R. Civ. P. 16, the assigned Judge or Magistrate Judge may, sua sponte or in response to a stipulated request or motion, schedule subsequent case management conferences during the pendency of an action. Each party must be represented at such subsequent case management conferences by counsel having authority with respect to matters under consideration.

**(d)** **Subsequent Case Management Statements**. Unless otherwise ordered, no fewer than 7 days before any subsequent case management conference, the parties must file a Joint Case Management Statement, reporting progress or changes since the last statement was filed and making proposals for the remainder of the case development process. Such statements must report the parties' views about whether using some form of ADR would be appropriate.

# 23.  CLASS ACTIONS

## 23-1.  Private Securities Actions

**(a)  Certification by Filing Party Seeking to Serve as Lead Plaintiff**. Any person or group of persons filing a complaint and seeking to serve as lead plaintiff in a civil action containing a claim governed by the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995), must serve and file with the initial pleading a certificate under penalty of perjury which contains the following averments:

**(1)**  The party has reviewed the complaint and authorized its filing;

**(2)**  The party did not engage in transactions in the securities which are the subject of the action at the direction of plaintiff's counsel or in order to participate in this or any other litigation under the securities laws of the United States;

**(3)**  The party is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

**(4)**  The party has made no transactions during the class period in the debt or equity securities that are the subject of the action except those set forth in the certificate (as used herein, "equity security" shall have the same meaning as that term has for purposes of section 16(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(a));

**(5)**  The party has not, within the three years preceding the date of the certification, sought to serve or served as a representative party on behalf of a class in an action involving alleged violations of the federal securities laws, except as set forth in the certificate; and

**(6)**  The party will not accept any payment for serving as representative on behalf of a class beyond the party's pro rata share of any recovery, unless ordered or approved by the Court pursuant to section 27(a)(4) of the Securities Act, 15 U.S.C. § 77z-1(a)(4), or section 21D(a)(4) of the Securities Exchange Act, 15 U.S.C. § 78u-4(a)(4).

**(b)  Filing and Serving Required Notices**. Not later than 21 days after filing the complaint in any action governed by the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995), the party filing that complaint and seeking to serve as lead plaintiff must serve and file a copy of any notice required by the Act.

**(c)  Certification by Nonfiling Party Seeking to Serve as Lead Plaintiff.** Any party seeking to serve as lead plaintiff, but who does not also file a complaint, need not file the certification required in Civil L.R. 3-7(b), but must at the time of initial appearance state that the party has reviewed a complaint filed in the action and either:

**(1)**  Adopts its allegations or, if not,

**(2)**  Specifies the allegations the party intends to assert.

**(d)  Certification by Lawyers Seeking to Serve as Class Counsel.** Each lawyer seeking to serve as class counsel in any civil action containing a cause of action governed by the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995), must serve and file a certificate under penalty of perjury which either:

**(1)**  Affirms that the lawyer does not directly own or otherwise have a beneficial interest in securities that are the subject of the action; or

**(2)** Sets forth with specificity the extent of any such ownership or interest and explains why that ownership or interest does not constitute a conflict of interest sufficient to disqualify the attorney from representing the class.

**(e)** **Motion to Serve as Lead Plaintiff**. Not later than 60 days after publication of the notices referred to in Civil L.R. 23-1(a), any party seeking to serve as lead plaintiff must serve and file a motion to do so. The motion must set forth whether the party claims entitlement to the presumption set forth in section 27(a)(3)(B)(iii)(I) of the Securities Act or section 21D(a)(3)(B)(iii)(I) of the Securities Exchange Act or that the presumption is rebutted and the reasons therefor.

**Commentary**

A "*Model Stipulation and Proposed Consolidation Order for Securities Fraud Class Actions*" is available from the Clerk in civil actions containing a claim governed by the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995), and is part of the materials provided to the filing party for service on all parties in the action pursuant to Civil L.R. 4-2. See also the Court's "Forms" page at: cand.uscourts.gov/forms.

# 26.  GENERAL PROVISIONS GOVERNING DISCOVERY

## 26-1.  Custodian of Discovery Documents

The party propounding interrogatories, requests for production of documents, or requests for admission must retain the original of the discovery request and the original response. That party shall be the custodian of these materials. Fed. R. Civ. P. 30(f) identifies the custodian of the original transcript or recording of a deposition.

### Commentary

Counsel should consider stipulating to sharing computer-readable copies of discovery requests, such as interrogatories and requests for production of documents, as well as responses to such requests, to save costs and to facilitate expeditious pretrial discovery.

# 30.  DEPOSITIONS

## 30-1.  Required Consultation Regarding Scheduling

For the convenience of witnesses, counsel, and parties, before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel or, if the party is pro se, the party. A party noticing a deposition of a witness who is not a party or affiliated with a party must also meet and confer about scheduling, but may do so after serving the nonparty witness with a subpoena.

## 30-2.  Numbering of Deposition Pages and Exhibits

**(a)**  **Sequential Numbering of Pages**. The pages of the deposition of a single witness, even if taken at different times, must be numbered sequentially.

**(b)**  **Sequential Numbering of Exhibits**. Documents identified as exhibits during the course of depositions and at trial must be numbered and organized as follows:

**(1)**  At the outset of the case, counsel must meet and confer regarding the sequential numbering system that will be used for exhibits throughout the litigation, including trial.

**(2)**  If the pages of an exhibit are not numbered internally and it is necessary to identify pages of an exhibit, then each page must receive a page number designation preceded by the exhibit number (e.g., Exhibit 100-2, 100-3, 100-4).

**(3)**  To the extent practicable, any exhibit which is an exact duplicate of an exhibit previously numbered must bear the same exhibit number regardless of which party is using the exhibit. Any version of any exhibit which is not an exact duplicate must be marked and treated as a different exhibit, bearing a different exhibit number.

**(4)**  In addition to exhibit numbers, documents may bear other numbers or letters used by the parties for internal control purposes.

# 33.  INTERROGATORIES

## 33-1.  Form of Answers and Objections

Answers and objections to interrogatories must set forth each question in full before each answer or objection.

## 33-2.  Demands that a Party Set Forth the Basis for a Denial of a Requested Admission

A demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories.

**Cross Reference**
To the same effect, see Civil L.R. 36-2.

**Commentary**
Under Fed. R. Civ. P. 36, a party is not required to set forth the basis for an unqualified denial.

## 33-3.  Motions for Leave to Propound More Interrogatories Than Permitted by Fed. R. Civ. P. 33

A motion for leave to propound more interrogatories than permitted by Fed. R. Civ. P. 33 must be accompanied by a memorandum which sets forth each proposed additional interrogatory and explains in detail why it is necessary to propound the additional questions.

## 34.  PRODUCTION OF DOCUMENTS AND THINGS

**34-1.  Form of Responses to Requests for Production**

A response to a request for production or inspection made pursuant to Fed. R. Civ. P. 34(a) must set forth each request in full before each response or objection.

## 36.   REQUESTS FOR ADMISSION

**36-1.  Form of Responses to Requests for Admission**

Responses to requests for admission must set forth each request in full before each response or objection.

**36-2.  Demands that a Party Set Forth the Basis for a Denial of a Requested Admission**

A demand that a party set forth the basis for a denial of a requested admission will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories.

**Cross Reference**
To the same effect, see Civil L.R. 33-2.

**Commentary**
Under Fed. R. Civ. P. 36, a party is not required to set forth the basis for an unqualified denial.

# 37.  MOTIONS TO COMPEL DISCLOSURE OR DISCOVERY OR FOR SANCTIONS

## 37-1.  Procedures for Resolving Disputes

**(a)  Conference Between Counsel Required**. The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues. If counsel for the moving party seeks to arrange such a conference and opposing counsel refuses or fails to confer, the Judge may impose an appropriate sanction, which may include an order requiring payment of all reasonable expenses, including attorney's fees, caused by the refusal or failure to confer.

**(b)  Requests for Intervention During a Discovery Event**. If a dispute arises during a discovery event the parties must attempt to resolve the matter without judicial intervention by conferring in good faith. If good faith negotiations between the parties fail to resolve the matter, and if disposition of the dispute during the discovery event likely would result in substantial savings of expense or time, counsel or a party may contact the chambers of the assigned District Judge or Magistrate Judge to ask if the Judge is available to address the problem through a telephone conference during the discovery event.

## 37-2.  Form of Motions to Compel

In addition to complying with applicable provisions of Civil L.R. 7, a motion to compel further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto. For each such request, the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied.

## 37-3.  Discovery Cut-Off; Deadline to File Discovery Motions

Unless otherwise ordered, as used in any order of this Court or in these Local Rules, a "discovery cut-off" is the date by which all responses to written discovery are due and by which all depositions must be concluded.

Where the Court has set a single discovery cut-off for both fact and expert discovery, no discovery-related motions may be filed more than 7 days after the discovery cut-off.

Where the Court has set separate deadlines for fact and expert discovery, no motions related to fact discovery may be filed more than 7 days after the fact discovery cut-off, and no motions related to expert discovery may be filed more than 7 days after the expert discovery cut-off.

Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown.

### Commentary

Counsel should initiate discovery requests and notice depositions sufficiently in advance of the cut-off date to comply with this local rule. "Discovery-related motions" encompasses all motions relating to discovery, including motions to compel or protect against discovery, motions regarding the duty to preserve documents, including spoliation motions, motions to quash or enforce subpoenas, and motions for discovery sanctions.

**37-4.  Motions for Sanctions under Fed. R. Civ. P. 37**

When, in connection with a dispute about disclosure or discovery, a party moves for an award of attorney fees or other form of sanction under Fed. R. Civ. P. 37, the motion must:

**(a)**   Comply with Civil L.R. 7-8 and Civil L.R. 7-2; and

**(b)**   Be accompanied by competent declarations which:

   **(1)**   Set forth the facts and circumstances that support the motion;

   **(2)**   Describe in detail the efforts made by the moving party to secure compliance without intervention by the Court; and

   **(3)**   If attorney fees or other costs or expenses are requested, itemize with particularity the otherwise unnecessary expenses, including attorney fees, directly caused by the alleged violation or breach, and set forth an appropriate justification for any attorney-fee hourly rate claimed.

# 40.  TRIAL

## 40-1.  Continuance of Trial Date; Sanctions for Failure to Proceed

No continuance of a scheduled trial date will be granted except by order of the Court issued in response to a motion made in accordance with the provisions of Civil L.R. 7. Failure of a party to proceed with the trial on the scheduled trial date may result in the assessment of jury costs and the imposition of appropriate sanctions, including dismissal or entry of default. Jury costs may be also assessed for failure to provide the Court with timely notice of a settlement.

**Commentary**

Counsel should consult any Standing Orders issued by the assigned Judge with respect to the conduct of trial. Such orders are available on the individual Judges' pages of the Court's website: cand.uscourts.gov/judges.

# 54. COSTS

## 54-1. Filing of Bill of Costs

**(a)** **Time for Filing and Content**. No later than 14 days after entry of judgment or order under which costs may be claimed, a prevailing party claiming taxable costs must serve and file a bill of costs. The bill must state separately and specifically each item of taxable costs claimed. It must be supported by an affidavit, pursuant to 28 U.S.C. §1924, that the costs are correctly stated, were necessarily incurred, and are allowable by law. Appropriate documentation to support each item claimed must be attached to the bill of costs.

**(b)** **Effect of Service**. Service of bill of costs shall constitute notice pursuant to Fed. R. Civ. P. 54(d), of a request for taxation of costs by the Clerk.

**(c)** **Waiver of Costs**. Any party who fails to file a bill of costs within the time period provided by this rule will be deemed to have waived costs.

**Commentary**

The 14-day time period set by this rule is inapplicable where a statute authorizing costs establishes a different time deadline, (e.g., 28 U.S.C. § 2412(d)(1)(B) (setting 30 days from final judgment as time limit to file for fees under Equal Access to Justice Act)).

## 54-2. Objections to Bill of Costs

**(a)** **Time for Filing Objections**. Within 14 days after service by any party of its bill of costs, the party against whom costs are claimed must serve and file any specific objections to any item of cost claimed in the bill, succinctly setting forth the grounds of each objection.

**(b)** **Meet and Confer Requirement**. Any objections filed under this Local Rule must contain a representation that counsel met and conferred in an effort to resolve disagreement about the taxable costs claimed in the bill, or that the objecting party made a good faith effort to arrange such a conference.

## 54-3. Standards for Taxing Costs

**(a)** **Fees for Filing and Service of Process**

**(1)** The Clerk's filing fee is allowable if paid by the claimant.

**(2)** Fees of the marshal as set forth in 28 U.S.C. § 1921 are allowable to the extent actually incurred. Fees for service of process by someone other than the marshal acting pursuant to Fed. R. Civ. P. 4(c) are allowable to the extent reasonably required and actually incurred.

**(b)** **Reporters' Transcripts**

**(1)** The cost of transcripts necessarily obtained for an appeal is allowable.

**(2)** The cost of a transcript of a statement by a Judge from the bench which is to be reduced to a formal order prepared by counsel is allowable.

**(3)** The cost of other transcripts is not normally allowable unless, before it is incurred, it is approved by a Judge or stipulated to be recoverable by counsel.

**(c)** **Depositions**

**(1)** The cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable.

**(2)** The expenses of counsel for attending depositions are not allowable.

**(3)** The cost of reproducing exhibits to depositions is allowable if the cost of the deposition is allowable.

**(4)** Notary fees incurred in connection with taking depositions are allowable.

**(5)** The attendance fee of a reporter when a witness fails to appear is allowable if the claimant made use of available process to compel the attendance of the witness.

**(d)** **Reproduction and Exemplification**

**(1)** The cost of reproducing and certifying or exemplifying government records used for any purpose in the case is allowable.

**(2)** The cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable.

**(3)** The cost of reproducing copies of motions, pleadings, notices, and other routine case papers is not allowable.

**(4)** The cost of reproducing trial exhibits is allowable to the extent that a Judge requires copies to be provided.

**(5)** The cost of preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial.

**(e)** **Witness Expenses**. Per diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821. No other witness expenses, including fees for expert witnesses, are allowable.

**(f)** **Fees for Masters and Receivers**. Fees to masters and receivers are allowable.

**(g)** **Costs on Appeal**. Other costs not provided for in these Rules but authorized under Fed. R. App. P. 39 are allowable.

**(h)** **Costs of Bonds and Security**. Premiums on undertaking bonds and costs of providing security required by law, by order of a Judge, or otherwise necessarily incurred are allowable.

## 54-4. Determination of Taxable Costs

**(a)** **Supplemental Documentation**. The Clerk may require and consider further affidavits and documentation as necessary to determine allowable costs.

**(b)** **Taxation of Costs**. No sooner than 14 days after a bill of costs has been filed, the Clerk shall tax costs after considering any objections filed pursuant to Civil L.R. 54-2. Costs shall be taxed in conformity with 28 U.S.C. §§ 1920 and 1923, Civil L.R. 54-3, and all other applicable statutes and rules. On the bill of costs or in a separate notice, the Clerk shall indicate which, if any, of the claimed costs are allowed and against whom such costs are allowed. The Clerk shall serve copies of the notice taxing costs on all parties on the day in which costs are taxed.

## 54-5. Motion for Attorney's Fees

**(a)** **Time for Filing Motion**. Motions for awards of attorney's fees by the Court must be served and filed within 14 days of entry of judgment by the District Court, unless otherwise ordered by the Court after a stipulation to enlarge time under Civil L.R. 6-2 or a motion under Civil L.R. 6-3. Filing an appeal from the judgment does not extend the time for filing a motion. Counsel for the respective parties must meet and confer for

the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees.

**Commentary**

Fed. R. Civ. P. 54(d)(2)(B) sets a time period of 14 days from the entry of judgment to file a motion for attorney's fees. Counsel who desire to seek an order extending the time to file such a motion, either by stipulation (See Civil L.R. 6-2) or by motion (See Civil L.R. 6-3), are advised to seek such an order as expeditiously as practicable.

**(b)** **Form of Motion**. Unless otherwise ordered, the motion for attorney fees must be supported by declarations or affidavits containing the following information:

**(1)** A statement that counsel have met and conferred for the purpose of attempting to resolve any disputes with respect to the motion or a statement that no conference was held, with certification that the applying attorney made a good faith effort to arrange such a conference, setting forth the reason the conference was not held; and

**(2)** A statement of the services rendered by each person for whose services fees are claimed, together with a summary of the time spent by each person, and a statement describing the manner in which time records were maintained. Depending on the circumstances, the Court may require production of an abstract of or the contemporary time records for inspection, including *in camera* inspection, as the Judge deems appropriate; and

**(3)** A brief description of relevant qualifications and experience and a statement of the customary hourly charges of each such person or of comparable prevailing hourly rates or other indication of value of the services.

# 56.  SUMMARY JUDGMENT

**56-1.  Notice of Motion**

Motions for summary judgment or summary adjudication and opposition to such motions must be noticed as provided in Civil L.R. 7-2 and 7-3.

**56-2.  Separate or Joint Statement of Undisputed Facts**

**(a)  No Separate Statement Allowed Without Court Order**. Unless required by the assigned Judge, no separate statement of undisputed facts or joint statement of undisputed facts shall be submitted.

**(b)  Procedure if Joint Statement Ordered**. If the assigned Judge orders the submission of a joint statement of undisputed facts, the parties shall confer and submit, on or before a date set by the assigned Judge, a joint statement of undisputed facts. If the nonmoving party refuses to join in the statement, the moving party will nevertheless be permitted to file the motion, accompanied by a separate declaration of counsel explaining why a joint statement was not filed. Whether or not sanctions should be imposed for failure to file a joint statement of undisputed facts is a matter within the discretion of the assigned Judge.

**56-3.  Issues Deemed Established**

Statements contained in an order of the Court denying a motion for summary judgment or summary adjudication shall not constitute issues deemed established for purposes of the trial of the case, unless the Court so specifies.

# 65.  INJUNCTIONS

## 65-1.  Temporary Restraining Orders

**(a)**  **Documentation Required**. A motion for temporary restraining order must be accompanied by:

**(1)**  A copy of the complaint;

**(2)**  A separate memorandum of points and authorities in support of the motion;

**(3)**  The proposed temporary restraining order and order to show cause;

**(4)**  Other supporting documents that the party wishes the Court to consider; and

**(5)**  A declaration by counsel certifying that notice has been provided to the opposing party, or explaining why such notice could not be provided.

**(b)**  **[Withdrawn]**.

**(c)**  **Form of Temporary Restraining Order**. The moving party must include both a proposed temporary restraining order and a proposed order to show cause setting the time and date for a hearing on a motion for preliminary injunction, which shall be scheduled pursuant to Fed. R. Civ. P. 65(b). Proposed orders submitted under this Rule must provide a place for the Judge to set a deadline by which the temporary restraining order and all supporting pleadings and papers must be served upon the adverse party.

**(d)**  **Notification to Clerk**.

**(1)**  The filing party should alert the Court to the filing of a motion for temporary restraining order by emailing or calling the courtroom deputy clerk for the judge assigned to the case.

**(2)**  Motions filed after hours or on weekends must follow instructions provided in ECF.

## 65-2.  Motion for Preliminary Injunction

Motions for preliminary injunctions unaccompanied by a temporary restraining order are governed by Civil L.R. 7-2.

# 65.1 SECURITY

## 65.1-1. Security

**(a)** **When Required**. Upon demand of any party, where authorized by law and for good cause shown, the Court may require any party to furnish security for costs which can be awarded against such party in an amount and on such terms as the Court deems appropriate.

**(b)** **Qualifications of Surety**. Every bond must have as surety either:

**(1)** A corporation authorized by the Secretary of the Treasury of the United States to act as surety on official bonds under 31 U.S.C. §§ 9301-9306;

**(2)** A corporation authorized to act as surety under the laws of the State of California;

**(3)** Two natural persons, who are residents of the Northern District of California, each of whom separately own real or personal property not exempt from execution within the district. (The total value of these two persons' property should be sufficient to justify the full amount of the suretyship); or

**(4)** A cash deposit of the required amount made with the Clerk and filed with a bond signed by the principals.

**(c)** **Court Officer as Surety**. No Clerk, marshal or other employee of the Court may be surety on any bond or other undertaking in this Court. No member of the bar of this Court appearing for a party in any pending action may be surety on any bond or other undertaking in that action. However, cash deposits on bonds may be made by members of the bar of this Court on certification that the funds are the property of a specified person who has signed as surety on the bond. Upon exoneration of the bond, such monies shall be returned to the owner and not to the attorney.

**(d)** **Examination of Surety**. Any party may apply for an order requiring any opposing party to show cause why it should not be required to furnish further or different security, or to require the justification of personal sureties.

# 66.  PREJUDGMENT REMEDIES

## 66-1.  Appointment of Receiver

**(a)**  **Time for Motion**. A motion for the appointment of a receiver in a case may be made after the complaint has been filed and the summons issued.

**(b)**  **Temporary Receiver**. A temporary receiver may be appointed with less notice than required by Civil L.R. 7-2 or, in accordance with the requirements and limitations of Fed. R. Civ. P. 65(b), without notice to the party sought to be subjected to a receivership or to creditors.

**(c)**  **Permanent Receiver**. Concurrent with the appointment of a temporary receiver or upon motion noticed in accordance with the requirements of Civil L.R. 7-2, the Judge may, upon a proper showing, issue an order to show cause, requiring the parties and the creditors to show cause why a permanent receiver should not be appointed.

**(d)**  **Parties to be Notified**. Within 7 days of the issuance of the order to show cause, the defendant must provide to the temporary receiver or, if no temporary receiver has been appointed, to the plaintiff, a list of the defendant's creditors, and their addresses. Not less than 14 days before the hearing on the order to show cause, notice of the hearing must be mailed to the listed creditors by the temporary receiver, or, if none, by the plaintiff.

**(e)**  **Bond**. The Court may require any appointed receiver to furnish a bond in such amount as the Court deems reasonable.

## 66-2.  Employment of Attorneys, Accountants or Investigators

The receiver may not employ an attorney, accountant, or investigator without a Court order. The compensation of all such employees shall be fixed by the Court.

## 66-3.  Motion for Fees

All motions for fees for services rendered in connection with a receivership must set forth in reasonable detail the nature of the services. The motion must include as an exhibit an itemized record of time spent and services rendered.

## 66-4.  Deposit of Funds

A receiver must deposit all funds received into the institution selected by the Court as its designated depository pursuant to 28 U.S.C. § 2041.  The account title shall include  the case name and number. At the end of each month, the receiver must deliver to the Clerk a statement of account, copies of canceled checks, and any other records of transactions.

## 66-5.  Reports

Within 30 days of appointment, a permanent receiver must serve and file with the Court a verified report and petition for instructions. The report and petition must contain a summary of the operations of the receiver, an inventory of the assets and their appraised value, a schedule of all receipts and disbursements, and a list of all creditors, their addresses and the amounts of their claims. The petition must contain the receiver's recommendation as to the continuance of the receivership and reasons therefor. At the hearing, the Judge will determine whether the receivership will be continued and, if so, will set a schedule for future reports of the receiver.

## 66-6.  Notice of Hearings

The receiver must give all interested parties notice of the time and place of hearings of the following in accordance with Civil L.R. 7-2:

**(a)**    Petitions for instructions;

**(b)**    Petitions for the payment of dividends to creditors;

**(c)**    Petitions for confirmation of sales of property;

**(d)**    Reports of the receiver;

**(e)**    Motions for fees of the receiver or of any attorney, accountant or investigator, the notice to state the services performed and the fee requested; and

**(f)**    Motions for discharge of the receiver.

# 72.  MAGISTRATE JUDGES; PRETRIAL ORDERS

## 72-1.  Powers of Magistrate Judge

Each Magistrate Judge appointed by the Court is authorized to exercise all powers and perform all duties conferred upon Magistrate Judges by 28 U.S.C. § 636, by the local rules of this Court, and by any written order of a District Judge designating a Magistrate Judge to perform specific statutorily authorized duties in a particular action.

## 72-2.  Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge

**(a)  Form of Objection.** Any objection filed pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A) must be made as a "Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge."

**(b)  Contents of Motion.** Any motion filed pursuant to this rule may not exceed 5 pages (not including declarations and exhibits) and must include:

**(1)**    A specific statement of the portions of the Magistrate Judge's findings, recommendation, or report to which an objection is made;

**(2)**    A statement of the Court action requested;

**(3)**    A statement of the reasons and authority supporting the motion; and

**(4)**    A proposed order.

**(c)  Service of Motion.** The moving party must deliver any manually filed motion and all attachments to all other parties on the same day that the motion is filed.

**(d)  Opportunity for Response; Ruling on Motion.** Unless otherwise ordered by the assigned District Judge, no response need be filed and no hearing will be held concerning the motion. The District Judge may deny the motion by written order at any time, but may not grant it without first giving the opposing party an opportunity to respond. If no order denying the motion or setting a briefing schedule is made within 14 days of filing the motion, the motion shall be deemed denied. The Clerk shall notify parties when a motion has been deemed denied.

## 72-3.  Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge

**(a)  Form of Motion and Response**. Any objection filed pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(B) must be made as a "Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge." The motion must be made pursuant to Civil L.R. 7-2 and must specifically identify the portions of the Magistrate Judge's findings, recommendation, or report to which objection is made and the reasons and authority supporting the motion.

**(b)  Associated Administrative Motions**. At the time a party files a motion under Civil L. R. 72-3(a) or a response, the party may accompany it with a separately filed motion for "Administrative Motion to Augment the Record" or an "Administrative Motion for an Evidentiary Hearing." Any associated administrative motion must be made in accordance with Civil L.R. 7-11.

**(c)  Record before District Judge**. Except when the Court grants a motion under Civil L.R. 72-3(b), the Court's review and determination of a motion filed pursuant to Civil L.R. 72-3(a) shall be upon the record of the proceedings before the Magistrate Judge.

**Commentary**

Procedures governing review of a pretrial order by a Magistrate Judge on matters not dispositive of a claim or defense are governed by Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A). Procedures governing consideration of a Magistrate Judge's findings, report and recommendations on pretrial matters dispositive of a claim or defense are governed by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(B) & (C).

# 73.  MAGISTRATE JUDGES; TRIAL BY CONSENT

## 73-1.  Time for Consent to Magistrate Judge

**(a) Cases Initially Assigned to a Magistrate Judge**. In cases that are initially assigned to a Magistrate Judge:

**(1)** Parties must either file written consent to the jurisdiction of the Magistrate Judge, or request reassignment to a District Judge, by the deadline set by the Clerk or the Magistrate Judge.

**(2)** If a motion that cannot be heard by the Magistrate Judge without the consent of the parties, pursuant to 28 U.S.C. § 636(c), is filed, the parties must either file written consent to the jurisdiction of the Magistrate Judge, or request reassignment to a District Judge, no later than 7 days after the motion is filed, unless otherwise directed.

**(b) Cases Initially Assigned to a District Judge**. In cases that are assigned to a District Judge, the parties may consent at any time to the Court reassigning the case to a Magistrate Judge for all purposes, including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

# 77.  DISTRICT COURT AND CLERK

## 77-1.  Locations and Hours

**(a)  Locations**

**(1)**  The Office of the Clerk for the San Francisco Division is located at the Philip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102.

**(2)**  The Office of the Clerk for the Oakland Division is located at the Ronald V. Dellums Federal Building and United States Courthouse, 1301 Clay Street, Oakland, California 94612.

**(3)**  The Office of the Clerk for the San Jose Division is located at the Robert F. Peckham Federal Building and United States Courthouse, 280 South First Street, San Jose, California 95113.

**(4)**  The Eureka-McKinleyville United States Courthouse is located at 3140 Boeing Avenue, McKinleyville, California 95519.  There is no Office of the Clerk in the Eureka-McKinleyville Courthouse.

**(b)  Hours**. The regular hours of the Offices of the Clerk are from 9:00 a.m. to 4:00 p.m. each day except Saturdays, Sundays, and Court holidays.  For current front desk hours, see the Court's website at cand.uscourts.gov.

**Commentary**

See Civil L.R. 5-4 regarding after-hours drop box filing.

## 77-2.  Orders Grantable by Clerk

The Clerk is authorized to sign and enter orders specifically allowed to be signed by the Clerk under the Federal Rules of Civil Procedure and these local rules. The Clerk may file such orders as effective on a previous date when appropriate and as permitted by law.  In addition, the Clerk may sign and enter the following orders without further direction of a Judge:

**(a)**  Orders specifically appointing persons to serve process in accordance with Fed. R. Civ. P. 4;

**(b)**  Orders on consent noting satisfaction of a judgment, providing for the payment of money, withdrawing stipulations, annulling bonds, exonerating sureties, or setting aside a default;

**(c)**  Orders of dismissal on consent, with or without prejudice, except in cases to which Fed. R. Civ. P. 23, 23.1, or 66 apply;

**(d)**  Orders establishing a schedule for case management in accordance with Civil L.R. 16;

**(e)**  Orders relating or reassigning cases on behalf of the Executive Committee; and

**(f)**  Orders taxing costs pursuant to Civil L.R. 54-4.

**Cross Reference**

See ADR L.R. 4-11(d) "*Nonbinding Arbitration; Entry of Judgment on Award*."

## 77-3.  Remote Public Access to Court Proceedings [Revised]

**(a)  Generally allowed at judge's discretion.** To the extent not prohibited by statute, the Federal Rules of Criminal Procedure, the Federal Rules of Civil Procedure, Ninth Circuit Judicial Council Policy, or this Local Rule, judges of this Court may, in their discretion,

provide the public with remote video or audio access to court proceedings. This applies to proceedings conducted in the courtroom as well as proceedings where the judge and/or the attorneys are appearing remotely.

**(b)    Prohibitions on provision of remote access.**

**(1)    Remote public access will not be permitted where doing so would risk interfering with the integrity of the proceedings. This includes, but is not limited to, situations where remote public access would risk infringing on privacy interests, creating safety concerns, or materially affecting witness testimony.**

**(2)    Remote public access to jury trials is prohibited.**

**(c)    Objections to or requests for provision of public access.** Objections to the provision of remote public access by any party, witness, or person who is a subject of the proceeding, and requests by members of the public to provide remote public access, will be considered by the presiding judge. Parties to the case should file objections or requests by way of administrative motion pursuant to Civil Local Rule 7-11. Nonparties should make objections or requests using the form on the Court's website. Absent a showing of good cause, any objection or request must be submitted at least 14 days before the proceeding.

**(d)    No capture or transmission of remote access permitted.** Persons with remote access to court proceedings are prohibited from recording, photographing, or retransmitting those proceedings.

**Commentary**

The Judicial Conference of the United States has published a policy against the video "broadcast" of court proceedings. This appears intended to apply to hearings where remote video access is provided over a platform such as Zoom. This policy is not binding on the courts; it is a recommendation that is owed respectful consideration. *See* 28 U.S.C. § 331; *Hollingsworth v. Perry*, 558 U.S. 183, 193 (2010); *see also, e.g.*, *United States v. Slone*, 969 F. Supp. 2d 830, 834–35 (E.D. Ky. 2013); *United States v. Crusius*, 2020 WL 4340550, at *6 (W.D. Tex. July 28, 2020). The Judicial Conference policy approves providing remote audio access to civil and bankruptcy hearings that do not involve witness testimony. The Judicial Council of the Ninth Circuit, whose policies are binding within the Circuit, has left the decision about whether and how to provide remote video access to the district courts.

This Court has carefully considered the recommendation of the Judicial Conference but has determined based on its own experience from 2020 to 2023 that, except in very rare circumstances, providing the media and the public with remote video access improves transparency and confidence in judicial proceedings without having any negative effect on those proceedings. Additionally, the public's interest in access to the courts is better served by providing video access as opposed to audio-only access, particularly in cases where the judge and attorneys are also appearing remotely rather than from the courtroom.

## 77-4.   Official Notices

The following media are designated by this Court as its official means of giving public notice of calendars, General Orders, employment opportunities, policies, proposed modifications of

these local rules, or any matter requiring public notice. The Court may designate any one or a combination of these media for purposes of giving notice as it deems appropriate:

**(a)** **Bulletin Board**. A bulletin board for posting of official notices shall be located at the Office of the Clerk at each courthouse of this district.

**(b)** **Website**. The Court website located at <u>cand.uscourts.gov</u> is designated as the district's official website and may be used for the posting of official notices.

**(c)** **Newspapers**. The following newspapers are designated as official newspapers of the Court for the posting of official notices:

**(1)** <u>The Recorder</u>; or

**(2)** <u>The Daily Journal</u>; or

**(3)** <u>The San Jose Post-Record</u>, for matters pending in the San Jose Division, in addition to the newspapers listed in subparagraphs (1) and (2); or

**(4)** <u>The Times Standard</u>, for matters pending before a Judge sitting in Eureka.

## 77-5.  Security of the Court

The Court, or any Judge, may from time to time make such orders or impose such requirements as may be reasonably necessary to assure the security of the Court and of all persons in attendance.

## 77-6.  Weapons in the Courthouse and Courtroom

**(a)** **Prohibition on Unauthorized Weapons**. Only the United States Marshal, Deputy Marshals, and Court Security Officers are authorized to carry weapons within the confines of the courthouse, courtrooms, secured judicial corridors, and chambers of the Court. When the United States Marshal deems it appropriate, upon notice to any affected Judge, the Marshal may authorize duly authorized law enforcement officers to carry weapons in the courthouse or courtroom.

**(b)** **Use of Weapons as Evidence**. In all cases in which a weapon is to be introduced as evidence, before bringing the weapon into a courtroom, the United States Marshal or Court Security Officer on duty must be notified. Before a weapon is brought into a courtroom, it must be inspected by the United States Marshal or Court Security Officer to ensure that it is inoperable and appropriately marked as evidence, and the assigned Judge shall be notified of such inspection.

## 77-7.  Court Library

The Court maintains a law library primarily for the use of Judges and personnel of the Court. In addition, attorneys admitted to practice in this Court may use the library as needed for actions or proceedings pending in the Court. The library is operated in accordance with such rules and regulations as the Court may from time to time adopt.

## 77-8.  Complaints Against Judges

Pursuant to 28 U.S.C. § 351(a), any person alleging that a Judge of this Court has engaged in conduct prejudicial to the effective and expeditious administration of the business of the Court, or alleging that a Judge is unable to discharge all of the duties of office by reason of mental or physical disability, may file with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit a written complaint containing a brief statement of the facts constituting such conduct. Upon request, the Clerk of this Court will provide to any person wishing to file such a complaint:

**(a)**  A copy of the Rules for Judicial-Conduct and Judicial-Disability Proceedings promulgated by the Judicial Conference of the United States, and the Ninth Circuit Judicial Council's Local Rules for Misconduct Proceedings, both of which are available at: ca9.uscourts.gov/misconduct/judicial_misconduct.php;

**(b)**  A copy of the Ninth Circuit Judicial Council's complaint form; and

**(c)**  A pre-addressed envelope to the Clerk of Court for the Ninth Circuit Court of Appeals, marked "COMPLAINT OF MISCONDUCT" or "COMPLAINT OF DISABILITY." No judge's name may appear on the envelope.

# 79. BOOKS AND RECORDS KEPT BY THE CLERK

## 79-1. Transcript and Designation of Record on Appeal

If a party timely orders a transcript in accordance with the requirements of Fed. R. App. P. 10(b), but fails to make satisfactory arrangements to pay the court reporter at or before the time of the order, the court reporter must promptly notify the Clerk of Court and the party. Within 14 days after receipt of such notice from the court reporter, the party ordering the transcript must make satisfactory arrangements for payment. The reporters' transcript must be filed within 28 days of the date such arrangements have been made. If the party fails  to make satisfactory arrangements for payment within 14 days, the Clerk of Court shall certify to the Court of Appeals for the Ninth Circuit that the party has failed to comply with Fed. R. App. P. 10(b)(4).

**Cross Reference**

See Ninth Circuit Rule 10-3 "*Ordering the Reporter's Transcript.*"

## 79-2. Exclusions from Record on Appeal

The Clerk will not include in the record on appeal the following items unless their inclusion is specifically requested in writing and supported by a brief statement of the reason therefor:

**(a)**   Summonses and returns;

**(b)**   Subpoenas and returns;

**(c)**   Routine procedural motions and orders, such as motions for extensions of or shortening time; and

**(d)**   Routine procedural notices.

## 79-3. Files; Custody and Withdrawal

All files of the Court shall remain in the custody of the Clerk. The "original copy" of a document filed via ECF is the electronic file stored on ECF. Physical documents belonging to the files of the Court may be taken from the custody of the Clerk only in extraordinary circumstances, by special order of a Judge and with a proper receipt signed by the person obtaining the record or document.

## 79-4. Custody and Retention of Trial Exhibits

**(a)**   **Custody of Exhibits During Trial or Evidentiary Hearing**. Unless the Court directs otherwise, each exhibit admitted into evidence during a trial or other evidentiary proceeding shall be held in the custody of the Clerk.

**(b)**   **Retention of Exhibits Upon Conclusion of Proceeding**. Unless the Court directs otherwise, the party that submitted an exhibit into evidence must maintain custody of that exhibit until:

**(1)**   14 days after expiration of the time for filing a notice of appeal, if no notice of appeal is filed in the proceeding by any party; or

**(2)**   14 days after a mandate issues from the Court of Appeals, if an appeal was taken by any party to the proceeding.

**79-5.  Filing Documents Under Seal in Civil Cases**

**(a) Right of Access.**  The public has a right of access to the Court's files.  This local rule applies in all instances where a party seeks to conceal information from the public by filing a document, or portions of a document, under seal.  A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document).

**(b) Necessity of Filing a Motion to Seal.**  A party must file a motion to seal a document at the same time that the party submits the document.  Filing a motion to seal permits the party to provisionally file the document under seal, pending the Court's ruling on the motion to seal.  A party need not file a motion to seal if a federal statute or a prior court order in the same case expressly authorizes the party to file certain documents (or portions of documents) under seal.

**(c) Contents of Motion to Seal.**  Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.  A motion to seal a party's own document (as opposed to a document designated as confidential by another party, as discussed in subsection (f)) must be filed as an Administrative Motion to File Under Seal in conformance with Civil L.R. 7-11. This requirement applies even if the motion is joined by the opposing party. The motion must include the following:

**(1)** a specific statement of the applicable legal standard <u>and</u> the reasons for keeping a document under seal, including an explanation of:

(i)  the legitimate private or public interests that warrant sealing;
(ii)  the injury that will result if sealing is denied; and
(iii)  why a less restrictive alternative to sealing is not sufficient;

**(2)** evidentiary support from declarations where necessary; and

**(3)** a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed.

**(d) Procedure for Filing Declarations or Exhibits.**  Where the document to be sealed is a declaration or an exhibit to a document filed electronically, an otherwise blank page reading "EXHIBIT FILED UNDER SEAL" shall replace the exhibit in the document filed on the public docket, and the exhibit to be filed under seal shall be filed separately as an attachment to the Administrative Motion to File Under Seal.

**(e) Procedure for Filing Pleadings and Briefs**.  Only in rare circumstances should a party seek to file portions of a pleading or brief under seal.  For redacted pleadings and briefs, the following procedure applies:

**(1)** the party shall redact the confidential information from the pleading or brief filed on the public docket; and

**(2)** the party shall file the unredacted pleading or brief under seal, as an attachment to an Administrative Motion to File Under Seal.  The unredacted version must include

the phrase "FILED UNDER SEAL" prominently marked on the first page and must highlight the portions for which sealing is sought.

Motions to seal entire pleadings or briefs are strongly disfavored and will be granted only in extraordinary circumstances.

**(f) Motion to Consider Whether Another Party's Material Should be Sealed.** For any document a party ("Filing Party") seeks to seal because that document has been designated as confidential by another party or non-party (the "Designating Party"), the Filing Party must, instead of filing an Administrative Motion to File Under Seal, file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

   **(1)** This motion must identify each document or portions thereof for which sealing is sought, but the Filing Party need not satisfy the showing required in subsection (c)(1) above.

   **(2)** In the event the Designating Party is not an ECF user in the case, the Filing Party must serve the motion on the Designating Party the same day the motion is filed.

   **(3)** Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration as described in subsection (c)(1). A failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the Designating Party.

   **(4)** If any party wishes to file a response, it must do so no later than 4 days after the Designating Party files its statement and/or declaration. Responses may not exceed 5 pages absent leave of the Court.

   **(5)** In the event a single document contains various portions that more than one party bears the burden of showing is sealable, the filing party must file separate motions pursuant to 79-5(c) and 79-5(f) as appropriate. Each party must then satisfy its own burden with respect to that portion of the document that it seeks to seal.

   **(6)** Additionally, overly broad requests to seal may result in the denial of the motion.

**(g) Effect and Duration of Court's Ruling on Motion to Seal.**

   **(1)** When the Court grants a motion to seal or otherwise permits a document to remain under seal, the document will remain under seal until further order of the Court.

   **(2)** When the Court denies a motion to seal, it will determine whether to consider the information sought for sealing and require its public filing, permit its withdrawal without considering the information, or order any other disposition it deems proper.

   **(3)** Parties or non-parties may, at any time, file a motion requesting that the Court unseal a document. If a motion to unseal is filed more than 3 years after the case is closed, there will be a strong presumption that the document will be unsealed.

**(h) Manual Filing of Sealed Documents.** When a pro se party who is not an e-filer wishes to manually file a document under seal, the pro se party shall place the document and the Administrative Motion to File Under Seal in a sealed envelope, marked with the case caption and the phrase "FILED UNDER SEAL."

# 83.  AMENDMENT OF THE LOCAL RULES

### 83-1.  Method of Amendment

The local rules of this Court may be modified or amended by a majority vote of the active Judges of the Court in accordance with the procedures set forth in this rule. New rules may be proposed or existing rules may be amended at the suggestion of any judge or member of the public, and will generally be vetted by the Local Rules Committee, which will make a recommendation to the Court before a vote is taken. Attorney Advisory Committees will be appointed to advise and assist the Court when called upon to do so by the Local Rules Committee.

### 83-2.  Procedure for Public Comment on Local Rules

**(a)**  **Public Submissions**. Any person may submit written suggestions for amendments to the local rules at any time. Such suggestions shall be directed to the Chief Judge, who will refer the matter to the Local Rules Committee for consideration, unless the circumstances warrant putting the matter immediately before the full Court.

**(b)**  **Publication**. Before becoming effective, any proposed substantive modification of the local rules shall be subject to public comment in accordance with Fed. R. Civ. P. 83 and posted on the Court's website. Proposed amendments for form, style, grammar, consistency, or any other non-substantive modifications, need not be submitted for public comment.

# CALIFORNIA – NORTHERN

Overview of the ADR Multi-Option Program

The ADR Multi-Option Program is designed to encourage litigants to use ADR and to provide parties with sophisticated assistance in identifying the ADR process that is best suited to their particular case.

Most civil cases are automatically assigned at filing to the ADR Multi-Option Program under ADR Local Rule 3. In this program, litigants are required to familiarize themselves with ADR by reading the court's ADR handbook and they are presumptively required to participate in one of the non-binding ADR process offered by the court. The processes are:

- Arbitration

- Early Neutral Evaluation (ENE)

- Mediation

- Settlement Conferences with a Magistrate Judge

Alternatively, with the assigned judge's permission, the parties may substitute an ADR process offered by a private provider. More customized options are also available. More about Other Processes…

For more information and a chart that highlights the key differences among the ADR processes, please visit our How to Choose page.

The initial case management scheduling order sets a deadline for certifying that the parties have read the ADR handbook and for stipulating to an ADR process is established. The deadline is ordinarily about 3 weeks before the initial case management conference. If the parties have not submitted a stipulation by the deadline, the ADR office schedules an ADR Phone Conference with a member of the ADR Legal Staff, who will assist the parties in selecting an appropriate ADR process. If necessary, the ADR Legal Staff makes a recommendation about ADR to the assigned judge, who may order the case to an ADR process even if one or more of the parties objects.

ADR Local Rule 3 Revised July 2, 2012 (starts on following page)

# 1. PURPOSE AND SCOPE OF RULES

## 1-1. Title

These are the Local Rules for Alternative Dispute Resolution in the United States District Court for the Northern District of California. They should be referred to as "ADR L.R. ___."

## 1-2. Purpose and Scope

**(a)** **Purpose**. The Court recognizes that full, formal litigation of claims can impose large economic burdens on parties and can delay resolution of disputes for considerable periods. The Court also recognizes that sometimes an alternative dispute resolution procedure can improve the quality of justice by improving the parties' clarity of understanding of their case, their access to evidence, and their satisfaction with the process and result. The Court adopts these ADR Local Rules to make available to litigants a broad range of court-sponsored ADR processes to provide quicker, less expensive and potentially more satisfying alternatives to continuing litigation without impairing the quality of justice or the right to trial. The Court offers diverse ADR services to enable parties to use the ADR process that promises to deliver the greatest benefits to their particular case. In administering these Local Rules and the ADR program, the Court will take appropriate steps to assure that no referral to ADR results in imposing on any party an unfair or unreasonable economic burden.

### Commentary

The Alternative Dispute Resolution Act of 1998, 28 U.S.C. §§ 651-58, requires each federal district court to authorize by local rule the use of at least one ADR process in all civil actions. In accordance with § 651(c), the Court has examined the effectiveness of its ADR programs and has adopted improvements consistent with the Act.

**(b)** **Scope**. These ADR Local Rules are effective December 1, 2009, and shall govern actions pending or commenced on or after that date. These rules supplement the Civil Local Rules of the Court and, except as otherwise indicated, apply to all civil actions filed in this Court. Cases subject to these ADR Local rules also remain subject to the other local rules of the Court.

**(c)** **Magistrate Judges Consent Cases**. In cases in which the parties have consented to jurisdiction by a Magistrate Judge under 28 U.S.C. § 636(c), the Magistrate Judge shall have the full scope of powers that these ADR local rules confer on District Judges, including the authority to refer cases to ADR programs and to grant relief from the requirements of these ADR local rules.

# 2. GENERAL PROVISIONS

## 2-1. ADR Unit

**(a)** **Staff and Responsibilities**. The ADR Unit shall consist of a Director of ADR Programs and such attorneys, case administrators and support personnel as the Court may authorize. The ADR Director and legal staff shall be attorneys with expertise in ADR procedures. The ADR Unit shall be responsible for designing, implementing, administering and evaluating the Court's ADR Programs. These responsibilities extend to educating litigants, lawyers, Judges, and Court staff about the ADR Program and rules. In addition, the ADR Unit shall be responsible for overseeing, screening and training neutrals to serve in the Court's ADR programs. The ADR Director and legal staff also serve as neutrals in selected cases.

**(b)** **ADR Internet Site and Handbook**. The ADR Unit's Internet site, located at cand.uscourts.gov/adr, contains information about the Court's ADR processes and their comparative benefits, answers to frequently asked questions, various forms approved by the Court, and information about becoming a neutral in the Court's programs.

**(c)** **Contacting the ADR Unit**. The address, phone and fax numbers, and e-mail address of the ADR Unit are:

U.S. District Court-ADR Unit
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102
Telephone: (415) 522-2199
Telephone for ADR Telephone Conferences only: (415) 522-4603
Fax: (415) 522-4112
E-Mail: ADR@cand.uscourts.gov

### Commentary

The Court encourages litigants and counsel to consult the ADR Internet site and to contact the ADR Unit to discuss the suitability of ADR options for their cases or for assistance in tailoring an ADR process to a specific case.

## 2-2. ADR Magistrate Judge

The Court shall designate one of its magistrate judges as the ADR Magistrate Judge. The ADR Magistrate Judge is responsible for overseeing the ADR Unit, consulting with the ADR Director and legal staff on matters of policy, program design and evaluation, education, training and administration. The ADR Magistrate Judge shall rule on all requests to be excused from appearing in person at arbitration, ENE and mediation sessions, and shall hear and determine all complaints alleging violations of these ADR local rules. When necessary, the Chief District Judge will appoint another Magistrate Judge of this Court to perform, temporarily, the duties of the ADR Magistrate Judge.

## 2-3. Referral to ADR Program by Stipulation, Motion or Order

Subject to pertinent jurisdictional and resource constraints, a case may be referred to a Court ADR process by order of the assigned Judge following a stipulation by all parties, by motion of a party under Civil L.R. 7, or on the Judge's initiative. A stipulation and proposed order selecting an ADR process must (1) designate the specific ADR process the parties have selected, (2) specify the time frame within which the ADR process will be completed, and (3) set forth any other information the parties would like the Court to know. The parties may use the form provided by the Court.

**Commentary**
A form stipulation and proposed is available on the ADR Internet site:
cand.uscourts.gov/adr. Limited printed copies are available from the Clerk's Office for
parties in cases not subject to the Court's Electronic Case Filing program (ECF) under
Civil L.R. 5-1(b).

**Cross Reference**
See ADR L.R. 3-4 for Court ADR Processes and ADR L.R. 4-2, 5-2 and 6-2 for eligible
cases.

## 2-4. Violation of the ADR Local Rules

**(a)** **Informal Resolution**. Without prejudice to the use of more formal procedures set forth in sections (b) and (c) below, a complaint alleging that any person or party, including the neutral, has materially violated any of the ADR local rules other than ADRL.R. 7 (pertaining to judicially hosted settlement conferences) may be presented informally to the ADR Director, or to such legal staff as the Director may designate, who will attempt to resolve the matter to the satisfaction of all concerned.

**(b)** **Reporting Violation**

   **(1)** **Complaints Alleging Material Violations**. A formal complaint alleging that any person or party, including the neutral, has materially violated any of the ADR local rules other than ADR L.R. 7 (pertaining to judicially hosted settlement conferences) must be presented in writing (not electronically) directly to the ADR Magistrate Judge. Such a letter of complaint must be accompanied by a competent declaration. Copies of the letter of complaint and declaration must be sent contemporaneously to all other parties, the neutral (if a neutral has been appointed) and the ADR Unit. The letter of complaint and declaration must be marked "Confidential-Not to be Filed" and must neither be filed nor disclosed to the assigned Judge.

   **(2)** **Report by Neutral**. An arbitrator, evaluator, or mediator who perceives a material violation of these ADR local rules shall make a written report directly to the ADR Magistrate Judge and contemporaneously provide copies to all counsel and to the ADR Unit. Such report must be marked "Confidential-Not to be Filed" and must neither be filed nor disclosed to the assigned Judge.

**(c)** **Proceeding in Response to Complaint or Report of Violation and Sanctions.** If, upon receiving an appropriately presented and supported complaint or report of a material violation of these ADR local rules, the ADR Magistrate Judge determines that the matter warrants further proceedings, the ADR Magistrate Judge may refer the matter to the ADR Director to explore the possibility of resolving the complaint informally in accordance with section (a) above. If no such referral is made, or if the matter is not resolved informally, the ADR Magistrate Judge shall take appropriate action. The ADR Magistrate Judge may issue an order to show cause why sanctions should not be imposed. Any such sanctions proceedings shall be conducted on the record but under seal. The ADR Magistrate Judge will afford all interested parties an opportunity to be heard before deciding whether to impose sanctions. Any objections to the ADR Magistrate Judge's order resolving the sanctions issue must be made by motion under Civil L.R. 7 before the General Duty Judge, unless the General Duty Judge is the assigned Judge, in which case the objections shall be made to the Chief Judge. Any such objection shall be marked "Confidential-Not to be Filed" and must be delivered directly to the appropriate Judge within 14 days of the filing of the ADR Magistrate Judge's order resolving the sanctions issue. Such objection shall not be filed or disclosed to the assigned Judge, and shall be

served immediately on the ADR Magistrate Judge, all other counsel, the neutral and the ADR unit.

**Commentary**

The Court encourages parties to use the informal resolution procedure set forth in ADR L.R. 2-4(a) prior to submitting a formal complaint. Under *Zambrano v. City of Tustin*, 885 F.2d 1473 (9th Cir. 1989),the district court may impose fee shifting sanctions for a violation of a local rule only on a finding of bad faith, willfulness, recklessness, or gross negligence.

## 2-5.  Neutrals

**(a)**   **Panel**. The ADR Unit shall maintain a panel of neutrals serving in the Court's ADR programs. Neutrals will be selected from time to time by the Court from applications submitted by lawyers willing to serve or by other persons as set forth in section (b)(3) below.  The legal staff of the ADR Unit may serve as neutrals.

**(b)**   **Qualifications and Training**. Each lawyer serving as a neutral in a Court ADR program must be a member of the bar of this Court or a member of the faculty of an accredited law school and must successfully complete initial and periodic training as required by the Court. Additional minimum requirements for serving on the Court's panel of neutrals, which the Court may modify in individual circumstances for good cause, are as follows:

   **(1)**   **Arbitrators**. Arbitrators must have been admitted to the practice of law for at least 10 years and must have:

      **(A)**   For not less than five years, committed 50% or more of their professional time to matters involving litigation; or

      **(B)**   Substantial experience serving as a neutral in dispute resolution proceedings.

   **(2)**   **ENE Evaluators**. Evaluators must have been admitted to the practice of law for at least 15 years and have considerable experience with civil litigation in federal court.  Evaluators must also have substantial expertise in the subject matter of the cases assigned to them and must have the temperament and training to listen well, facilitate communication across party lines and, if called upon, assist the parties with settlement negotiations.

   **(3)**   **Mediators**. Generally, mediators must have been admitted to the practice of law for at least 7 years and must be knowledgeable about civil litigation in federal court. Mediators shall have strong mediation process skills and the temperament and training to listen well, facilitate communication across party lines and assist the parties with settlement negotiations. Mediators who are not lawyers may also be selected to serve on the Court's panel of mediators if they have appropriate professional credentials in another discipline and are knowledgeable about civil litigation in federal court. A non-lawyer mediator may be appointed to a case only with the consent of the parties.

**(c)**   **Oath**. Persons serving as neutrals in any of the Court's ADR programs must take the oath or affirmation prescribed in 28 U.S.C. § 453.

**(d)**   **Disqualification of Neutrals**

   **(1)**   **Applicable Standards.** No person may serve as a neutral in a case in a Court ADR program in violation of:

      **(A)**   the standards set forth in 28 U.S.C. § 455, or

> **(B)** any applicable standard of professional responsibility or rule of professional conduct, or
>
> **(C)** other guidelines adopted by the Court concerning disqualification of neutrals.

**(2)** **Mandatory Disqualification and Notice of Recusal**. A prospective neutral who discovers a circumstance requiring disqualification must immediately notify the parties and the ADR Unit in writing. The parties may not waive a basis for disqualification that is described in 28 U.S.C. Section 455 (b).

**(3)** **Disclosure and Waiver of Non-Mandatory Grounds for Disqualification**. If a prospective neutral discovers a circumstance that would not compel disqualification under an applicable standard of professional responsibility or rule of professional conduct or other guideline, or under § 455(b), but that might be covered by § 455 (a), the neutral shall promptly disclose that circumstance to all counsel in writing, as well as the ADR Unit. A party who has an objection to the neutral based upon an allegation that the neutral has a conflict of interest must present this objection in writing to the ADR Unit within 7 days of learning the source of the potential conflict or shall be deemed to have waived objection.

**(4)** **Objections Not Based on Disclosures by Neutral**. Within 7 days of learning the identity of a proposed neutral, a party who objects to service by that neutral must deliver to the ADR Unit and to all other counsel a writing that specifies the bases for the objection. The ADR Director shall determine whether the proposed neutral will serve or whether another neutral should be appointed. Appeal from such a determination must be made directly to the ADR Magistrate Judge within 7 days of the notice of the ADR Director's determination.

**(e)** **Immunities.** All persons serving as neutrals in any of the Court's ADR programs are performing quasi-judicial functions and are entitled to the immunities and protections that the law accords to persons serving in such capacity.

## 2-6. Evaluation of ADR Programs

Congress has mandated that the Court's ADR programs be evaluated. Neutrals, counsel and clients must promptly respond to any inquiries or questionnaires from persons authorized by the Court to evaluate the programs. Responses to such inquiries will be used for research and monitoring purposes only and the sources of specific information will not be disclosed to the assigned Judge or in any report.

# 3. ADR MULTI-OPTION PROGRAM

## 3-1. Purpose

The ADR Multi-Option Program is designed to encourage litigants in a broad range of cases to use ADR and to provide parties with sophisticated assistance in identifying the ADR process that is best suited to their particular case.

## 3-2. Summary Description

Litigants in certain cases designated when the complaint or notice of removal is filed are presumptively required to participate in one non-binding ADR process offered by the Court (Arbitration, Early Neutral Evaluation, or Mediation) or, with the assigned Judge's permission, may substitute an ADR process offered by a private provider. Unless they have stipulated to an ADR process by the date set forth in the Order Setting Initial Case Management Conference and ADR Deadlines, counsel with appropriate authority must participate in a joint phone conference with the legal staff of the ADR Unit to consider the suitability of the ADR options for their case. When litigants have not stipulated to an ADR process before the Case Management Conference, the assigned Judge will discuss the ADR options with counsel at that conference. If the parties cannot agree on a process before the end of the Case Management Conference, the Judge will select one of the ADR processes offered by the Court, or may refer the case to a settlement conference hosted by a Magistrate Judge, unless persuaded that no ADR process is likely to deliver benefits to the parties sufficient to justify the resources consumed by its use.

**Cross Reference**
See Case Management Conference provisions of Civil L.R. 16.

## 3-3. Assignment to ADR Multi-Option Program

**(a)** **Automatic Assignment**. Appropriate civil cases may be assigned to the ADR Multi-Option Program by the Clerk when the complaint or notice of removal is filed. Notice of such assignment will be given in the Order Setting Initial Case Management Conference and ADR Deadlines issued under Civil L.R. 16-2.

**(b)** **By Stipulation, Motion or Order**. Cases not assigned at filing may be assigned to the ADR Multi-Option Program, or to a specific ADR process, by order of the assigned Judge following a stipulation by all parties, on motion by a party under Civil L.R. 7, or on the Judge's initiative.

**(c)** **Relief from Automatic Referral**. Any party whose case has been referred automatically to the ADR Multi-Option Program may file with the assigned Judge a motion for relief from automatic referral under Civil L.R. 7.

## 3-4. ADR Options

**(a)** **Court-Sponsored ADR Processes**. The Court-sponsored ADR options for cases assigned to the ADR Multi-Option Program include:

**(1)** Non-binding Arbitration;

**(2)** Early Neutral Evaluation (ENE); and

**(3)** Mediation.

**(b)** **Private ADR.** A private ADR procedure may be substituted for a Court program if the parties so stipulate and the assigned Judge approves. Private ADR proceedings, however, are not subject to the enforcement, immunity or other provisions of the ADR Local Rules.

**(c)**    **Early Settlement Conference with a Magistrate Judge.** A case may be referred to a settlement conference only by order of the assigned Judge.

**Commentary**

Because of the many other duties assigned to Magistrate Judges, the Court refers only a limited number of cases to Magistrate Judges for early settlement conferences.

**Cross Reference**

See ADR L.R. 3-5(c)(2).

## 3-5.   Selecting an ADR Process

**(a)**    **Meet and Confer to Select ADR Process**. In cases assigned to the ADR Multi-Option Program, as soon as feasible after filing or removal and no later than the deadline to meet and confer, counsel must confer to attempt to agree on an ADR process.

**(b)**    **ADR Certification**. In cases assigned to the ADR Multi-Option Program, unless otherwise ordered, no later than the date specified in the Order Setting Initial Case Management Conference and ADR Deadlines, counsel and client must sign, serve and file an ADR Certification and shall provide a copy to the ADR Unit. The certification must be filed on a form established for that purpose by the Court and in conformity with the instructions approved by the Court. Separate certifications may be filed by each party. If the client is a government or government agency, the certificate shall be signed by a person who meets the requirements of Civil L.R. 3-9(c). Counsel and client must certify that both have:

    **(1)**    Read the handbook entitled "Dispute Resolution Procedures in the Northern District of California" on the Court's ADR Internet site cand.uscourts.gov/adr;

    **(2)**    Discussed the available dispute resolution options provided by the Court and private entities; and

    **(3)**    Considered whether their case might benefit from any of the available dispute resolution options.

**Commentary**

Certification forms are available on the Court's ADR Internet site cand.uscourts.gov/adr and the ECF Website cand.uscourts.gov/ecf. Limited printed copies of the handbook entitled "Dispute Resolution Procedures in the Northern District of California" are available from the Clerk's Office for parties in cases not subject to the Court's Electronic Case Filing program (ECF) under Civil L.R. 5-1(b).

**(c)**    **Stipulation to ADR Process or Notice of Need for ADR Telephone Conference**. In cases assigned to the ADR Multi-Option Program, unless otherwise ordered, no later than the date specified in the Order Setting Initial Case Management Conference and ADR Deadlines, counsel must file, in addition to the ADR Certification, either a "Stipulation and (Proposed) Order Selecting ADR Process" or a "Notice of Need for ADR Phone Conference" on a form established by the Court.

    **(1)**    **Stipulation.** If the parties agree to participate in a Court-sponsored non-binding arbitration, ENE or mediation, or in private ADR, they must file a form Stipulation and Proposed Order selecting an ADR process.

    **(2)**    **Notice of Need for ADR Phone Conference.** If the parties are unable to agree on an ADR process, or if the parties believe that an early settlement conference with a Magistrate Judge is appreciably more likely to meet their needs than any other form of ADR, they must file a Notice of Need for ADR Phone Conference.

**Commentary**

Because of the many other duties assigned to Magistrate Judges, the Court refers only a limited number of cases to Magistrate Judges for early settlement conferences. Forms for "Stipulation to an ADR Process" and "Notice of Need for ADR Telephone Conference" are available on the Court's ADR Internet site cand.uscourts.gov/adr and the ECF Internet site cand.uscourts.gov/ecf. Limited printed copies are available from the Clerk's Office for parties in cases not subject to the Court's Electronic Case Filing program (ECF) under Civil L.R. 5-1(b).

**(d)** **Selection Through ADR Phone Conference**. In cases assigned to the ADR Multi-Option Program where the parties have filed a Notice of Need for ADR Phone Conference, counsel are required to participate in a joint ADR Phone Conference at a time designated by the Court. During the phone conference, a member of the ADR legal staff will help counsel identify the ADR process that is likely to benefit their particular case the most. The following procedures shall apply to the ADR Phone Conference:

    **(1)** **Participants**. Counsel who will be primarily responsible for handling the trial of the matter must participate in the conference. Clients and their insurance carriers may participate as well. Counsel may request an in-person ADR conference at the Court in lieu of the phone conference by calling the ADR Unit.

    **(2)** **Placing the Conference Call**. Counsel for the first-listed plaintiff in the case caption must arrange for and place the phone conference by calling all other counsel and then the ADR phone conference number, (415) 522-4603, at the appointed time. The Court will reserve one-half hour for each such conference call.

    **(3)** **Preparation**. Before the phone conference, counsel must review with their clients these ADR Local Rules, the handbook entitled Dispute Resolution Procedures in the Northern District of California on the Court's ADR Internet site at cand.uscourts.gov/adr.  Limited printed copies of the handbook are available from the Clerk's Office for parties in cases not subject to the Court's Electronic Case Filing program (ECF) under Civil L.R. 5-1(b).

    **(4)** **Request to Continue the ADR Phone Conference**. Requests to continue the ADR Phone Conference must be directed to the ADR Unit at (415) 522-4205.

    **(5)** **Stipulation Following ADR Phone Conference.** Parties who stipulate to an ADR process after the phone conference may do so on a form provided by the Court pursuant to ADR L.R. 3-5(c) or in their Case Management Statement, or may file a separate stipulation and proposed order pursuant to ADR L.R. 2-3.

**(e)** **Selection at Case Management Conference**

    **(1)** **Consideration of ADR Processes**. If the parties have not stipulated to a particular ADR process before the Case Management Conference, the assigned Judge will discuss with the parties the selection of an option at that conference. The ADR legal staff ordinarily will have recommended to the assigned judge a specific ADR process for the case or that the case be exempted from referral to an ADR process.

    **(2)** **Selection by Stipulation or Order**. If the parties agree to a particular ADR process at the Case Management Conference and the assigned Judge approves, the Judge will issue an order referring the case to that process. If the parties do not agree to an ADR process, and the Judge deems it appropriate, he or she will select one of the Court ADR processes (non-binding arbitration, subject to statutory jurisdictional constraints; ENE; or mediation) and issue an order referring the case

to that process. Alternatively, the Judge may issue an order referring the case to an early settlement conference.

**(3)**     **Exemption.** If the parties persuade the Judge at the Case Management Conference that no ADR process is likely to deliver benefits to the parties sufficient to justify the resources consumed by its use, the Judge will exempt the case from participating in any ADR process.

**Commentary**

Forms for ADR Certification, Stipulation to an ADR Process and Notice of Need for ADR Telephone Conference are available on the Court's Internet site: cand.uscourts.gov/adr. Limited printed copies are available from the Clerk's Office for parties in cases not subject to the Court's Electronic Case Filing program (ECF) under Civil L.R. 5-1(b).

## 3-6.  Timing of ADR Process in the ADR Multi-Option Program

Unless otherwise ordered, the ADR session must be held within 90 days after the entry of an order referring the case to a specific ADR process.

**Cross-Reference**

See ADR L.R. 4-4, 5-4, and 6-4.

# 4.  NON-BINDING ARBITRATION

## 4-1.  Description

Arbitration under this local rule is an adjudicative process in which an arbitrator or a panel of three arbitrators issues a non-binding judgment ("award" or "decision") on the merits after an expedited, adversarial hearing. Either party may reject the non-binding award or decision and request a trial *de novo*. An arbitration occurs earlier in the life of a case than a trial and is less formal and less expensive. Because testimony is taken under oath and is subject to cross-examination, arbitration can be especially useful in cases that turn on credibility of witnesses. Arbitrators do not facilitate settlement discussions.

## 4-2.  Eligible Cases

In conformance with 28 USC Section 654, and subject to the availability of an arbitrator with subject matter expertise, appropriate civil cases may be referred to arbitration by order of the assigned Judge following a written stipulation by all parties, on motion by a party under Civil L.R. 7, or the Judge's initiative.

## 4-3.  Arbitrators

**(a)** **Appointment**. After entry of an order referring the case to arbitration, the ADR Unit will appoint from the Court's panel an arbitrator who has expertise in the subject matter of the lawsuit, is available during the appropriate period and has no apparent conflict of interest. The Court will notify the parties of the appointment. If the parties jointly request, the Court will appoint a panel of three arbitrators and will designate the person to serve as the panel's presiding arbitrator. The rules governing conflicts of interest and the procedure for objecting to an arbitrator on that basis are set forth in ADR L.R. 2-5(d).

**(b)** **Compensation**. Arbitrators shall be paid by the Court $250 per day or portion of each day of hearing in which they serve as a single arbitrator or $150 for each day or portion of each day in which they serve as a member of a panel of three. No party may offer or give the arbitrator(s) any gift.

**(c)** **Payment and Reimbursement**. When filing an award or decision, arbitrators must submit a voucher on the form prescribed by the Clerk for payment of compensation and for reimbursement of any reasonable transportation expenses necessarily incurred in the performance of duties under this Rule. No reimbursement will be made for any other expenses.

## 4-4.  Timing and Scheduling the Hearing

**(a)** **Scheduling by Arbitrator**. Promptly after being appointed to a case, the arbitrator(s) must arrange for the pre-session phone conference under ADR L.R. 4-7 and, after consulting with all parties, must fix the date and place for the arbitration within the deadline fixed by the assigned judge, or if no such deadline is fixed, within 90 days after the entry of order referring the case to arbitration. Counsel must respond promptly to and cooperate fully with the arbitrator(s) with respect to scheduling the pre-session phone conference and the arbitration hearing. If the case is resolved before the hearing date, or if due to an emergency a participant cannot attend the arbitration, counsel must notify the arbitrator and the ADR Unit immediately upon learning of such settlement or emergency.

**(b)** **Place and Time**. The hearing may be held at any location within the Northern District of California selected by the arbitrator(s), including a room at a federal courthouse, if available. In selecting the location, the arbitrator(s) shall consider the convenience of the

parties and witnesses. Unless the parties and the arbitrator(s) agree otherwise, the hearing shall be held during normal business hours.

### 4-5. Requests to Extend Deadline

(a) **Motion Required**. Requests for extension of the deadline for conducting an arbitration hearing must be made no later than 14 days before the hearing is to be held and must be directed to the assigned Judge, in a motion under Civil L.R. 7, with a copy to the other parties, the arbitrator(s) and the ADR Unit.

(b) **Content of Motion**. Such motion must:

(1) Detail the considerations that support the request;

(2) Indicate whether the other parties concur in or object to the request; and

(3) Be accompanied by a proposed order setting forth a new deadline by which the arbitration hearing must be held.

### 4-6. *Ex Parte* Contact Prohibited

Except with respect to scheduling matters, there shall be no *ex parte* communications between parties or counsel and an arbitrator.

### 4-7. Telephone Conference Before Arbitration

The arbitrator(s) shall schedule a brief joint telephone conference with counsel before the arbitration to discuss matters such as the scheduling of the arbitration, the procedures to be followed, whether supplemental written material should be submitted, which witnesses will attend, how testimony will be presented, including expert testimony, and whether and how the arbitration will be recorded.

### 4-8. Written Arbitration Statements

(a) **Time for Submission**. No later than 7 days before the arbitration session, each party must submit directly to the arbitrator(s), and must serve on all other parties, a written Arbitration Statement.

(b) **Prohibition against Filing**. The statements must not be filed and the assigned Judge shall not have access to them.

(c) **Content of Statement**. The statements must be concise and must:

(1) Summarize the claims and defenses;

(2) Identify the significant contested factual and legal issues, citing authority on the questions of law;

(3) Identify proposed witnesses; and

(4) Identify, by name and title or status, the person(s) with decision-making authority, who, in addition to counsel, will attend the arbitration as representative(s) of the party.

(d) **Modification of Requirement by Arbitrator(s)**. After jointly consulting counsel for all parties, the arbitrator(s) may modify or dispense with the requirements for the written Arbitration Statements.

**4-9. Attendance at Arbitration**

    **(a)**  **Parties**. Each party shall attend the arbitration hearing unless excused under paragraph (d), below. This requirement reflects the Court's view that principal values of arbitration include affording litigants an opportunity to articulate their positions and to hear, first hand, both their opponent's version of the matters in dispute and a neutral assessment of the merits of the case.

        **(1)**  **Corporation or Other Entity.** A party other than a natural person (e.g., a corporation or an association) satisfies this attendance requirement if represented by a person (other than outside counsel) who is knowledgeable about the facts of the case.

        **(2)**  **Government Entity.** A party that is a government or governmental agency, in addition to counsel, must send a representative knowledgeable about the facts of the case and the governmental unit's position.  If the action is brought by the government on behalf of one or more individuals, at least one such individual also must attend.

    **(b)**  **Counsel**. Each party must be accompanied at the arbitration session by the lawyer who will be primarily responsible for handling the trial of the matter.

    **(c)**  **Request to be Excused**. A person who is required to attend an arbitration hearing may be excused from attending in person only after a showing that personal attendance would impose an extraordinary or otherwise unjustifiable hardship. A person seeking to be excused must submit, no fewer than 14 days before the date set for the arbitration, a letter to the ADR Magistrate Judge, simultaneously copying the ADR Unit, all other counsel and the arbitrator(s). The letter must:

        **(1)**  Set forth with specificity all considerations that support the request;

        **(2)**  State realistically the amount in controversy in the case;

        **(3)**  Indicate whether the other party or parties join in or object to the request; and

        **(4)**  Be accompanied by a proposed order.

    **(d)**  **Participation by Telephone**. A person excused from attending an arbitration in person must be available to participate by telephone.

**4-10. Authority of Arbitrators and Procedures at Arbitration**

    **(a)**  **Authority of Arbitrators**. Subject to the provisions of these ADR local rules, arbitrators shall be authorized to:

        **(1)**  Administer oaths and affirmations;

        **(2)**  Make reasonable rulings as are necessary for the fair and efficient conduct of the hearing; and

        **(3)**  Make awards.

    **(b)**  **Prohibition on Facilitating Settlement Discussions**. Arbitrators are not authorized to facilitate settlement discussions. If the parties desire assistance with settlement, the parties or arbitrator(s) may request that the case be referred to mediation, ENE, or a settlement conference.

    **(c)**  **Presumption against Bifurcation**. Except in extraordinary circumstances, the arbitrator(s) shall not bifurcate the arbitration.

**(d)** **Quorum**. Where a panel of three arbitrators has been named, any two members of a panel shall constitute a quorum, but the concurrence of a majority of the entire panel shall be required for any action or decision by the panel, unless the parties stipulate otherwise.

**(e)** **Testimony**.

    **(1)** **Subpoenas**. Attendance of witnesses and production of documents may be compelled in accordance with Fed. R. Civ. P. 45.

    **(2)** **Oath and Cross-examination**. All testimony shall be taken under oath or affirmation and shall be subject to such reasonable cross-examination as the circumstances warrant.

    **(3)** **Evidence**. In receiving evidence, the arbitrator(s) shall be guided by the Federal Rules of Evidence, but shall not thereby be precluded from receiving evidence which the arbitrator(s) consider(s) relevant and trustworthy and which is not privileged.

**(f)** **Transcript or Recording**. A party may cause a transcript or recording of the proceedings to be made but must provide a copy to any other party who requests it and who agrees to pay the reasonable costs of having a copy made.

**(g)** **Default of Party**. The unexcused absence of a party shall not be a ground for continuance, but damages shall be awarded against an absent party only upon presentation of proof thereof satisfactory to the arbitrator(s).

## 4-11. Award and Judgment

**(a)** **Form of Award**. After an arbitration under this Rule, the arbitrator(s) must make an award which must state clearly and concisely the name or names of the prevailing party or parties and the party or parties against which it is rendered, and the precise amount of money, if any, awarded. The award may, at the discretion of the arbitrator(s), include a statement of reasons for the decision. The award must be in writing and (unless the parties stipulate otherwise) be signed by the arbitrator or by at least two members of a panel. No arbitrator shall participate in the award without having attended the hearing. Costs within the meaning of Fed. R. Civ. P. 54 and Civil L.R. 54 may be assessed by the arbitrator(s) as part of an arbitration award.

**(b)** **Filing and Serving the Award**. Within 14 days after the arbitration hearing is concluded, the arbitrator(s) must file the award with the Clerk in an unsealed envelope with a cover sheet stating: "Arbitration Award to be filed under seal pursuant to ADR L.R. 4-11--not to be forwarded to the Assigned Judge." The cover sheet also shall list the case caption, case number and name(s) of the arbitrator, but shall not specify the content of the award. The Clerk shall promptly serve copies of the arbitration award on the parties. In addition, immediately after receiving a copy of the arbitration award, the party that prevailed in the arbitration must serve a copy of the award on the other parties and must promptly file proof of said service under Civil L.R. 5, but must not attach a copy of the award.

**(c)** **Sealing of Award**. Each filed arbitration award shall promptly be sealed by the Clerk. The award shall not be disclosed to any Judge who might be assigned to the case until the Court has entered final judgment in the action or the action has been otherwise terminated, except as necessary to assess costs or prepare the report required by Section 903(b) of the Judicial Improvements and Access to Justice Act.

(d)    **Entry of Judgment on Award**. If no party has filed a demand for trial *de novo* (or a notice of appeal, which shall be treated as a demand for trial *de novo*) within 30 days of notice of the filing of the arbitration award, the Clerk shall enter judgment on the arbitration award in accordance with Fed. R. Civ. P. 58. A judgment so entered shall be subject to the same provisions of law and shall have the same force and effect as a judgment of the Court in a civil action, except that the judgment shall not be subject to review in any other court by appeal or otherwise.

## 4-12. Trial *De Novo*

(a)    **Time for Demand**. If any party files and serves a demand for trial *de novo* within 30 days of notice of the filing of the arbitration award, no judgment thereon shall be entered by the Clerk and the action shall proceed in the normal manner before the assigned Judge. Failure to file and serve a demand for trial *de novo* within this 30-day period waives the right to trial *de novo*.

(b)    **Limitation on Admission of Evidence**. At the trial *de novo* the Court shall not admit any evidence indicating that there has been an arbitration proceeding, the nature or amount of any award, or any other matter concerning the conduct of the arbitration proceeding, unless:

(1)    The evidence would otherwise be admissible in the trial under the Federal Rules of Evidence, or

(2)    The parties have otherwise stipulated.

(c)    **Award Not to be Attached**. A party filing a demand for a trial *de novo* must not attach the arbitration award.

## 4-13. Stipulation to Binding Arbitration

At any time before the arbitration hearing, the parties may stipulate in writing to waive their rights to request a trial *de novo* pursuant to ADR L.R. 4-12. Such stipulation must be submitted to the assigned Judge for approval and must be filed. In the event of such stipulation, judgment shall be entered on the arbitration award pursuant to ADR L.R. 4-11(d).

## 4-14. Federal Arbitration Act Presumptively Inapplicable

Nothing in these ADR Local Rules limits any party's right to agree to arbitrate any dispute, regardless of the amount, pursuant to Title 9, United States Code, or any other provision of law.

# 5.  EARLY NEUTRAL EVALUATION

## 5-1.  Description

In Early Neutral Evaluation (ENE) the parties and their counsel, in a confidential session, make compact presentations of their claims and defenses, including key evidence as developed at that juncture, and receive a non-binding evaluation by an experienced neutral lawyer with subject matter expertise. The evaluator also helps identify areas of agreement, offers case-planning suggestions and, if requested by the parties, settlement assistance.

## 5-2.  Eligible Cases

Subject to the availability of administrative resources and of an evaluator with subject matter expertise, appropriate civil cases may be referred to ENE by order of the assigned Judge following a stipulation by all parties, on motion by a party under Civil L.R. 7, or on the Judge's initiative.

## 5-3.  Evaluators

**(a)    Appointment**. After entry of an order referring a case to ENE, the ADR Unit will appoint from the Court's panel an evaluator who has expertise in the subject matter of the lawsuit, is available during the appropriate period and has no apparent conflict of interest. The Court will notify the parties of the appointment. The rules governing conflicts of interest and the procedure for objecting to an evaluator on that basis are set forth in ADR L.R. 2-5(d).

**(b)    Compensation**. ENE evaluators shall volunteer their preparation time and the first four hours in an ENE session. After four hours in an ENE session, the evaluator may (1) continue to volunteer his or her time or (2) give the parties the option of either concluding the procedure or paying the evaluator for additional time at an hourly rate of $300. The ENE procedure will continue only if all parties and the evaluator agree. After eight hours in one or more ENE sessions, if all parties agree, the evaluator may charge his or her hourly rate or such other rate that all parties agree to pay. In special circumstances for complex cases requiring substantial preparation time, the parties and the evaluator may make other arrangements with the approval of the ADR legal staff. No party may offer or give the evaluator any gift.

**(c)    Payment**. All terms and conditions of payment must be clearly communicated to the parties. The parties may agree to pay the fee in other than equal portions. The parties must pay the evaluator directly, or the evaluator's law firm or employer, as directed by the evaluator. On a questionnaire form provided by the Court, the evaluator shall promptly report to the ADR Unit the amount of any payment received.

Commentary

Preparation by the evaluator for the typical ENE session ordinarily should not exceed two to three hours. If more substantial preparation by the evaluator is desired, the parties may discuss appropriate alternative payment arrangements with the evaluator under ADR L.R. 5-3(b).

## 5-4.  Timing and Scheduling the ENE Session

**(a)    Scheduling by Evaluator**. Promptly after being appointed to a case, the evaluator must arrange for the pre-session phone conference under ADR L.R. 5-7 and, after consulting with all parties, must fix the date and place of the ENE session within the deadlines set by paragraph (b) below, or the order referring the case to ENE. Counsel must respond

promptly to and cooperate fully with the evaluator with respect to scheduling the pre-session phone conference and the ENE session.

**(b)** **Deadline for Conducting Session**. Unless otherwise ordered, the ENE session must be held within 90 days after the entry of the order referring the case to ENE.

## 5-5. Requests to Extend Deadline

**(a)** **Motion Required**. Requests for extension of the deadline for conducting an ENE session must be made no later than 14 days before the session is to be held and must be directed to the assigned Judge, in a motion or stipulation and proposed order under Civil L.R. 7, with a copy to the other parties, the evaluator (if appointed) and the ADR Unit.

**(b)** **Content of Motion**. Such motion must:

**(1)** Detail the considerations that support the request;

**(2)** Indicate whether the other parties concur in or object to the request; and

**(3)** Be accompanied by a proposed order setting forth a new deadline by which the ENE session shall be held.

## 5-6. Ex Parte Contact Prohibited

Except with respect to scheduling matters, there shall be no *ex parte* communications between parties or counsel and the evaluator, including private caucuses to discuss settlement, until after the evaluator has committed his or her evaluation to writing and all parties have agreed that *ex parte* communications with the evaluator may occur.

## 5-7. Telephone Conference Before ENE Session

The evaluator shall schedule a brief joint telephone conference before the ENE session with counsel who will attend the ENE session to discuss matters such as the scheduling of the ENE session, the procedures to be followed, the nature of the case, the content of the written ENE statements, and which client representatives will attend.

### Commentary
If more than one pre-session phone conference is conducted, all counsel do not necessarily need to participate in every call but the lead counsel who will attend the ENE session must participate in at least one pre-session phone conference. See ADR L.R. 5-10(b).

## 5-8. Written ENE Statements

**(a)** **Time for Submission**. No later than 7 days before the first ENE session, each party must submit directly to the evaluator, and must serve on all other parties, a written ENE Statement.

**(b)** **Prohibition Against Filing**. The statements constitute confidential information as defined in ADR L.R. 5-12, must not be filed and the assigned Judge shall not have access to them.

**(c)** **Content of Statement**. The statements must be concise, may include any information that may be useful to the evaluator, and must, unless otherwise directed by the evaluator:

**(1)** Identify, by name and title or status:

**(A)** The person(s) with decision-making authority, who, in addition to counsel, will attend the ENE session as representative(s) of the party, and

     **(B)**   Persons connected with a party opponent (including an insurer representative) whose presence might substantially improve the utility of the ENE session or the prospects for settlement;

**(2)**   Describe briefly the substance of the suit, addressing the party's views of the key liability issues and damages and discussing the key evidence;

**(3)**   Address whether there are legal or factual issues whose early resolution would reduce significantly the scope of the dispute or contribute to settlement negotiations;

**(4)**   Identify the discovery that is necessary to equip the parties for meaningful settlement negotiations; and

**(5)**   Include copies of documents out of which the suit arose (e.g., contracts), or whose availability would materially advance the purposes of the evaluation session, (e.g., medical reports or documents by which special damages might be determined).

### 5-9. Special Provisions for Patent, Copyright, or Trademark Cases

Unless otherwise directed by the evaluator, the following provisions apply to the written ENE statements submitted under ADR L.R. 5-8.

**(a)**   **Patent Cases**. When a claim in a case alleges infringement of a utility patent, or when a party seeks a declaratory judgment that a utility patent is not infringed, is invalid, or is unenforceable, each party must attach to its written ENE statement a copy of each document the party has been required to generate (by the date the written ENE statements are due) under Patent L.R. 3-1, 3-3, or 3-5(a), or under any case-specific order modifying the requirements of these provisions of the Patent Local Rules. A party whose duty has arisen only under Patent L.R. 3-5(a) may satisfy the requirements hereby imposed by attaching to its written ENE statement a copy of documents it was required to generate under Patent L.R. 3-3.

**(b)**   **Copyright Cases**. To the extent then known or readily available and feasible, a party who bases a claim on copyright must include as exhibits the copyright registration (or, if there is no relevant copyright registration yet, the relevant copyright application) and one or more demonstrative exemplars of the copying and infringement. Such party must also present whatever direct or indirect evidence it has of copying, and shall indicate whether it intends to elect statutory or actual damages. Each party in a copyright case who is accused of infringing shall set forth in its written statement the dollar volume of sales of and profits from the allegedly infringing works that it and any entities for which it is legally responsible have made.

**(c)**   **Trademark Cases**. To the extent then known or readily available and feasible, a party who bases a claim on trademark or trade dress infringement, or on other unfair competition, must include as an exhibit its registration, if any, exemplars of both its use of its mark and use of the allegedly infringing mark, both including a description or representation of the goods or services on or in connection with which the marks are used, and any evidence it has of actual confusion. If "secondary meaning" is in issue, such a party must also describe the nature and extent of the advertising it has done with its mark and the volume of goods it has sold under its mark. Both parties must describe in their evaluation statements how the consuming public is exposed to their respective marks and goods or services, including, if available, photographic or other demonstrative evidence. Each party in a trademark or unfair competition case who is accused of

infringement must set forth the dollar volume of sales of and profits from goods or services bearing the allegedly infringing mark.

### 5-10. Attendance at Session

**(a)**   **Parties**. All named parties and their counsel are required to attend the ENE session in person unless excused under paragraph (d), below. This requirement reflects the Court's view that the principal values of ENE include affording litigants opportunities to articulate directly to other parties and a neutral their positions and interests and to hear, first hand, both their opponent's version of the matters in dispute and a neutral assessment of the merits of the case and the relative strengths of each party's legal positions.

 **(1)**   **Corporation or Other Non-Governmental Entity.** A party other than a natural person (e.g., a corporation or an association) satisfies this attendance requirement if represented by a person (other than outside counsel) who has final authority to settle and who is knowledgeable about the facts of the case. If final authority to settle is vested only in a governing board, claims committee, or equivalent body and cannot be delegated to a representative, an entity must disclose (in writing or electronically) this fact to all other parties and the evaluator at least 14 days before the ENE session will occur. This required disclosure must identify the board, committee, body, or persons in whom final settlement authority is vested. In this instance the party must send the person (in addition to counsel of record) who has, to the greatest extent feasible, authority to recommend a settlement, and who is knowledgeable about the facts of the case, the entity's position, and the procedures and policies under which the entity decides whether to accept proposed settlements.

 **(2)**   **Government Entity.** A unit or agency of government satisfies this attendance requirement if represented by a person (in addition to counsel of record) who has, to the greatest extent feasible, authority to settle, and who is knowledgeable about the facts of the case, the governmental unit's position, and the procedures and policies under which the governmental unit decides whether to accept proposed settlements. If the action is brought by the government on behalf of one or more individuals, at least one such individual also must attend.

**(b)**   **Counsel**. Each party must be accompanied at the ENE session by the lawyer who will be primarily responsible for handling the trial of the matter.

**(c)**   **Insurers**. Insurer representatives are required to attend in person unless excused under paragraph (d), below, if their agreement would be necessary to achieve a settlement.

**(d)**   **Request to be Excused**. A person who is required to attend an ENE session may be excused from attending in person only after a showing that personal attendance would impose an extraordinary or otherwise unjustifiable hardship. A person seeking to be excused must submit, no fewer than 14 days before the date set for the session, a letter to the ADR Magistrate Judge, simultaneously copying the ADR Unit, all counsel and the evaluator. The letter must:

 **(1)**   Set forth all considerations that support the request;

 **(2)**   State realistically the amount in controversy in the case;

 **(3)**   Indicate whether the other party or parties join in or object to the request, and

 **(4)**   Be accompanied by a proposed order.

The request may not be filed or disclosed to the assigned judge.

**(e)**   **Opposing a Request to be Excused or Seeking to Compel Attendance by an Appropriate Party Representative**.

  (1)   A party who opposes another party's request to be excused from attending in person an ENE session may submit to the ADR Magistrate Judge, within 4 days of receiving a copy of the request, a letter setting forth all grounds for the opposition. Such a letter must be served simultaneously on the ADR Unit, all other parties, and the evaluator - and may not be filed or disclosed to the assigned judge.

  (2)   A party who alleges that another party will not be represented at an ENE session by an appropriate representative may submit to the ADR Magistrate Judge, as far in advance of the session as practicable, a letter setting forth the bases for this allegation, along with a proposed order.  Within 4 days of receiving a copy of such a letter, the party so challenged may submit to the ADR Magistrate Judge a responsive letter. Such letters must be served simultaneously on the ADR Unit, all other parties, and the evaluator ─ and may not be filed or disclosed to the assigned judge.

**(f)**   **Participation by Telephone**. A person excused from appearing in person at an ENE session must be available to participate by telephone for the duration of the session or until excused by the neutral.

**Commentary**

Ordinarily, a corporation or other entity, including a governmental entity or an insurer, satisfies the attendance requirement by sending a person or persons who can agree to a settlement without the necessity of gaining approval from anyone else. Exceptions to this general practice must be disclosed and addressed in advance of the session.

## 5-11. Procedure at ENE Session

**(a)**   **Components of ENE Session**. The evaluator shall:

  **(1)**   Permit each party (through counsel or otherwise), orally and through documents or other media, to present its claims or defenses and to describe the principal evidence on which they are based;

  **(2)**   Help the parties identify areas of agreement and, where feasible, enter stipulations;

  **(3)**   Assess the relative strengths and weaknesses of the parties' contentions and evidence, and explain carefully the reasoning that supports these assessments;

  **(4)**   Estimate, where feasible, the likelihood of liability and the dollar range of damages;

  **(5)**   Help the parties devise a plan for sharing the important information and/or conducting the key discovery that will equip them as expeditiously as possible to enter meaningful settlement discussions or to position the case for disposition by other means;

  **(6)**   Help the parties assess litigation costs realistically; and

  **(7)**   If the parties are interested, help them, through private caucusing or otherwise, explore the possibility of settling the case;

  **(8)**   Determine whether some form of follow up to the session would contribute to the case development process or to settlement.

**(b)** **Process Rules**. The session shall be informal. Rules of evidence shall not apply. There shall be no formal examination or cross-examination of witnesses and no recording of the presentations or discussion shall be made.

**(c)** **Evaluation and Settlement Discussions**. If all parties agree, they may proceed to discuss settlement after the evaluation has been written but before it is presented. The evaluation must be presented orally on demand by any party. Copies of the written evaluation may be provided to the parties at the discretion of the evaluator. The parties also may agree to discuss settlement after the evaluation has been presented.

## 5-12. Confidentiality

**(a)** **Confidential Treatment**. Except as provided in subdivision (b) of this local rule, this court, the evaluator, all counsel and parties, and any other persons attending the ENE session shall treat as "confidential information" the contents of the written ENE Statements, anything that happened or was said, any position taken, and any view of the merits of the case expressed by any participant in connection with any ENE session. "Confidential information" shall not be:

**(1)** Disclosed to anyone not involved in the litigation;

**(2)** Disclosed to the assigned judge; or

**(3)** Used for any purpose, including impeachment, in any pending or future proceeding in this court.

**(b)** **Limited Exceptions to Confidentiality**. This rule does not prohibit:

**(1)** Disclosures as may be stipulated by all parties and the evaluator;

**(2)** Disclosures as may be stipulated by all parties, without the consent of the evaluator, for use in a subsequent confidential ADR or settlement proceeding;

**(3)** A report to or an inquiry by the ADR Magistrate Judge pursuant to ADR L.R. 2-4 regarding a possible violation of the ADR Local Rules;

**(4)** The evaluator from discussing the ENE session with the court's ADR staff, who shall maintain the confidentiality of the ENE session;

**(5)** Any participant or the evaluator from responding to an appropriate request for information duly made by persons authorized by the court to monitor or evaluate the court's ADR program in accordance with ADR L.R. 2-6; or

**(6)** Disclosures as are otherwise required by law.

**(c)** **Confidentiality Agreement**. The evaluator may ask the parties and all person attending the ENE session to sign a confidentiality agreement on a form provided by the court.

**Commentary**
Ordinarily, anything that happens or is said in connection with an ENE session is to be
treated as confidential in the same manner and for the same reasons as with mediation.
Please see the legal authorities cited in the commentary to ADR Local Rule 6-12(c).

## 5-13. Follow Up

**(a)** **Discussion at Close of ENE**. At the close of the ENE session, the evaluator and the parties shall discuss whether it would be beneficial to schedule any follow up to the session.

**(b)** **Follow Up the Evaluator May Order**. The evaluator may order these kinds of follow up without stipulation:

   **(1)** Responses to settlement offers or demands;

   **(2)** A focused telephone conference;

   **(3)** Exchanges of letters between counsel addressing specified legal or factual issues; or

   **(4)** Written or telephonic reports to the evaluator, e.g., describing how discovery or other events occurring after the ENE session have affected a party's analysis of the case or position with respect to settlement.

**(c)** **Stipulation to Follow Up Session**. With the consent of all parties, the evaluator may schedule one or more follow up ENE sessions that may include additional evaluation, settlement discussions, or case development planning.

**(d)** **Limitations on Authority of Evaluator**. Evaluators have no authority to compel parties to conduct or respond to discovery or to file motions. Nor do evaluators have authority to determine what the issues in any case are, to impose limits on parties' pretrial activities, or to impose sanctions.

## 5-14. Certification of Session

Within 14 days of the close of each ENE session, and on the form Certification of Session provided by the Court, the evaluator must report to the ADR Unit: the date of the session, whether any follow up is scheduled, and whether the case settled in whole or in part. The ADR Unit will file the certification.

# 6.  MEDIATION

## 6-1.  Description

Mediation is a flexible, non-binding, confidential process in which a neutral person (the mediator) facilitates settlement negotiations. The mediator improves communication across party lines, helps parties articulate their interests and understand those of their opponent, probes the strengths and weaknesses of each party's legal positions, identifies areas of agreement and helps generate options for a mutually agreeable resolution to the dispute. The mediator generally does not give an overall evaluation of the case. A hallmark of mediation is its capacity to expand traditional settlement discussion and broaden resolution options, often by exploring litigant needs and interests that may be formally independent of the legal issues in controversy.

## 6-2.  Eligible Cases

Subject to the availability of administrative resources and of a suitable mediator, appropriate civil cases may be referred to mediation by order of the assigned Judge following a stipulation by all parties, on motion by a party under Civil L.R. 7, or on the Judge's initiative.

## 6-3.  Mediators

**(a)  Appointment**. After entry of an order referring a case to mediation, the ADR Unit will appoint from the Court's panel a mediator who is available during the appropriate period and has no apparent conflict of interest. The Court will notify the parties of the appointment. The rules governing conflicts of interest and the procedure for objecting to a mediator on that basis are set forth in ADR L.R. 2-5(d).

**(b)  Standards of Conduct**. Mediators on the Court's panel agree to adhere to applicable standards of professional conduct as may be officially adopted by the Court.

**(c)  Compensation**. Mediators shall volunteer their preparation time and the first four hours in a mediation. After four hours of mediation, the mediator may (1) continue to volunteer his or her time or (2) give the parties the option of either concluding the procedure or paying the mediator for additional time at an hourly rate of $300. The procedure will continue only if all parties and the mediator agree. After eight hours in one or more mediation sessions, if all parties agree, the mediator may charge his or her hourly rate or such other rate that all parties agree to pay. In special circumstances for complex cases requiring substantial preparation time, the parties and the mediator may make other arrangements with the approval of the ADR legal staff. No party may offer or give the mediator any gift.

**(d)  Payment**. All terms and conditions of payment must be clearly communicated to the parties. The parties may agree to pay the fee in other than equal portions. The parties must pay the mediator directly, or the mediator's law firm or employer, as directed by the mediator. On a form questionnaire provided by the Court, the mediator must promptly report to the ADR Unit the amount of any payment received.

**Commentary**

Preparation by the mediator for the typical mediation session ordinarily should not exceed two to three hours. If more substantial preparation by the mediator is desired, the parties may discuss appropriate alternative payment arrangements with the mediator under ADR L.R. 6-3(c).

**6-4.   Timing and Scheduling the Mediation**

    **(a)**   **Scheduling by Mediator**. Promptly after being appointed to a case, the mediator must arrange for the pre-mediation conference under ADR L.R. 6-6 and, after consulting with all parties, must fix the date and place of the mediation within the deadlines set by paragraph (b) below, or the order referring the case to mediation. Counsel must respond promptly to and cooperate fully with the mediator with respect to scheduling the pre-session phone conference and the mediation session.

    **(b)**   **Deadline for Conducting Mediation**. Unless otherwise ordered, the mediation must be held within 90 days after the entry of the order referring the case to mediation.

**6-5.   Request To Extend the Deadline**

    **(a)**   **Motion Required**. Requests for extension of the deadline for conducting a mediation must be made no later than 14 days before the session is to be held and must be directed to the assigned Judge, in a motion or stipulation and proposed order under Civil L.R. 7, with a copy to the other parties, the mediator (if appointed) and the ADR Unit.

    **(b)**   **Content of Motion**. Such motion must:

        **(1)**   Detail the considerations that support the request;

        **(2)**   Indicate whether the other parties concur in or object to the request; and

        **(3)**   Be accompanied by a proposed order setting forth a new deadline by which the mediation shall be held.

**6-6.   Telephone Conference Before Mediation**

The mediator shall schedule a brief joint telephone conference before the mediation session with counsel who will attend the mediation session to discuss matters such as the scheduling of the mediation, the procedures to be followed, the nature of the case, the content of the written mediation statements, and which client representatives will attend.

**Commentary**

If more than one pre-session phone conference is conducted, all counsel do not necessarily need to participate in every call but the lead counsel who will attend the mediation session must participate in at least one pre-session phone conference. *See* ADR L.R. 6-10(b).

**6-7.   Written Mediation Statements**

    **(a)**   **Time for Submission**. No later than 7 days before the first mediation session, each party must submit directly to the mediator, and must serve on all other parties, a written Mediation Statement.

    **(b)**   **Prohibition Against Filing**. The statements constitute confidential information as defined in ADR L.R. 6-12, must not be filed and the assigned Judge shall not have access to them.

    **(c)**   **Content of Statement**. The statements must be concise, may include any information that may be useful to the mediator, and must, unless otherwise directed by the mediator:

        **(1)**   Identify, by name and title or status:

            **(A)**   The person(s) with decision-making authority, who, in addition to counsel, will attend the mediation as representative(s) of the party, and

**(B)** Persons connected with a party opponent (including an insurer representative) whose presence might substantially improve the utility of the mediation or the prospects for settlement;

**(2)** Describe briefly the substance of the suit, addressing the party's views of the key liability issues and damages and discussing the key evidence;

**(3)** Identify the discovery or motions that promise to contribute most to equipping the parties for meaningful settlement negotiations;

**(4)** Except to the extent prohibited by applicable laws of privilege or by these local rules, describe the history and current status of any settlement negotiations;

**(5)** Provide additional information about any needs, interests or other considerations not described elsewhere in the statement that might be pertinent to settlement; and

**(6)** Include copies of documents likely to make the mediation more productive or to materially advance settlement prospects.

**Commentary**

Ordinarily, parties should be able to include in their mediation statements a description of the history and status of any settlement  negotiations. An exception may exist for negotiations held during a prior mediation or ENE session, if all parties do not agree to the disclosure of these negotiations. *See* ADR L.R. 5-12, 6-12. Such prohibitions are distinct from rules prohibiting the admission into evidence of settlement offers and demands which ordinarily would not prevent inclusion of the settlement history in a mediation statement. *See, e.g.*, Fed. R. Evid. 408.

## 6-8.  Special Provisions for Patent, Copyright, or Trademark Cases

Unless otherwise directed by the mediator, the following provisions apply to the written mediation statements submitted under ADR L.R. 6-7.

**(a)** **Patent Cases**. When a claim in a case alleges infringement of a utility patent, or when a party seeks a declaratory judgment that a utility patent is not infringed, is invalid, or is unenforceable, each party must attach to its written mediation statement a copy of each document the party has been required to generate (by the date the written mediation statements are due) under Patent L.R. 3-1, 3-3, or 3-5(a), or under any case-specific order modifying the requirements of these provisions of the Patent Local Rules. A party whose duty has arisen only under Patent L.R. 3-5(a) may satisfy the requirements hereby imposed by attaching to its written Mediation statement a copy of documents it was required to generate under Patent L.R. 3-3.

**(b)** **Copyright Cases**. To the extent then known or readily available and feasible, a party who bases a claim on copyright must include as exhibits the copyright registration (or, if there is no relevant copyright registration yet, the relevant copyright application) and one or more demonstrative exemplars of the copying and infringement. Such party must also present whatever direct or indirect evidence it has of copying, and shall indicate whether it intends to elect statutory or actual damages. Each party in a copyright case who is accused of infringing shall set forth in its written statement the dollar volume of sales of and profits from the allegedly infringing works that it and any entities for which it is legally responsible have made.

**(c)** **Trademark Cases**. To the extent then known or readily available and feasible, a party who bases a claim on trademark or trade dress infringement, or on other unfair competition, must include as an exhibit its registration, if any, exemplars of both its use of its mark and use of the allegedly infringing mark, both including a description or

representation of the goods or services on or in connection with which the marks are used, and any evidence it has of actual confusion. If "secondary meaning" is in issue, such a party must also describe the nature and extent of the advertising it has done with its mark and the volume of goods it has sold under its mark. Both parties must describe in their mediation statements how the consuming public is exposed to their respective marks and goods or services, including, if available, photographic or other demonstrative evidence. Each party in a trademark or unfair competition case who is accused of infringement must set forth the dollar volume of sales of and profits from goods or services bearing the allegedly infringing mark.

### 6-9. Contact with Mediator Before the Mediation

Before the mediation, the mediator may ask each party to submit only to the mediator an additional confidential written statement or may discuss the case in confidence with a lawyer by telephone. Confidential mediation statements may address such matters as the party's views about his/her own interests, the interests of the other side, analysis of the best and worst alternatives to a negotiated settlement, the strengths and weaknesses of the legal case, and an estimated budget to litigate the case. The mediator must not disclose any party's confidential communication without permission.

### 6-10. Attendance at Session

**(a)** **Parties**. All named parties and their counsel are required to attend the mediation in person unless excused under paragraph (d), below. This requirement reflects the Court's view that the principal values of mediation include affording litigants opportunities to articulate directly to the other parties and a neutral their positions and interests and to hear, first hand, their opponent's version of the matters in dispute. Mediation also enables parties to search directly with their opponents for mutually agreeable solutions.

    **(1)** **Corporation or Other Non-Governmental Entity.** A party other than a natural person (e.g., a corporation or an association) satisfies this attendance requirement if represented by a person (other than outside counsel) who has final authority to settle and who is knowledgeable about the facts of the case. If final authority to settle is vested only in a governing board, claims committee, or equivalent body and cannot be delegated to a representative, an entity must disclose (in writing or electronically) this fact to all other parties and the mediator at least 14 days before the mediation session will occur. This required disclosure must identify the board, body, or persons in whom final settlement authority is vested. In this instance the party must send the person (in addition to counsel of record) who has, to the greatest extent feasible, authority to recommend a settlement, and who is knowledgeable about the facts of the case, the entity's position, and the procedures and policies under which the entity decides whether to accept proposed settlements.

    **(2)** **Government Entity.** A unit or agency of government satisfies this attendance requirement if represented by a person (in addition to counsel of record) who has, to the greatest extent feasible, authority to settle, and who is knowledgeable about the facts of the case, the governmental unit's position, and the procedures and policies under which the governmental unit decides whether to accept proposed settlements. If the action is brought by the government on behalf of one or more individuals, at least one such individual also must attend.

**(b)** **Counsel**. Each party must be accompanied at the mediation by the lawyer who will be primarily responsible for handling the trial of the matter.

**(c)** **Insurers**. Insurer representatives are required to attend in person unless excused under paragraph (d), below, if their agreement would be necessary to achieve a settlement.

**(d)** **Request to be Excused**. A person who is required to attend a mediation may be excused from attending in person only after a showing that personal attendance would impose an extraordinary or otherwise unjustifiable hardship. A person seeking to be excused must submit, no fewer than 14 days before the date set for the mediation, a letter to the ADR Magistrate Judge, simultaneously copying the ADR unit, all counsel and the mediator. The letter must:

    **(1)** Set forth all considerations that support the request;

    **(2)** State realistically the amount in controversy in the case;

    **(3)** Indicate whether the other party or parties join in or object to the request, and

    **(4)** Be accompanied by a proposed order.

The request may not be filed or disclosed to the assigned judge.

**(e)** **Opposing a Request to be Excused or Seeking to Compel Attendance by an Appropriate Party Representative**

    **(1)** A party who opposes another party's request to be excused from attending in person a mediation session may submit to the ADR Magistrate Judge, within 4 days of receiving a copy of the request, a letter setting forth all grounds for the opposition. Such a letter must be served simultaneously on the ADR Unit, all other parties, and the mediator - and may not be filed or disclosed to the assigned judge.

    **(2)** A party who alleges that another party will not be represented at a mediation session by an appropriate representative may submit to the ADR Magistrate Judge, as far in advance of the session as practicable, a letter setting forth the bases for this allegation, along with a proposed order. Within 4 days of receiving a copy of such a letter, the party so challenged may submit to the ADR Magistrate Judge a responsive letter. Such letters must be served simultaneously on the ADR Unit, all other parties, and the mediator - and may not be filed or disclosed to the assigned judge.

**(f)** **Participation by Telephone**. A person excused from appearing in person at a mediation must be available to participate by telephone for the duration of the session or until excused by the neutral.

**Commentary**

Ordinarily, a corporation or other entity, including a governmental entity or an insurer, satisfies the attendance requirement by sending a person or persons who can agree to a settlement without the necessity of gaining approval from anyone else. Exceptions to this general practice must be disclosed and addressed in advance of the session.

## 6-11. Procedure at Mediation

**(a)** **Procedure**. The mediation shall be informal. Mediators shall have discretion to structure the mediation so as to maximize the benefits of the process.

**(b)** **Separate Caucuses**. The mediator may hold separate, private caucuses with each side or each lawyer or, if the parties agree, with the clients only. The mediator may not disclose communications made during such a caucus to another party or counsel without the consent of the party who made the communication.

## 6-12. Confidentiality

**(a)** **Confidential Treatment**. Except as provided in subdivision (b) of this local rule, this court, the mediator, all counsel and parties, and any other persons attending the mediation shall treat as "confidential information" the contents of the written Mediation Statements, anything that happened or was said, any position taken, and any view of the merits of the case expressed by any participant in connection with any mediation. "Confidential information" shall not be:

    **(1)** Disclosed to anyone not involved in the litigation;

    **(2)** Disclosed to the assigned judge; or

    **(3)** Used for any purpose, including impeachment, in any pending or future proceeding in this court.

**(b)** **Limited Exceptions to Confidentiality**. This rule does not prohibit:

    **(1)** Disclosures as may be stipulated by all parties and the mediator;

    **(2)** Disclosures as may be stipulated by all parties, without the consent of the mediator, for use in a subsequent confidential ADR or settlement proceeding;

    **(3)** A report to or an inquiry by the ADR Magistrate Judge pursuant to ADR L.R. 2-4 regarding a possible violation of the ADR Local Rules;

    **(4)** The mediator from discussing the mediation with the court's ADR staff, who shall maintain the confidentiality of the mediation;

    **(5)** Any participant or the mediator from responding to an appropriate request for information duly made by persons authorized by the court to monitor or evaluate the court's ADR program in accordance with ADR L.R. 2-6; or

    **(6)** Disclosures as are otherwise required by law.

**(c)** **Confidentiality Agreement**. The mediator may ask the parties and all persons attending the mediation to sign a confidentiality agreement on a form provided by the court.

### Commentary

Ordinarily, anything that happened or was said in connection with a mediation is confidential. *See, e.g.,* Fed. R. Evid. 408; *Folb v. Motion Picture Industry Pension & Health Plans,* 16 F. Supp. 2d 1164 (C.D. Cal. 1998); Cal. Evid. Code §§ 703.5 and 1115-28; *Simmons v. Ghaderi,* 44 Cal.4th 570 (2008)*; Rojas v. Superior Court,* 33 Cal. 4th 407 (2004); *Foxgate Homeowner's Assn. v. Bramalea California, Inc*., 26 Cal.4th 1 (2001). The law may provide some limited circumstances in which the need for disclosure outweighs the importance of protecting the confidentiality of a mediation. *E.g.,* threats of death or substantial bodily injury (*see* Or. Rev. Stat. § 36.220(6)); use of mediation to commit a felony (*see* Colo. Rev. Stat. § 13-22-307); right to effective cross examination in a quasi-criminal proceeding (*see Rinaker v. Superior Court,* 62 Cal.App.4th 155 (3d Dist. 1998); lawyer duty to report misconduct (*see In re Waller,* 573 A.2d 780 (D.C. App. 1990); need to prevent manifest injustice (*see* Ohio Rev. Code § 2317.023(c)(4); *see also* Uniform Mediation Act, § 6 (2001). Accordingly, after application of legal tests which are appropriately sensitive to the policies supporting the confidentiality of mediation proceedings, the court may consider whether the interest in mediation confidentiality outweighs the asserted need for disclosure. *See* amended opinion in *Olam v. Congress Mortgage Co.,* 68 F. Supp. 2d 1110 (N.D. Cal. 1999). Nothing in this commentary is intended to imply that, absent truly exigent circumstances, confidential matters may be disclosed without prior approval by the court.

**6-13. Follow Up**

At the close of the mediation session, the mediator and the parties shall jointly determine whether it would be appropriate to schedule some type of follow up. Such follow up could include, but need not be limited to, written or telephonic reports that the parties might make to one another or to the mediator, exchange of specified kinds of information, or another mediation session.

**6-14. Certification of Session**

Within 14 days of the close of each mediation session and on the form Certification of Session provided by the Court, the mediator must report to the ADR Unit: the date the session was held, whether the case settled in whole or in part, and whether any follow up is scheduled. The ADR Unit will file the certification.

# 7. SETTLEMENT CONFERENCES

## 7-1. Description

In a settlement conference, a judicial officer, usually a Magistrate Judge, facilitates the parties' efforts to negotiate a settlement. Some settlement Judges use mediation techniques in the settlement conference to improve communication among the parties, probe barriers to settlement, and assist in formulating resolutions. A settlement Judge might articulate views about the merits of the case or the relative strengths and weaknesses of the parties' legal positions.

## 7-2. Referral to a Settlement Conference

The Court may refer a case to a settlement conference on its own initiative, on the request of a party, or upon stipulation of the parties. A settlement conference generally will be conducted by a Magistrate Judge, but in some limited circumstances may be conducted by a District Judge. Upon written stipulation of all parties, the assigned Judge, in the exercise of his or her discretion, may conduct a settlement conference.

**Commentary**

The Court limits the number of cases referred to Magistrate Judges for early settlement conferences.

**Cross Reference**

See ADR L.R. 3-5(c)(2) "Notice of Need for ADR Phone Conference."

## 7-3. Request of a Party

For cases assigned to the ADR Multi-Option Program, at any time after the ADR phone conference, a party may file with the assigned Judge a request for a settlement conference, pursuant to Civil L.R. 7. In all other cases, a party may file such a request at any time after the action has been commenced. The parties may stipulate to a preference for one or more particular Magistrate Judges or District Judges. The Court will attempt to honor the preference, subject to intra-division needs and the availability of the Magistrate Judges and District Judges.

## 7-4. Directives from the Settlement Judge

Within any constraints fixed by the referring Judge, the settlement Judge shall notify the parties of the time and date of the settlement conference. The settlement Judge also shall notify the parties of his or her requirements for pre-conference submissions and for attendance at the settlement conference. The settlement Judge may order parties to attend. Unless the settlement Judge otherwise specifies, "attendance" at a settlement conference is governed by the following:

**(a)    Corporation or Other Non-Governmental Entity**. A party other than a natural person (e.g., a corporation or an association) satisfies this attendance requirement if represented by a person (other than outside counsel) who has final authority to settle and who is knowledgeable about the facts of the case. If final authority to settle is vested only in a governing board, claims committee, or equivalent body and cannot be delegated to a representative, an entity must disclose (in writing or electronically) this fact to all other parties and the settlement judge at least 14 days before the settlement conference will occur. This required disclosure must identify the board, body, or persons in whom final settlement authority is vested. In this instance the party must send the person (in addition to counsel of record) who has, to the greatest extent feasible, authority to recommend a settlement, and who is knowledgeable about the facts of the case, the entity's position,

and the procedures and policies under which the entity decides whether to accept proposed settlements.

**(b) Government Entity**. A unit or agency of government satisfies this attendance requirement if represented by a person (in addition to counsel of record) who has, to the greatest extent feasible, authority to settle, and who is knowledgeable about the facts of the case, the governmental unit's position, and the procedures and policies under which the governmental unit decides whether to accept proposed settlements. If the action is brought by the government on behalf of one or more individuals, at least one such individual also must attend.

**(c) Insurers**. Unless excused by the settlement Judge, insurer representatives are required to attend in person if their agreement would be necessary to achieve a settlement.

**Commentary**

Ordinarily, a corporation or other entity, including a governmental entity or an insurer, satisfies the attendance requirement by sending a person or persons who can agree to a settlement without the necessity of gaining approval from anyone else. Exceptions to this general practice must be disclosed and addressed in advance of the settlement conference.

## 7-5. Settlement Conference Confidentiality

**(a) Confidential Treatment**. Except as provided by a case-specific order entered in advance of the settlement conference or in subdivision (b) of this local rule, this court, the settlement judge, all counsel and parties, and any other persons attending the settlement conference shall treat as "confidential information" the contents of any written settlement conference statements, anything that happened or was said, any position taken, and any view of the merits of the case expressed by any participant in connection with any settlement conference. "Confidential information" shall not be:

**(1)** Disclosed to anyone not involved in the litigation;

**(2)** Disclosed to the assigned judge; or

**(3)** Used for any purpose, including impeachment, in any pending or future proceeding in this court.

**(b) Limited Exceptions to Confidentiality**. This rule does not prohibit:

**(1)** Disclosures as may be stipulated by all parties;

**(2)** Any participant or the settlement judge from responding to an appropriate request for information duly made by persons authorized by the court to monitor or evaluate the court's ADR program in accordance with ADR L.R. 2-6; or

**(3)** Disclosures as are necessary to preserve the court's capacity to enforce lawful orders or to discipline contumacious conduct, or as are otherwise required by law.

**Commentary**

It is the established practice in this district that a settlement judge does not, formally or informally, disclose to the assigned judge the substance of any settlement discussions.

# 8.  OTHER ADR PROCESSES

## 8-1.  Other Court ADR Processes

**(a)** **Non-binding Summary Bench or Jury Trial**. A summary bench or jury trial is a flexible, non-binding process designed to promote settlement in complex, trial-ready cases headed for protracted trials.  The process provides litigants and their counsel with an advisory verdict after a short hearing in which the evidence may be presented in condensed form, usually by counsel and sometimes through witnesses. This procedure, as ordinarily structured, provides the litigants an opportunity to ask questions and hear the reactions of the Judge or jury. The Judge's or jury's nonbinding verdict and reactions to the legal and factual arguments are used as bases for subsequent settlement negotiations. Parties considering a non-binding summary trial are encouraged to contact the ADR Unit for assistance in structuring a summary trial tailored to their case.

**(b)** **Special Masters**. The Court may appoint special masters to serve a wide variety of functions, including, but not limited to: discovery manager, fact finder or host of settlement negotiations. The Court may refer a case to a special master on its own initiative, on the request of a party, or upon stipulation of the parties. The precise roles and responsibilities of the special master shall be defined in the case specific order of reference. Generally the parties pay the special master's fees.

## 8-2.  Private ADR

There are numerous private sector providers of ADR services including arbitration, mediation, fact-finding, neutral evaluation and private judging. Private providers may be lawyers, law professors, retired Judges or other professionals with expertise in dispute resolution techniques. Virtually all private sector providers charge fees for their services. The Court does not ordinarily refer cases to private providers except on the stipulation of the parties. The assigned Judge will take appropriate steps to assure that a referral to private ADR does not result in an imposition on any party of an unfair or unreasonable economic burden.

**Commentary**

Private ADR proceedings are not subject to the enforcement, immunity, or other provisions of the ADR Local Rules. See ADR L.R. 3-4(b).
