UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIMA GHARAVI,<br><br>           Plaintiff,<br><br>     v.<br><br>ANUJ KUMAR,<br><br>           Defendant. | Case No.  25-cv-08873-HSG<br><br>**ORDER DIRECTING SERVICE OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 8 |

Pending before the Court is pro se Plaintiff Nima Gharavi's *ex parte* motion for a temporary restraining order. Dkt. No. 8. Plaintiff alleges that Defendant Anuj Kumar, who operates two YouTube channels from India, has published videos that infringe on Plaintiff's copyrighted work. Dkt. No. 8-1 at 7–8.[1] Plaintiff also notes that YouTube has confirmed receipt of his complaint and stated that the content at issue will not be reinstated while this litigation is in progress. *See* Dkt. No. 8-8. In addition, Plaintiff alleges that Google disburses funds generated from viewership of his copyrighted work between the 21st and 26th day of each month, and that the "recurring monthly nature of these disbursements makes immediate relief essential to prevent further dissipation." Dkt. No. 8 at 3. Finally, Plaintiff indicates that although he sent Defendant via email "the complete lawsuit package" on October 19, 2025, he has not given Defendant notice of this pending motion. Dkt. No. 8-2 at ¶¶ 45–46.

A temporary restraining order is an "extraordinary remedy" that the court should award only upon a clear showing that the party is entitled to such relief. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Such an order may be issued only where the moving party has established: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to

---

[1] Unless otherwise noted, all page numbers referenced herein are to the ECF page number at the top of the page.

plaintiff in the absence of preliminary relief; (3) the balance of equities tips in plaintiff's favor; and (4) that an injunction is in the public interest. *See id.* at 22.

This Court may issue a temporary restraining order without written or oral notice only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons it should not be required. Fed. R. Civ. P. 65(b)(1).

Having reviewed Plaintiff's application, the Court finds that Plaintiff has not met the strict requirements of Rule 65. Plaintiff has not shown that immediate and irreparable harm will result before Defendant can be heard. Plaintiff's justification for why notice should not be required in this instance is that Google disburses funds on a monthly basis between the 21st and 26th of each month, and that, coupled with Defendant's unwillingness to cooperate, Plaintiff may lose money in the next disbursement period. Dkt. No. 8-1 at 3, 22. But none of that is relevant to question of whether the relief sought in the TRO before this Court should be immediately granted without notice to the adverse party, as the conduct complained of (the alleged copyright infringement) occurred almost two months ago, in early October 2025, and Plaintiff waited for over a month before filing this motion. *See* Dkt. No. 2 at 13.

Plaintiff is therefore **DIRECTED** to serve the application for a temporary restraining order and this order on Defendant via email at the six email addresses listed in Plaintiff's application by no later than 5:00 p.m. on Tuesday, November 25, 2025. Plaintiff must also file a declaration and any supporting proof confirming that this was done by 5:00 p.m. on Wednesday, November 26, 2025. Should Defendant oppose the relief sought by Plaintiff, Defendant must file a response no later than 5:00 p.m. on Monday, December 8, 2025. The motion will stand submitted at that time unless otherwise ordered.

**IT IS SO ORDERED.**

Dated: November 24, 2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

2