NIMA GHARAVI, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NIMA GHARAVI,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ANUJ KUMAR,<br><br>　　　　Defendant | Case No. 4:25-cv-08873-HSG<br><br>**MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 14<br><br>Judge: Hon. Haywood S. Gilliam, Jr. |

## I. ASSET FREEZE: THE COURT'S FINDINGS SUPPORT ASSET PRESERVATION

### A. The Court's Findings Establish Likelihood of Damages for All Seventeen Works

The Court found that Mr. Gharavi provided evidence that "plainly show[s] Defendant has reposted Plaintiff's videos after removing Plaintiff's watermark, which constitutes CMI." Order at 5:1-3.[1] The Court further found "this evidence is sufficient to show that Plaintiff is likely to be able to establish that Defendant removed Plaintiff's CMI and distributed manipulated versions of Plaintiff's videos." *Id.* at 5:5-8. The Court made no exception for any work.

In denying the asset freeze, however, the Court stated: "And as to one video, YouTube 'found that the copyrighted work [Plaintiff] identified doesn't seem to appear in [Defendant's] videos,' so Plaintiff has not established that he is entitled to damages stemming from Defendant's alleged manipulation of that video." Order at 7:8-10.

Mr. Gharavi respectfully submits that YouTube's determination does not control—only the Court has authority to adjudicate copyright infringement. Moreover, Mr. Gharavi explicitly informed both YouTube and the Court that the work in question is a thumbnail image containing his watermark, not video content. Mot. (Dkt. No. 8-1) at 9:3-4 ("One additional infringing work consists of a thumbnail image for a video, where Defendant again removed Mr. Gharavi's watermark."); *id.* at 9:13-15 (YouTube declined the request "regarding a thumbnail image"). The thumbnail is depicted in Exhibit 1 at pages 7-10 (Dkt. No. 8-3). The Court's finding that evidence "plainly show[s]" CMI removal from Plaintiff's works appears to encompass this thumbnail image.

### B. The Court's Cited Authority Establishes Statutory Damages for Unregistered Works

The Court expressed uncertainty whether "plaintiffs can recover statutory damages absent such registration," citing *Global Refining Grp., Inc. v. PMD Analysis Inc.*, 2023 WL 5733968, at *11 (S.D.N.Y. Aug. 15, 2023) (R&R). Order at 7:13-15. Mr. Gharavi respectfully directs the Court's attention to footnote 14 of that R&R, which expressly holds that DMCA § 1203 statutory damages are "not subject to the bar of § 412." 2023 WL 5733968, at *15 n.14.

The district court adopted the R&R and awarded "$20,197,500 in statutory damages under the DMCA . . . with post-judgment interest" for 8,079 works, only 1,959 of which were registered—and

---

[1] Unless otherwise noted, all page numbers herein refer to the ECF headers at the top of the page.

those registrations occurred "well after Defendants' infringement began." *Global Refining Grp.*, 2023 WL 5734171, at *2 (S.D.N.Y. Sept. 5, 2023); 2023 WL 5733968, at *15 n.14. The claims here—violations of §§ 1202(a) and 1202(b)—provide for statutory damages under § 1203(c)(3) regardless of registration status.

## II. ALTERNATIVE SERVICE: NEWLY DISCOVERED EVIDENCE AND COMPARISON TO *RESTORATION HARDWARE*

### A. Defendant's Address Appears Invalid

After the Court's December 12 Order, Mr. Gharavi investigated the address Defendant provided under penalty of perjury in his DMCA counter-notification: "Parshupur Gopal, Mahraunda, Allahabad, Uttar Pradesh, 212507, India." Gharavi Decl. ¶ 3. Through Google Maps satellite view, India Post PIN code verification, and phone carrier lookup, the address corresponds to a large agricultural region rather than any specific residence or business, while the phone number's area code is assigned to Gujarat state—850 miles from the Uttar Pradesh address Defendant listed. *Id.* ¶¶ 4-5, 7-9, 11-13.

This discovery aligns with the Court's findings regarding Defendant's knowing misrepresentations. The Court found Defendant knowingly removed CMI, knowingly added false CMI, and knowingly made material misrepresentations under 17 U.S.C. § 512(f) by falsely claiming takedowns were based on "mistake or misidentification." Order at 5:1-26. Mr. Gharavi respectfully submits that Defendant's provision of an apparently invalid address is consistent with this pattern.

### B. This Case Presents Stronger Facts Than *Restoration Hardware*

In *Restoration Hardware, Inc. v. Alimia Light*, No. 4:23-cv-00948-HSG, Dkt. No. 23 at 5 (N.D. Cal. May 24, 2023), this Court authorized alternative service by email where plaintiff had merely located email addresses on defendants' websites. This Court found such service "warranted" because defendants "operate online and rely on email communication for their business" and it "is reasonably calculated to give them notice." *Id.*

Mr. Gharavi respectfully submits that this case presents stronger facts supporting alternative service:

1. **Direct Communications vs. Website-Listed Addresses**: Mr. Gharavi received nineteen emails from Defendant from six different email addresses—actual correspondence initiated by Defendant, not

merely addresses located on a website. Gharavi Decl. ¶ 15.

2. **Diligence and Compliance**: In *Restoration Hardware*, plaintiff's counsel changed office addresses (from Redwood City to San Francisco) without filing a Notice of Change of Address as required by Civil L.R. 3-11. Court mail was returned as undeliverable twice. *See Restoration Hardware*, No. 4:23-cv-00948-HSG, Dkt. Nos. 12 (Mar. 29, 2023), 14 (Apr. 14, 2023). The renewed motion was not filed until May 5, 2023—over two months after the initial filing. Despite this delay attributable to counsel's oversight, the Court authorized alternative service.

By contrast, Mr. Gharavi has complied with all court rules and orders. The Court's November 24 Order noted Mr. Gharavi "waited for over a month before filing this motion." Dkt. No. 12 at 2:13-17. That month was spent ceasing *all* business production operations to draft a comprehensive four-part *pro se* motion. When represented parties seek relief, business operations continue while counsel litigates. Conversely, Mr. Gharavi must cease production and cannot recover attorney's fees for that lost time. Gharavi Decl. ¶ 14.

3. **Invalid Contact Information**: In *Restoration Hardware*, defendants had provided foreign addresses that could be used for Hague Convention service. Here, Defendant's provided address and phone number both appear to be fabricated, making conventional service impossible.

Mr. Gharavi respectfully submits that if alternative service was "warranted" in *Restoration Hardware*, the stronger facts here compel the same relief.

**C. Without Alternative Service or Expedited Discovery, Service Is Impossible**

The Court noted "the Complaint already identifies an address and telephone number for Defendant" and that "the appropriateness of this extensive third-party discovery is best assessed via the normal discovery process." Order at 3 n.2. However, normal discovery requires valid service first—creating a situation where Mr. Gharavi cannot serve Defendant without discovery, but cannot obtain discovery without service.

Additionally, Google refuses to provide verified physical addresses in response to DMCA subpoenas under 17 U.S.C. § 512(h). YouTube does not collect physical addresses, but AdSense does for payment verification of monetized creators. Google contends § 512(h) subpoenas reach only YouTube account data, not AdSense verification data. *See* Google LLC's Opposition to Motion to Compel, *In re*

*DMCA § 512(h) Subpoena to Google LLC*, No. 3:25-mc-80164-WHO, Dkt. No. 17 at 5-8 (N.D. Cal. Oct. 16, 2025). A hearing on this issue is scheduled before Judge Orrick for December 17, 2025.

### III. ALTERNATIVE RELIEF: EXPEDITED DISCOVERY TO EFFECTUATE SERVICE

If the Court declines to reconsider alternative service, Mr. Gharavi respectfully requests limited expedited discovery for the sole purpose of effectuating service. In *Restoration Hardware*, the Court authorized both alternative service and limited expedited discovery. No. 4:23-cv-00948-HSG, Dkt. No. 23 at 7-8.

Mr. Gharavi respectfully requests the Court order Google LLC to provide only the following information directly related to effectuating service:

1. Names and physical mailing addresses from Google AdSense account(s) linked to YouTube channels @RockyFunTV and @GrapplingFightZone;
2. Email addresses and telephone numbers associated with those accounts; and
3. Account verification documents from Google AdSense, specifically address verification records used for payment eligibility.

### IV. CONCLUSION

Mr. Gharavi respectfully requests the Court reconsider its denial of the asset freeze and alternative service based on: (1) footnote 14 of the R&R the Court cited, which expressly holds that DMCA statutory damages are available for unregistered works; (2) the Court's own findings regarding all seventeen works; (3) newly discovered evidence that Defendant's address cannot be used for service; and (4) this Court's precedent in *Restoration Hardware*, which applies with even greater force here. If the Court declines to reconsider alternative service, Mr. Gharavi respectfully requests limited expedited discovery from Google LLC to obtain Defendant's verified address for service under the Hague Convention.

Dated: December 15, 2025

Respectfully submitted,

/s/ Nima Gharavi
Nima Gharavi, *pro se*

Plaintiff