NIMA GHARAVI, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NIMA GHARAVI,<br><br>                   Plaintiff,<br><br>vs.<br><br>ANUJ KUMAR,<br><br>                   Defendant | Case No. 4:25-cv-08873-HSG<br><br>**PLAINTIFF'S SEPARATE CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Date: January 20, 2026<br>Time: 2:00 p.m.<br>Courtroom: Courtroom 2 – 4th Floor |

Pursuant to Civil Local Rule 16-9 and the Court's Standing Order, *pro se* Plaintiff Nima Gharavi ("Mr. Gharavi") submits this separate Case Management Statement. Defendant has not responded to Mr. Gharavi's December 19, 2025 email requesting a meet and confer conference under Fed. R. Civ. P. 26(f), consistent with Defendant's complete failure to respond to any communication in this case. See Declaration of Nima Gharavi filed concurrently herewith. Accordingly, this statement is filed separately as permitted by Civil L.R. 16-9(a).

## 1. JURISDICTION AND SERVICE

**Subject Matter Jurisdiction:** This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright). Mr. Gharavi asserts claims under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1202(a), 1202(b), and 512(f).

**Personal Jurisdiction:** This Court has personal jurisdiction over Defendant pursuant to 17 U.S.C. § 512(k)(2)(A). By submitting a DMCA counter-notification on October 9, 2025, Defendant consented to jurisdiction of this Court, stating: "I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant."

**Venue:** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), and 17 U.S.C. § 512(k)(2)(A). YouTube LLC, through which Defendant uploaded and distributed infringing works, is located in San Bruno, California, within this District. Defendant expressly consented to venue in this District through the DMCA counter-notification. Google LLC, which operates Google AdSense through which Defendant monetized infringing works and holds Defendant's proceeds, is headquartered in Mountain View, California, within this District.

**Service Status:** Service has not been completed. On December 31, 2025, Mr. Gharavi mailed a Request for Signature on Hague Service Request to the Clerk. The Clerk docketed the request on January 6, 2026 (Dkt. No. 20). The Court signed the request, and it was mailed to Mr. Gharavi on January 9, 2026 (Dkt. No. 21). As of the filing of this statement, Mr. Gharavi has not yet received the signed request but will transmit it to India's Central Authority immediately upon receipt.

**Critical Service Issues:** Service has not been completed, and critical issues exist. The Court found Defendant knowingly removed CMI, knowingly added false CMI, and knowingly made material

misrepresentations under § 512(f). Order (Dkt. No. 14) at 5:1-26. Post-order investigation revealed Defendant's provided "address" corresponds to a large agricultural region rather than any serviceable location, with the phone registered 850 miles away in a different state. Motion for Reconsideration (Dkt. No. 16-1) at 2:8-13. Mr. Gharavi is pursuing Hague Convention service in compliance with the Court's Order but submits that Defendant's false contact information and complete non-responsiveness to six communications strongly suggest this case will proceed via default judgment regardless of which service method succeeds. A Motion for Leave to File Motion for Reconsideration ("Reconsideration Motion") of alternative service authorization remains pending (Dkt. No. 16).

**Proposed Deadline for Service:** Mr. Gharavi proposes September 30, 2026 as a deadline for completing service. Based on India's documented Hague Convention processing times of 6-8 months, and assuming transmission to India's Central Authority by late January 2026, service would be completed by approximately July-September 2026. However, Mr. Gharavi notes that India's Central Authority processing times are unpredictable and may exceed this timeframe.

## 2. FACTS

Mr. Gharavi operates YouTube channels creating original wrestling content with visible watermarks. Defendant operates channels @RockyFunTV (807,000 subscribers) and @GrapplingFightZone (7,080 subscribers), systematically removing Mr. Gharavi's watermarks, adding false "Rocky!" logos, and republishing manipulated videos for Google AdSense monetization.

Between October 3-6, 2025, Mr. Gharavi submitted 17 DMCA takedown notices; Defendant disputed them via 19 emails and filed a counter-notification under penalty of perjury falsely claiming "mistake or misidentification" and providing contact information later discovered to be invalid. Mr. Gharavi filed suit October 16, 2025. Despite six email communications to Defendant (October 19, October 26, November 25, December 13, December 15, December 19), Defendant has never responded.

The Court granted a modified TRO but denied asset freeze and alternative service on December 12, 2025 (Dkt. No. 14). Mr. Gharavi filed the Reconsideration Motion on December 14, 2025, presenting evidence that Defendant's "address" corresponds to a large agricultural region and his phone is registered 850 miles away in a different state.

**Principal Factual Issues:** (1) CMI removal (§ 1202(a)); (2) false CMI addition (§ 1202(b)); (3)

knowing misrepresentations in DMCA counter-notification (§ 512(f)); (4) AdSense profits from infringing videos; and (5) whether Defendant provided false contact information to evade service.

**3. LEGAL ISSUES**

**Primary Legal Issues:**

1. **DMCA § 1202(a) Violations:** Whether Defendant's systematic removal of Mr. Gharavi's watermarks constitutes removal of CMI "with the intent to induce, enable, facilitate, or conceal infringement" under 17 U.S.C. § 1202(a)(1), (a)(3).

2. **DMCA § 1202(b) Violations:** Whether Defendant violated 17 U.S.C. § 1202(b), which prohibits distribution of works knowing that CMI has been removed or altered, done "knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement." 17 U.S.C. § 1202(b)(1), (3). CMI includes "the name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright." *Id.* § 1202(c)(3).

3. **DMCA § 512(f) Violations:** Whether Defendant's DMCA counter-notification constitutes a knowing material misrepresentation that the takedowns were based on "mistake or misidentification" when Defendant removed Mr. Gharavi's watermarks and added his own false CMI.

4. **Statutory Damages Availability:** Whether statutory damages under 17 U.S.C. § 1203(c)(3) are available for unregistered works. The Court's cited authority, *Global Refining Grp., Inc. v. PMD Analysis Inc.*, 2023 WL 5733968, at *15 n.14 (S.D.N.Y. Aug. 15, 2023), expressly holds that DMCA § 1203 damages are "not subject to the bar of § 412." The district court adopted this holding and awarded $20,197,500 in DMCA statutory damages for 8,079 works, only 1,959 of which were registered—and those registrations occurred well after Defendants' infringement began. 2023 WL 5734171, at *2 (S.D.N.Y. Sept. 5, 2023).

5. **Service of Process:** Whether alternative service is warranted under Fed. R. Civ. P. 4(f)(3) given Defendant's provision of false contact information and operation of an online business relying on email communication.

**4. MOTIONS**

**Prior Motions:**

- *Ex Parte* Application for TRO, Asset Freeze, and Alternative Service (Dkt. No. 8) – Granted in Part, Denied in Part (Dkt. No. 14): Modified TRO granted; asset freeze and alternative service denied.

**Pending Motions:**

- Reconsideration Motion (Dkt. No. 16) – Status: **Pending**. Requests reconsideration of asset freeze denial and alternative service denial based on (1) newly discovered evidence that Defendant's address is invalid; (2) footnote 14 of the Court's cited authority expressly holding DMCA statutory damages are available for unregistered works; and (3) this Court's precedent in *Restoration Hardware, Inc. v. Alimia Light*, No. 4:23-cv-00948-HSG, Dkt. No. 23 at 5 (N.D. Cal. May 24, 2023), which applies with greater force here.

**Anticipated Motions:**

Given Defendant's complete non-participation and provision of false contact information, Mr. Gharavi anticipates this case will proceed via:

1. **Motion for Entry of Default** (following completion of service);
2. **Motion for Default Judgment** with supporting evidence of damages.

Mr. Gharavi does not anticipate any traditional dispositive motions such as summary judgment, as Defendant's non-participation suggests the case will resolve through default proceedings.

### 5. AMENDMENT OF PLEADINGS

Mr. Gharavi may amend to add a claim under 17 U.S.C. § 1201 (circumvention of copyright protection systems).

**Proposed Deadline:** If amendment becomes necessary, Mr. Gharavi proposes 30 days after service is completed.

### 6. EVIDENCE PRESERVATION

Mr. Gharavi has reviewed the ESI Guidelines and attempted to schedule a meet and confer conference with Defendant via email on December 19, 2025. Defendant did not respond. Mr. Gharavi has preserved all relevant evidence (original video files, screenshots of infringing videos and thumbnail, email communications, DMCA notices, and investigation materials). Mr. Gharavi cannot certify

Defendant's preservation efforts as Defendant has not responded to any communication.

### 7. DISCLOSURES

Initial disclosures under Fed. R. Civ. P. 26(a)(1) have not been exchanged because service has not been completed. Mr. Gharavi attempted to meet and confer regarding disclosures on December 19, 2025; Defendant did not respond. Mr. Gharavi is prepared to make initial disclosures within 14 days after service is completed.

### 8. DISCOVERY

**Discovery Taken to Date:** None. Traditional discovery cannot commence without valid service.

**Scope of Anticipated Discovery:** Given Defendant's complete non-participation and likelihood of default judgment, Mr. Gharavi anticipates limited discovery focused on establishing damages:

1. **Third-Party Discovery from Google LLC:** AdSense payment records, subscriber analytics, viewership data, verified account holder information, account verification documents, payment records, and current account balances for @RockyFunTV and @GrapplingFightZone.

2. **Possible Discovery from Defendant** (if Defendant appears): Interrogatories regarding extent of infringing activity; production of financial records; requests for admission regarding CMI removal.

**E-Discovery:** Mr. Gharavi attempted to discuss e-discovery in his December 19, 2025 meet-and-confer email but received no response. Primary ESI consists of YouTube videos (preserved via screenshots), email communications (already produced as exhibits), and Google AdSense records (third-party). A stipulated e-discovery order appears unnecessary given the straightforward ESI and Defendant's non-participation.

**Proposed Discovery Plan:** Mr. Gharavi proposes staying all discovery deadlines pending resolution of service and the Reconsideration Motion. Traditional discovery requires valid service first. The Court's ruling on expedited third-party discovery (Dkt. No. 16-1, Section III) will determine whether early Google LLC discovery is appropriate for service purposes.

**Discovery Disputes:** None. The primary issue—whether limited expedited discovery from Google should be authorized to effectuate service—is addressed in the pending Reconsideration Motion.

### 9. CLASS ACTIONS

This is not a class action.

**10. RELATED CASES**

None.

**11. RELIEF**

Mr. Gharavi seeks: (1) statutory damages under 17 U.S.C. § 1203(c)(3) for 3 violations of § 1202(a) and 17 violations of § 1202(b) (range: $2,500-$25,000 per violation, total potential range $50,000-$500,000); (2) actual damages under § 512(f) for knowing misrepresentations; (3) permanent injunction; (4) asset preservation order freezing Google AdSense accounts; and (5) costs. Upon amendment, Mr. Gharavi may seek additional statutory damages under 17 U.S.C. § 1203(c)(5) for 6 violations of § 1201 (range: $200-$2,500 per violation, total potential range $1,200-$15,000). Given the Court's findings of knowing CMI removal and knowing false CMI addition, the upper range is warranted. For § 512(f), actual damages require third-party discovery from Google LLC regarding AdSense revenues. Defendant's position is unknown as he has not appeared.

**12. SETTLEMENT AND ADR**

Settlement is not realistically possible given Defendant's complete non-responsiveness. Mr. Gharavi attempted to communicate with Defendant via six emails over two months, including a meet-and-confer email which specifically addressed ADR options as required by ADR L.R. 3-5. Defendant has never responded.

Mr. Gharavi filed the required ADR Certification (Dkt. No. 19) to comply with local rule deadline requirements. The standard certification form contemplates mutual discussion between parties, which was impossible given Defendant's pattern of non-responsiveness to five prior communications spanning two months before the certification deadline.

Given Defendant's refusal to communicate, traditional ADR is not feasible. Mr. Gharavi remains willing to engage in ADR if Defendant chooses to participate, but this case will likely proceed to default judgment. The primary discovery for settlement positioning would be third-party discovery from Google LLC regarding Defendant's AdSense revenues and account balances.

**13. OTHER REFERENCES**

This case is not suitable for referral to binding arbitration, a special master, or the Judicial Panel

on Multidistrict Litigation.

**14. NARROWING OF ISSUES**

**Issues That Can Be Narrowed:**

Given the Court's December 12, 2025 findings, several issues are already substantially narrowed:

1. **Whether Defendant Removed CMI:** The Court found Mr. Gharavi's evidence "plainly show[s] Defendant has reposted Plaintiff's videos after removing Plaintiff's watermark, which constitutes CMI." Order at 5:1-3. This finding narrows the factual dispute to *intent* and *damages* rather than the fact of CMI removal itself.

2. **Whether Defendant Distributed Works with Altered CMI:** The Court found "this evidence is sufficient to show that Plaintiff is likely to be able to establish that Defendant removed Plaintiff's CMI and distributed manipulated versions of Plaintiff's videos." *Id.* at 5:5-8.

3. **Whether Defendant Made Knowing Misrepresentations:** The Court found Mr. Gharavi likely to succeed on his § 512(f) claim for DMCA misrepresentation. *Id.* at 5:25-26.

These findings narrow the remaining issues to: (1) calculation of statutory damages under § 1203(c)(3); and (2) the amount of actual damages under § 512(f).

**Expediting Evidence Presentation:**

- **Stipulated Facts:** Mr. Gharavi is prepared to stipulate to any undisputed facts if Defendant appears, but Defendant's non-participation makes stipulations impossible.

- **Summary Evidence:** AdSense revenue data from Google LLC can be presented through business records or declarations rather than live testimony.

- **Judicial Notice:** The Court may take judicial notice of publicly available information regarding YouTube monetization standards and AdSense payment structures.

**Bifurcation:** Mr. Gharavi does not request bifurcation. Liability and damages can be efficiently tried together, particularly if the case proceeds via default judgment.

**MOST CONSEQUENTIAL ISSUES**

**1. Whether Service Can Be Effectuated Despite Defendant's False Contact Information.**

This issue is dispositive—the case cannot proceed without valid service. If Hague service fails due to Defendant's false address, alternative service authorization becomes essential. **Resolution:** Court's

ruling on the Reconsideration Motion, or Court-ordered expedited discovery from Google LLC for verified address information.

**2. Whether Statutory Damages Under 17 U.S.C. § 1203(c)(3) Are Available for Unregistered Works.**

This determines recoverable statutory damages (potentially $50,000 to $500,000 for 3 violations of § 1202(a) and 17 violations of § 1202(b)) versus only actual damages. **Resolution:** The Court's cited authority, *Global Refining* footnote 14, expressly holds DMCA § 1203 damages are "not subject to the bar of § 412." 2023 WL 5733968, at *15 n.14. This legal issue can be resolved through the pending Reconsideration Motion or at the damages phase.

**3. Whether Google AdSense Funds Can Be Preserved Before Dissipation.**

This determines whether Mr. Gharavi can recover any judgment. India is non-reciprocal without bilateral enforcement treaties. Defendant's AdSense accounts represent the only recoverable U.S.-based assets. Each passing monthly payment window that occurs before judgment increases the probability that Mr. Gharavi will face an unenforceable judgment. **Resolution:** Court's ruling on the Reconsideration Motion regarding asset freeze, or post-judgment garnishment proceedings.

**15. SCHEDULING**

Mr. Gharavi proposes staying all case deadlines pending resolution of the service question and the Court's ruling on the Reconsideration Motion. Traditional case progression cannot occur without valid service, and Defendant's provision of false contact information creates substantial uncertainty regarding when (or whether) service will be effectuated.

**If the Court Prefers Conditional Deadlines:** Service completion by September 30, 2026; initial disclosures 30 days after service; fact discovery cutoff 120 days after service; dispositive motions 180 days after service; pretrial conference and trial to be set by Court.

**Rationale for Stay:** (1) Hague Convention service typically takes 6-8 months, and Defendant's false address may result in failed service; (2) this case will likely proceed via default judgment given Defendant's complete non-responsiveness; (3) judicial economy—setting firm deadlines now may require multiple extensions as the service situation develops.

**16. TRIAL**

Mr. Gharavi requests a bench trial. The legal issues (DMCA statutory interpretation) and factual issues (CMI removal, damages calculation) are well-suited to judicial determination. If this case proceeds to trial (unlikely given the likelihood of default judgment), Mr. Gharavi estimates 1-2 days. However, default judgment proceedings are the more likely resolution, requiring only a prove-up hearing on damages.

### 17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Mr. Gharavi filed a Certificate of Interested Entities on October 19, 2025 (Dkt. No. 4), identifying Right Call Officials, Inc. as an entity affiliated with Mr. Gharavi that may have a financial interest in this litigation. No other entities have a financial interest or could be substantially affected by the outcome. This is not a class, collective, or representative action.

### 18. PROFESSIONAL CONDUCT

Mr. Gharavi has reviewed the Guidelines for Professional Conduct for the Northern District of California and will comply with all applicable standards of professional conduct.

### 19. OTHER MATTERS

None.

Dated: January 11, 2026

Respectfully submitted,

/s/ Nima Gharavi

Nima Gharavi, *pro se*

Plaintiff

**[PROPOSED] CASE MANAGEMENT ORDER**

      The above Case Management Statement is approved as the Case Management Order for this case and all parties shall comply with its provisions.

      **IT IS SO ORDERED.**

Dated: _____, 2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge