NIMA GHARAVI, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NIMA GHARAVI,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ANUJ KUMAR,<br><br>　　　　Defendant | Case No. 4:25-cv-08873-HSG<br><br>**DECLARATION OF NIMA GHARAVI IN SUPPORT OF PLAINTIFF'S SEPARATE CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Date: January 20, 2026<br>Time: 2:00 p.m.<br>Courtroom: Courtroom 2 – 4th Floor |

I, Nima Gharavi, declare as follows:

1. I am the plaintiff in this action, appearing *pro se*. I am over the age of 18 and competent to testify to the matters stated herein.

2. On December 19, 2025 at 11:00 a.m. Central Time, I sent an email to Defendant at the six email addresses identified in Paragraph 9 of the Complaint. A true and correct copy of this email is attached as **Exhibit 1**.

3. In this email, I specifically requested that Defendant participate in a meet and confer conference pursuant to Federal Rule of Civil Procedure 26(f) to discuss:

    a. Initial disclosures under Fed. R. Civ. P. 26(a)(1);

    b. Discovery plans and limitations;

    c. Evidence preservation;

    d. Alternative dispute resolution options as required by ADR Local Rule 3-5;

    e. Preparation of a Joint Case Management Statement.

4. I provided Defendant with multiple options for conferring: email, telephone, or video conference. I also provided my contact information and expressed willingness to accommodate Defendant's schedule and preferred method of communication.

5. As of the date of this declaration, Defendant has not responded to my December 19, 2025 meet and confer request.

6. The December 19, 2025 email was not my first attempt to communicate with Defendant regarding this litigation. I have sent Defendant the following emails:

    a. **October 19, 2025:** Email providing Defendant with: (1) ECF-stamped Summons; (2) ECF-stamped Complaint; (3) Waiver of the Service of Summons; (4) ECF-stamped Order Setting Initial Case Management Conference and ADR Deadlines; (5) Consent or Declination to Magistrate Judge Jurisdiction; (6) Standing Order for All Judges of the Northern District of California; (7) Civil Standing Order for Magistrate Judge Thomas S. Hixson; (8) Discovery Standing Order for Magistrate Judge Thomas S. Hixson; (9) E-filing Self-Registration Instructions for Pro Se Litigants; (10) Civil Local Rules for the

      Northern District of California; and (11) Overview of the ADR Multi-Option Program for the Northern District of California. No response received.

  b. **October 26, 2025:** Follow-up email with the same attachments. No response received.

  c. **November 25, 2025:** Email providing Defendant with notice of the Court's Order Directing Service of my *Ex Parte* Motion for Temporary Restraining Order (Dkt. No. 12), as required by that Order. No response received.

  d. **December 13, 2025:** Email providing Defendant with notice of the Court's December 12, 2025 Order Granting in Part and Denying in Part my Application for a Temporary Restraining Order (Dkt. No. 14). No response received.

  e. **December 15, 2025:** Email providing Defendant with notice of my Motion for Leave to File Motion for Reconsideration (Dkt. No. 16). No response received.

  f. **December 19, 2025:** Email requesting meet and confer conference pursuant to Fed. R. Civ. P. 26(f) (described in ¶¶ 2-5 above). No response received.

7. In total, I have sent Defendant six separate emails spanning from October 19, 2025 to December 19, 2025—a period of two months. Defendant has never responded to any of these communications.

8. I know that these email addresses are valid and actively monitored by Defendant because:

  a. Defendant sent me 19 emails from these addresses between October 5-8, 2025, disputing my DMCA takedown notices;

  b. None of my emails to these addresses have bounced or been returned as undeliverable.

9. Despite being served with notice of my *ex parte* TRO motion (per Court order, Dkt. No. 12) and the Court's partial TRO ruling (Dkt. No. 14), Defendant has:

  a. Never filed any document with this Court;

  b. Never contacted me subsequent to the 19 emails identified in ¶ 8(a) above;

  c. Never appeared before this Court in any manner;

  d. Never responded to any of my six email communications.

10. Due to Defendant's refusal to participate in a meet and confer conference, I was unable to:

  a. Discuss and potentially agree upon proposed discovery deadlines;

    b. Identify any agreed-upon facts or stipulations that could narrow issues;

    c. Discuss alternative dispute resolution options;

    d. Obtain Defendant's position on any of the Standing Order topics required in a Joint Case Management Statement;

    e. Prepare a Joint Case Management Statement as contemplated by Civil L.R. 16-9(a).

11. I respectfully submit that I have exercised reasonable diligence in attempting to confer with Defendant:

    a. I sent a specific meet and confer email 25 days before the Case Management Statement deadline;

    b. I provided Defendant with multiple communication options (email, phone, video);

    c. I clearly identified the topics to be discussed and referenced the applicable rules (Fed. R. Civ. P. 26(f), ADR L.R. 3-5);

    d. I allowed sufficient time for Defendant to respond before preparing this separate statement;

    e. This meet and confer email was my sixth attempt to communicate with Defendant over a two-month period.

12. Despite these diligent efforts, Defendant's complete non-responsiveness made preparation of a joint statement impossible.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 11, 2026.

                                                      By: /s/ Nima Gharavi
                                                          Nima Gharavi