UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIMA GHARAVI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANUJ KUMAR,<br><br>　　　　Defendant. | Case No. 25-cv-08873-HSG<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 16 |

　　　　Pending before the Court is pro se Plaintiff Nima Gharavi's motion for leave to file a motion for reconsideration. Dkt. No. 16. Plaintiff has not presented any new and material facts or legal arguments, nor has he shown a failure on the Court's part to consider material facts or dispositive arguments. Accordingly, the Court **DENIES** the motion.

## I.　LEGAL STANDARD

　　　　Civil Local Rule 7-9 allows a party to seek reconsideration on the following bases:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b). A motion for reconsideration is not a vehicle for perpetually relitigating the Court's rulings. *See Durkee v. Ford Motor Co.*, No. C 14-0617 PJH, 2015 WL 1156765, at *2

1    (N.D. Cal. March 13, 2015) ("[M]ere disagreement with a court's order does not provide a basis

2    for reconsideration."); *GSI Tech., Inc. v. United Memories, Inc.*, No. 5:13-cv-01081-PSG, 2015

3    WL 4463742, at *4 (N.D. Cal. July 21, 2015) ("[R]econsideration is not an opportunity to

4    relitigate issues that have already been thoughtfully decided") (quotation omitted).

## II.    DISCUSSION

Plaintiff correctly notes that in the order on his motion for a temporary restraining order, the Court expressed uncertainty about his ability to recover statutory damages absent copyright registration. Dkt. No. 14 at 7. Plaintiff believes that the Court cited *Global Refining Group v. PMD Analysis Inc.*, 2023 WL 5733968 (S.D.N.Y. Aug. 15, 2023) for this proposition, but he notes that *Global Refining* actually allowed for such damages, and therefore, this Court should too. Dkt. No. 16-1 at 2–3. The Court reject Plaintiff's arguments. As an initial matter, the Court cited *Global Refining* for the "well established" proposition that "a plaintiff may bring DMCA claims in a pre-registration posture." Dkt. No. 14 at 7. Although *Global Refining* allowed such damages, Plaintiff has not identified any controlling authority on that point in the Ninth Circuit. The Court therefore declines to revisit its decision denying Plaintiff's request for an asset freeze, which is "obviously a consequential step at the preliminary relief stage." *Id.*

Plaintiff next asserts that he has "newly discovered evidence" regarding Defendant's address. Dkt. No. 16-1 at 3. Specifically, he notes that he recently discovered that Defendant's provided address refers to a region in India, not a specific location. Plaintiff directs the Court to its own authorization of alternative service in another case, asserting that his case "presents stronger facts" for doing so here. *See* Dkt. No. 16-1 at 3–5 (citing *Restoration Hardware, Inc. v. Alimia Light*, No. 4:23-cv-00948-HSG, 2025 WL 3639360, at *3 (N.D. Cal. May 24, 2023)). Specifically, he argues that alternative service should be authorized because: (1) he received emails directly from Defendant rather than merely finding those listed on a website; (2) he has been diligent and complied with all court orders, whereas the plaintiffs in *Restoration Hardware* did not file a change of address despite changing offices and eventually filed a renewed motion for a TRO; and (3) defendants in *Restoration Hardware* provided foreign addresses that could be used for Hague Convention service, but that is not the case here. *See id.*

The Court finds Plaintiff's characterization of *Restoration Hardware* incorrect at times, and that case both is not binding and is distinguishable. First, Plaintiff provides no citation for the proposition that the defendants in that case provided foreign addresses that could be used for Hague Convention service, and that does not appear to have factored into the Court's order authorizing alternative service. *See generally* 2025 WL 3639360. Additionally, the defendant in *Restoration Hardware* was a company, and the case involved the infringement of copyrighted light fixtures, for which the plaintiffs supplied copies of their certificates of registration with the copyright office, and the defendants were actively engaged in selling knockoffs of those light fixtures. *See id.* at *2. Here, by contrast, Defendant is an individual, and Plaintiff's own submissions show that YouTube has removed the allegedly infringing material. As to Plaintiff's "investigation" into Defendant's whereabouts, Plaintiff has not shown why he in the "exercise of reasonable diligence" "did not know such fact" at the time he applied for his temporary restraining order. L.R. 7-9.

Finally, Plaintiff asks the Court to grant expedited discovery to effectuate service, once again relying on *Restoration Hardware* as a basis for this relief. But the Court must consider the facts of each case, and Plaintiff has cited neither facts nor binding legal precedent that warrant revisiting its prior order. Accordingly, Plaintiff's motion for leave to file a motion for reconsideration is **DENIED**.

### III. CONCLUSION

The Court **DENIES** Plaintiff's motion for leave to file a motion for reconsideration. Dkt. No. 16. The Court **VACATES** the case management conference set for January 20, 2026 until further notice, and **DIRECTS** Plaintiff to file a status report of no more than five pages by January 30, 2026 detailing the status of his efforts to serve Defendant in accordance with the Hague Convention.

**IT IS SO ORDERED.**

Dated: 1/15/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge